1  MORGAN, LEWIS & BOCKIUS LLP
2  ALISON B. WILLARD (SBN 268672)
   One Market, Spear Street Tower
3  San Francisco, California 94105
4  Telephone:   415.442.1311
   Facsimile:   415.442.1001
5  Email: awillard@morganlewis.com

6  Attorneys for Defendants
7  ABERCROMBIE & FITCH CO.,
8  ABERCROMBIE & FITCH STORES, INC.

ORIGINAL
FILED

NOV 08 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

9
10                **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12

CV 13 5205  EDL

13  ALEXANDER BROWN and ARIK      )  Case No.
14  SILVA, individually, and on behalf of )
    all others similarly situated,        )
15                                        )  **DEFENDANTS' NOTICE OF**
                                          )  **REMOVAL OF CIVIL ACTION**
16           Plaintiff,                   )  **TO FEDERAL COURT**
17       v.                               )
                                          )  [Class Action Fairness Act and
18  ABERCROMBIE & FITCH CO.,              )  Diversity of Citizenship]
    ABERCROMBIE & FITCH STORES,           )
19  INC., and DOES 1-50, inclusive,       )  Action Filed:  September 16, 2013
20                                        )
           Defendants.                    )
21  _____)

22
23
24
25
26
27
28

1

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. (collectively "Abercrombie" or "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California, in and for the County of Alameda, to the United States District Court, Northern District of California.

## PROCEDURAL BACKGROUND

1.      On September 16, 2013, Plaintiffs Alexander Brown and Arik Silva filed a Class Action Complaint (the "Complaint") in the Superior Court of the State of California, in and for the County of Alameda, styled <u>Alexander Brown and Arik Silva, individually and on behalf of all others similarly situated v. Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc., and Does 1-50, inclusive</u>, case number RG13695930 (the "State Court Action").

2.      On October 7, 2013, Plaintiffs filed a First Amended Class Action Complaint (the "Amended Complaint") in the State Court Action.

3.      Plaintiffs assert eight (8) claims for monetary and nonmonetary relief in the State Court Action against Defendants, including:  (i) Failure to Provide Rest Periods; (ii) Failure to Indemnify Business Expenses; (iii) Compelled Patronization of Employer and/or Other Persons; (iv) Failure to Furnish Accurate Wage Statements; (v) Waiting Time Penalties; (vi) Unfair Business Practices; (vii) Penalties Under PAGA; and (viii) Injunction.

4.      Plaintiffs seek certification of the following class of putative plaintiffs:  All individuals employed by Defendants who worked at any Abercrombie & Fitch, Hollister, Abercrombie Kids, and/or Gilly Hicks store as

2

non-exempt hourly employees in California from September 16, 2009 through the present.  Am. Complaint ¶¶ 3-4.

5.     On October 10, 2013, Defendants received service of the Complaint, Amended Complaint, Summons, and Civil Case Cover Sheet.  True and accurate copies of the Complaint, Amended Complaint, Summons, and Civil Case Cover Sheet are attached hereto, collectively, as Exhibit A.

6.     Thereafter, on October 28, 2013, the court designated the State Court Action as complex.

7.     On November 7, 2013, Defendants filed their Answer to Plaintiffs' Unverified First Amended Complaint, attached hereto as Exhibit B.

8.     Exhibits A and B constitute all the pleadings, process, and orders served upon or by Defendants in the Superior Court action.

## STATEMENT OF JURISDICTION

9.     This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (the "Act").  See 28 U.S.C. § 1332(d).  In relevant part, the Act grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of 100 or more putative class members is a citizen of a state different from any defendant and the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs.  The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of the Act's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

10.    The Act applies to actions that were "commenced" on or after February 18, 2005.  Because the State Court Action was filed on September 16, 2013, it was "commenced" on or after February 18, 2005, as required by the Act.  Therefore, removal is proper under the Act.

3

## PURPORTED CLASS ACTION UNDER STATE LAW

11.    The State Court Action has been styled as a class action, pursuant to California Code of Civil Procedure § 382.  California Code of Civil Procedure § 382 authorizes an action to be brought by one or more representative persons as a class action.

## TIMELINESS OF REMOVAL

12.    Pursuant to 28 U.S.C. § 1446(b), Defendant filed this removal within thirty (30) days of its first receipt of a copy of the Complaint, Amended Complaint, Summons, and Civil Case Cover Sheet in the State Court Action on October 10, 2013.

## CLASS ACTION FAIRNESS ACT

13.    <u>Basis of Original Jurisdiction</u>.  Section 4 of the Act, 28 U.S.C. § 1332(d)(2),[1] as amended, provides in relevant part that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class in which … any member of a class of plaintiffs is a citizen of a State different from any defendant."  See <u>Luther v. Countrywide Home Loans Servicing LP</u>, 553 F.3d 1031, 1033-1034 (9th Cir. 2008) (The Act "amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where at least one plaintiff is diverse from at least one defendant.  In other words, complete diversity is not required.")

14.    As set forth below, pursuant to 28 U.S.C. § 1441(a), Defendants may remove the State Court Action to federal court under the Act if:  (i) the matter in controversy, in the aggregate, exceeds $5,000,000, exclusive of interest and costs; (ii) the case is a class action involving more than 100 putative class members; and

---

[1]  Although a number of exceptions to this rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5) exist, none are applicable to the instant action.

4

(iii) at least one member of the putative class is a citizen of a State different from at least one Defendant.

## DIVERSITY

15.    Citizenship of Individuals.  "For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed."   Armstrong v. Church of Scientology Int'l, Nos. 98-17024, 99-15203, 2000 U.S. App. LEXIS 28085, at *3 (9th Cir. Nov. 8, 2000) (citing Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986)); see also 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he is domiciled).

16.    Plaintiffs Brown and Silva are Citizens of California.  At the time of filing this action, both Plaintiffs Brown and Silva represented that they are residents of the State of California.  Am. Complaint ¶¶ 11-12.  Abercrombie's records confirm that Plaintiff Brown is currently employed by Abercrombie in an Abercrombie & Fitch brand store in the State of California, and that his permanent address is in the State of California.  Declaration of Chris Fugarino ("Fugarino Decl.") ¶¶ 2-3 (attached hereto as Exhibit C).  Likewise, Abercrombie's records confirm that Plaintiff Silva is currently employed by Abercrombie in an Abercrombie & Fitch brand store in the State of California, and that his permanent address is in the State of California.   Fugarino Decl. ¶¶ 4-5.  Accordingly, for purposes of diversity jurisdiction, both Plaintiffs Brown and Silva are citizens of the State of California.

17.    The Class.  Plaintiffs seek to represent all current and former non-exempt hourly employees of Abercrombie who were employed in the State of California during the putative class period.  Am. Complaint ¶ 3.

18.    Citizenship of Corporations.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be determined to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  A

corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192-93 (2010). This single location is often referred to as a corporation's "nerve center." Id.

19.     Defendants are Not Citizens of California. Defendant Abercrombie & Fitch Co. is a Delaware corporation. Fugarino Decl. ¶ 10. Defendant Abercrombie & Fitch Stores, Inc. is an Ohio corporation. Fugarino Decl. ¶ 11. Both Defendants have their principal place of business in New Albany, Ohio. Fugarino Decl. ¶ 112. More specifically, both Defendants maintain their corporate headquarters in New Albany, Ohio, and their officers direct, control, and coordinate their business activities from New Albany, Ohio. Fugarino Decl. ¶ 13. Thus, New Albany, Ohio is Defendants' "nerve center" for purposes of diversity jurisdiction. Therefore, for purposes of diversity jurisdiction, neither Abercrombie & Fitch Co. nor Abercrombie & Fitch Stores, Inc. is a citizen of the State of California. See Hertz, 130 S. Ct. at 1192-93.

20.     Doe Defendants. Although Plaintiffs also named additional fictitious defendants "Does 1-50," the Amended Complaint does not set forth the identity or status of any fictitious defendants. Pursuant to 28 U.S.C. § 1441(a), the citizenship of fictitious defendants must be disregarded for the purpose of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-691 (9th Cir. 1998); see also 28 U.S.C. § 1441(a) ("[f]or the purposes of removal…the citizenship of defendants sued under fictitious names shall be disregarded.").

21.     Diversity of citizenship exists because Plaintiffs Brown and Silva, who are members of the putative class of plaintiffs, are citizens of the State of California whereas Defendant Abercrombie & Fitch Co. is a citizen of the State of

6

Delaware and the State of Ohio and Defendant Abercrombie & Fitch Stores, Inc. is a citizen of the State of Ohio.

## SIZE OF CLASS

22.     Plaintiff filed the State Court Action seeking to represent a class of all current and former non-exempt hourly employees of Abercrombie who were employed in the State of California in the past four years.  Am. Complaint ¶¶ 3-4.  In the Amended Complaint, Plaintiffs assert that the purported class "is believed to be in excess of "6,500 persons." Id. ¶ 25.  In fact, Defendant Abercrombie & Fitch Stores, Inc. has employed approximately 128,000 non-exempt employees in the Model or Impact position in its Abercrombie & Fitch and Hollister brand stores in the State of California within the past four years.  Fugarino Decl. ¶ 14.

23.     Abercrombie objects to the certification of the proposed  class and asserts that class certification would not be appropriate in this case.  However, the proposed class would consist of greater than 100 putative class members.

## AMOUNT IN CONTROVERSY

24.     Plaintiffs' Amended Complaint is silent as to the total amount in controversy.  However, Plaintiffs' failure to specify the total damages or other monetary relief sought does not deprive this Court of jurisdiction.  See White v. J.C. Penny Life Ins. Co., 861 F.Supp 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rule were otherwise, "any plaintiff could avoid removal simply by declining, as the plaintiff has done here, to place a specific dollar value upon its claim").  Rather, when the plaintiff fails to plead a specific amount of damages, the defendant seeking removal 'must prove by a preponderance of the evidence that the amount in controversy requirement has been met.  See Rodriguez v. AT&T Mobility Servs., No. 13-56149, slip op. at *4 (9th Cir. Aug. 27, 2013) ("[a] defendant seeking removal of a putative class action

7

must demonstrate by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum;" noting that this standard conforms with a defendant's burden of proof when the plaintiff does not plead a specific amount in controversy under Guglielmino v. McKee Foods, 506 F.3d 595, 701 (9th Cir. 2007)). A copy of the Rodriguez slip opinion is attached hereto as Exhibit D.

25.     Under the preponderance of the evidence standard, a removing defendant must provide evidence to establish that it is "more likely than not" that the amount in controversy exceeds that amount.  See Guglielmino, 506 F.3d at 699 (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996)). "[Section 1332(d)] tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class." Id. at *13 (citing 133 S. Ct. at 1348).

26.     This burden is not "daunting" and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008). "The 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what the defendant will actually owe." Id. (quoting Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

27.     Moreover, Congress intended that any uncertainty of the removability of an interstate class action be resolved in favor of federal jurisdiction.  See Senate Judiciary Committee Report, S. REP. 109-14, at 42 ("if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case").

28.     Notwithstanding Plaintiffs' failure to allege the total amount of monetary relief claimed, the Act authorizes the removal of class actions in which,

8

among other requirements set forth above, the amount in controversy exceeds $5,000,000.  See U.S.C. § 1332(d).  Abercrombie denies Plaintiffs' claims of wrongdoing and requests for relief thereon; nonetheless, based on the allegations on the face of the Amended Complaint, the amount in controversy exceeds this Court's jurisdictional threshold under the Act, calculated as follows:

a. Plaintiffs assert claims on behalf of themselves and the putative class for:  (i) Failure to Provide Rest Periods; (ii) Failure to Indemnify Business Expenses; (iii) Compelled Patronization of Employer and/or Other Persons; (iv) Failure to Furnish Accurate Wage Statements; (v) Waiting Time Penalties; (vi) Unfair Business Practices; (vii) Penalties Under PAGA; and (viii) Injunction.

b. Plaintiffs' proposed four-year class period, which immediately precedes the filing of the State Court Action, runs from September 16, 2009 to the present.  Am. Complaint ¶ 4.

c. Approximately 128,000 current and former Abercrombie employees worked in the Model or Impact position in Defendants' Abercrombie & Fitch and Hollister brand stores in the State of California from September 16, 2009 to the present.  Fugarino Decl. ¶ 14.

d. Plaintiffs' Failure to Indemnify / Compelled Patronization Claims. Plaintiffs allege that "Abercrombie requires, as a matter of uniform policy, that Plaintiffs purchase specific Abercrombie clothing items five times each year."  Am. Complaint ¶ 18.

e. Plaintiffs further allege that "[d]espite requiring Plaintiffs to purchase and wear specific and distinctive articles of clothing, including from Abercrombie itself, Abercrombie does not reimburse Plaintiffs for such expenditures."  Am. Complaint ¶ 19.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

f. Abercrombie expressly denies Plaintiffs' claims and asserts that Abercrombie employees are not required to purchase Abercrombie apparel or accessories as a condition of employment.  Fugarino Decl. ¶ 15.

g. The retail price of Abercrombie & Fitch jeans currently ranges between $78.00 and $180.00, and the retail price for Abercrombie & Fitch shirts currently ranges between $58.00 and $120.00.  Fugarino Decl. ¶ 16.

h. The retail price of Hollister jeans currently ranges between $39.50 and $89.50, and the retail price for Hollister shirts currently ranges between $39.95 and $79.95.  Fugarino Decl. ¶ 17.

i. As a benefit of employment, associates in Defendants' Abercrombie & Fitch and Hollister brand stores in the State of California receive an Associate Discount, which affords them the opportunity to purchase Abercrombie & Fitch and Hollister apparel and accessories at a discount of up to fifty (50) percent.  Fugarino Decl. ¶ 18.

j. Abercrombie categorically denies Plaintiffs' claims for failure to indemnify business expenses and compelled patronization of employer and/or other persons.  Nevertheless, even using the most conservative calculation derived from the allegations in the Amended Complaint – that Abercrombie requires employees to purchase five (5) outfits per year (Am. Complaint ¶ 19) – it is clear that more than $5,000,000.00 is in controversy.  If, as Plaintiffs allege, each putative class member:  (i) purchased one pair of jeans during the course of his or her employment; (ii) purchased the least expensive pair of jeans sold by Abercrombie & Fitch and Hollister, at a retail price of $39.50; (iii) purchased one shirt during the course of his or her employment;

10

(iv) purchased the least expensive shirt sold by Abercrombie & Fitch and Hollister, at a retail price of $39.50; (v) took advantage of his or her Associate Discount on each purchase; and (vi) received the maximum possible discount of fifty (50) percent on each purchase, the amount in controversy for these claims alone exceeds $5,000,000.00 (128,000 class members x (50% Associate Discount x ((39.50 retail price for jeans x 1 pair of jeans)) + (39.95 retail price for shirt x 1 shirt))) = $5,084,800). Obviously, to the extent Plaintiffs allege that any individual putative class member purchased more than one pair of jeans and one shirt during the course of his or her employment, purchased a more expensive item of clothing, or received an Associate Discount of less than the maximum fifty (50) percent, the amount in controversy would increase accordingly.

k. <u>Plaintiffs' Additional Claims</u>. In addition to the above, Plaintiffs also allege claims for failure to provide rest periods, failure to furnish accurate wage statements, waiting time penalties, and unfair business practices. Abercrombie denies each and every additional claim asserted by Plaintiffs. Nonetheless, for the purposes of removal under the Act, the damages sought under these additional claims further increase the amount in controversy.

29. Based on the foregoing, as pled, Plaintiffs' claims for relief place an amount in controversy in excess of the $5,000,000 jurisdictional threshold of this Court – even without assessing the additional amount Plaintiffs' counsel will place in controversy for attorney fees – as required by 28 U.S.C. § 1332(d). Thus, removal of the State Court Action is appropriate.

11

**VENUE**

30.    Pursuant to 28 U.S.C. §§ 84, 1441, and 1446(a), venue lies in the district and division in which the State Court Action is pending.  Accordingly, venue is proper in the United States District Court, Northern District of California.

**CONSENT**

31.    Defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc.  are the only named Defendants and they join in and consent to this Notice of Removal as evidenced by the signature of their counsel below.

**NOTICE TO PLAINTIFF**

32.    As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Alameda.

**RESERVATION OF RIGHTS**

33.    This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service of process, personal jurisdiction, and class certification.  No admissions are intended hereby, and all defenses, motions and pleas are expressly reserved.

**WHEREFORE**, Defendants hereby remove the action now pending against them in the Superior Court of the State of California, County of Alameda, to this Honorable Court, and request that this Court retain jurisdiction for all further proceedings.


Dated:  November 8, 2013           MORGAN, LEWIS & BOCKIUS LLP

                                   By _____
                                       Alison B. Willard
                                       One Market, Spear Street Tower
                                            12

---

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

San Francisco, California 94105-1126
Telephone:  415.442.1000
Facsimile:  415.442.1001
Email:  awillard@morganlewis.com

Attorneys for Defendants
ABERCROMBIE & FITCH CO.,
ABERCROMBIE & FITCH STORES, INC.

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT A

Sep. 16. 2013 2:39PM  Aiman Smith & Marcy 510-562-6830      No. 2092  P. 2

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Randall Aiman-Smith, SBN 124599<br>Aiman-Smith & Marcy<br>7677 Oakport Street, Suite 1020<br>Oakland, CA 94612 | **FILED BY FAX**<br>ALAMEDA COUNTY<br>September 16, 2013<br>CLERK OF<br>THE SUPERIOR COURT<br>By Rosanne Case, Deputy |

TELEPHONE NO.: 510-562-6800   FAX NO.: 510-562-6830
ATTORNEY FOR *(Name):* Alexander Brown and Arik Silva, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda County Superior Court
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
Brown, et al. v. Abercrombie & Fitch Co., et al.

**CASE NUMBER:**
RG13695930

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties      d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence      f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[ ] punitive
4. Number of causes of action *(specify):*  7
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 11, 2013
Randall Aiman-Smith
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

Sep. 16. 20 3 2:39 M   Aiman Smith & Marcy 510-562-6830   No. 2032 P. 5

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

Sep. 16. 20 3 2:46 M   Aiman Smith & Marcy 510-562-6650                     No. 2092  P. 4

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Brown, et al. v. Abercrombie & Fith Co., et al | |

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)  [ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | | | Is this an uninsured motorist case? [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [X] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 64 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial  Is the deft. in possession |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential  of the property? |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs  [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of Judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

202-19 (6/1/00)                                                                      A-13

Sep. 16. 2013  2:40PM    Aiman Smith & Marcy 510-562-6830        No. 2054    P. 5

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

*FOR COURT USE ONLY*

# FILED BY FAX
ALAMEDA COUNTY
September 16, 2013
CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
## RG13695930

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ABERCROMBIE & FITCH CO., ABERCROMBIE STORES, INC.,
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALEXANDER BROWN and ARIK SILVA, individually and on behalf
of all others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court
1225 Fallon Street
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG13695930

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Aiman-Smith & Marcy, 7677 Oakport Street, Suite 1020, Oakland, CA 94612, 510-562-6800

DATE: **SEP 16 2013**     LEAH T. WILSON        Clerk, by _____, Deputy
*(Fecha)*                  EXECUTIVE OFFICER/CLERK   *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*:

   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RANDALL B. AIMAN-SMITH #124599
REED W.L. MARCY #191531
HALLIE VON ROCK #233152
CAREY A. JAMES #269270

**aiman-smith marcy**

7677 oakport street suite 1020
oakland    california    94621
t:510.562.6800  f:510.562.6830

Attorneys for Alexander Brown
and Arik Silva

**FILED BY FAX**
ALAMEDA COUNTY

September 16, 2013

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
**RG13695930**

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ALEXANDER BROWN and ARIK SILVA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ABERCROMBIE & FITCH CO., ABERCROMBIE STORES, INC., and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **FAILURE TO PROVIDE REST PERIODS** <br><br> 2. **FAILURE TO INDEMNIFY BUSINESS EXPENSES** <br><br> 3. **COMPELLED PATRONIZATION OF EMPLOYER AND/OR OTHER PERSONS** <br><br> 4. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS** <br><br> 5. **WAITING TIME PENALTIES** <br><br> 6. **UNFAIR BUSINESS PRACTICES** <br><br> 7. **INJUNCTION** |

1    Plaintiffs are informed and believe and thereupon allege the following:

2    ## I.    INTRODUCTION

3    1.    Alexander Brown and Arik Silva ("Named Plaintiffs") bring these claims

4    individually and as a class action under California Code of Civil Procedure § 382.  These

5    claims are asserted by Named Plaintiffs in their capacity as class action representatives on

6    behalf of all similarly situated persons (the "Plaintiff Class").

7    2.    As used herein, "Plaintiffs" means Named Plaintiffs and all members of Plaintiff

8    Class.

9    3.    The Plaintiff Class consists of all individuals employed by defendants

10   Abercrombie & Fitch Co. and/or Abercrombie & Fitch Stores, Inc. (together, "Abercrombie"

11   or "Defendants") who worked at any Abercrombie & Fitch, Hollister, Abercrombie Kids,

12   and/or Gilly Hicks store (collectively, "Defendant Stores") as non-exempt hourly employees in

13   California during the Class Period.

14   4.    The "Class Period" is designated as the period from 4 years prior to the filing of

15   this action through the trial date.  All violations of California law described herein have been

16   ongoing for at least four years, are continuing at present, and will continue unless and until

17   enjoined by this Court.

18   5.    Plaintiffs have been injured by Defendants' (1) failure to provide Plaintiffs rest

19   periods, (2) failure to reimburse Plaintiffs for necessary expenditures incurred by Plaintiffs in

20   direct consequence of Plaintiffs' discharge of duties for Defendants, (3) compulsion or

21   coercion of Plaintiffs to patronize Defendant Stores and/or other persons, (4) failure to furnish

22   Plaintiffs accurate wage statements, and (5) failure to timely pay Plaintiffs for all wages due

23   upon termination of Plaintiffs' employment.

24   6.    For these injuries, Plaintiffs seek damages and penalties, as well as interest,

25   attorney's fees, costs, and injunctive relief, all under California law, including: California

26   Labor Code §§ 201, 202, 203, 226, 226.7, 450, 558, 1198, and 2802; IWC Wage Order No. 7,

27   §§ 9(A) and 12; and California Code of Civil Procedure § 1021.5.  Additionally, Plaintiffs seek

28   restitution and injunctive relief under California Business & Professions Code §§ 17200-

---

1  17208.

2      7.      Defendants knowingly and intentionally engaged in the conduct complained of

3  herein, and Defendants acted as alleged herein in willful and knowing violation of the law,

4  including the legal provisions set forth in ¶ 6, above.

5              **II.    VENUE AND JURISDICTION**

6      8.      All or a substantial portion of the events or omissions giving rise to the claims

7  herein occurred in the State of California. All Plaintiffs worked for Defendants in California.

8  Defendants are deemed to reside in the County of Alameda, in that, at the time of the events

9  alleged herein, Defendants were doing business within the County of Alameda. Defendants

10  employed numerous Plaintiffs, including Named Plaintiff Alexander Brown, within Alameda

11  County during the Class Period. Accordingly, this Court has personal jurisdiction over

12  Defendants, and venue is proper in this Court.

13              **III.    PARTIES**

14      9.      Defendant Abercrombie & Fitch Co. is a Delaware Corporation, IRS Employer

15  Identification No. 31-1469076, doing substantial business in the State of California.

16  Abercrombie & Fitch Co. and its wholly-owned subsidiary defendant Abercrombie & Fitch

17  Stores, Inc. operate retail clothing stores in California, throughout the United States, and

18  internationally under the brand names Abercrombie & Fitch, Abercrombie Kids, Hollister, and

19  Gilly Hicks. As of February 2, 2013, Abercrombie operated 912 stores in the United States,

20  including 130 stores in California.

21      10.     Defendant Abercrombie & Fitch Stores, Inc. is an Ohio corporation doing

22  substantial business in the State of California, California entity number C2259978, and is a

23  wholly-owned subsidiary of defendant Abercrombie & Fitch Co.

24      11.     Named Plaintiff Alexander Brown is a resident of Alameda County, California.

25  Mr. Brown has been employed by Defendants, on a non-continuous basis, as a non-exempt

26  retail sales associate in California since in or about October 2011. Mr. Brown has worked at

27  four Defendant Stores in California. In or about August 2012, Defendants terminated and

28  subsequently rehired Mr. Brown, as explained more fully in ¶ 18, below. Mr. Brown is a

1    member of the Plaintiff Class.

2        12.    Named Plaintiff Arik Silva is a resident of Los Angeles County, California. Mr.

3    Silva has been employed by Defendants as a non-exempt retail sales associate in California

4    since in or about October 2012. Mr. Silva has worked at one Defendant Store in California.

5    Mr. Silva is a member of the Plaintiff Class.

6        13.    Plaintiffs are ignorant of the true names or capacities of defendants named herein

7    as Does 1 through 50, inclusive, and therefore sue these defendants by these fictitious names.

8    When the names and capacities of these defendants are ascertained, Plaintiffs will amend this

9    complaint accordingly. Each of the defendants named herein or designated as a Doe is liable

10   or in some manner legally responsible for the events alleged herein.

11                    **IV.    GENERAL ALLEGATIONS**

12       14.    Abercrombie owns and operates Defendant Stores throughout the United States

13   and internationally. Throughout the Class Period, Abercrombie has owned and operated

14   approximately 130 Defendant Stores in California.

15       15.    Abercrombie employees and has employed Plaintiffs as non-exempt hourly

16   employees in Defendant Stores in California during the Class Period.

17       16.    At all times during the Class Period, Abercrombie has violated California Labor

18   Code §§ 226.7 and 1198 and IWC Wage Order No. 7, § 12 by failing to provide Plaintiffs with

19   a ten minute rest period for every four hours or major fraction thereof worked. Abercrombie

20   regularly schedules employees, including Plaintiffs, to work shifts of five hours or more but

21   does not provide such employees ten minute rest periods. Rather, pursuant to its common,

22   uniform rest break policy applicable to all California employees, Abercrombie refuses to

23   provide Plaintiffs ten minute rest breaks during shifts of five hours of more. Accordingly,

24   Plaintiffs working between five and six hours are not provided a single ten minute rest break,

25   as required by California law; Plaintiffs working between six and ten hours are not provided

26   with two ten minute rest breaks, as required by California law; and Plaintiffs working between

27   ten and 14 hours are not provided with three ten minute rest breaks, as required by California

28   law.

17. Abercrombie does not pay Plaintiffs one hour of pay for each workday that Abercrombie fails to provide Plaintiffs rest breaks.

18. At all times during the Class Period, Abercrombie has violated California Labor Code § 2802 and IWC Wage Order No. 7, § 9(A) by failing to indemnify Plaintiffs for necessary expenditures incurred in direct consequence of Plaintiffs' job duties. Abercrombie requires that Plaintiffs, as a condition of employment, wear uniforms of distinctive design or color but fails to provide or maintain such uniforms. The "Look Policy" contained Abercrombie's Store Associate Handbook provides that employees must wear rubber flip flops "in current style colors," leather flip flops, "lo-top canvas Converse" in specific colors, or " lo-top slip-on Vans" in specific colors. Further, Abercrombie requires, as a matter of uniform policy, that Plaintiffs purchase specific Abercrombie clothing items five times each year. For each of Abercrombie's five yearly "seasons," Abercrombie provides its employees with an "AAA Style Guide" booklet containing pictures of specific articles of clothing from Abercrombie's current season. Employees are required to buy and wear the clothing pictured in this booklet. Named Plaintiff Alexander Brown was fired from Abercrombie after failing to purchase Abercrombie clothing from the AAA Style Guide and was rehired when he purchased such Abercrombie clothing.

19. Despite requiring Plaintiffs to purchase and wear specific and distinctive articles of clothing, including from Abercrombie itself, Abercrombie does not reimburse Plaintiffs for such expenditures.

20. At all times during the Class Period, Abercrombie has violated California Labor Code § 450 and California Business and Professions Code § 17200 *et seq.* by, *inter alia*, compelling or coercing Plaintiffs to patronize Abercrombie, and other specific persons, in the purchase of goods of value. As described in ¶ 18, above, Abercrombie requires that Plaintiffs purchase footwear from Vans or Converse, or, alternatively, that Plaintiffs purchase leather flip flops or flip flops in the colors of Abercrombie's current season. By requiring that Plaintiffs wear Converse or Vans, Abercrombie compels Plaintiffs to patronize those companies, and by requiring that Plaintiffs wear flip flops in Abercrombie's current colors or leather flip flops

1   compliant with Abercrombie's "Look Policy",[1] Abercrombie compels or coerces Plaintiffs to

2   patronize Abercrombie. Further, Abercrombie's requirement that Plaintiffs purchase clothing

3   pictured in the AAA Style guide compels Plaintiffs to Patronize Abercrombie.

4        21.    At all times during the Class Period, Abercrombie has violated California Labor

5   Code § 226 by failing to provide Plaintiffs with accurate, itemized wage statements. The wage

6   statements provided to Plaintiffs by Abercrombie fail to conform to California law because,

7   *inter alia*, those wage statements do not display the gross and net wages earned by Plaintiffs

8   because Plaintiffs are not provided with an hour of pay for missed rest breaks, as described in

9   ¶¶ 16-17, above. Abercrombie's failure to provide Plaintiffs with accurate, itemized wage

10  statements is and was knowing and intentional.

11       22.    At all times during the Class Period, Abercrombie has violated California Labor

12  Code §§ 201, 202, and 203 by failing to timely pay all wages due to those Plaintiffs who left

13  their employment with Abercrombie or were fired by Abercrombie. During the Class Period,

14  many Plaintiffs, including Named Plaintiff Alexander Brown, resigned from or were

15  terminated by Abercrombie. Abercrombie willfully failed to pay said Plaintiffs all wages due

16  upon termination or within 72 hours of said Plaintiffs' resignation because, *inter alia*,

17  Abercrombie does not provide Plaintiffs with rest periods and does not pay Plaintiffs one hour

18  of pay for missed rest periods, as alleged herein, including in ¶¶ 16-17, above. Abercrombie's

19  failure to pay Plaintiffs all wages due upon resignation or termination of employment is and

20  was willful and intentional.

21                 **V.    CLASS ACTION ALLEGATIONS**

22       23.    Named Plaintiffs bring this action on behalf of themselves and all others

23  similarly situated as a class action pursuant to California Code of Civil Procedure § 382,

24  including such equitable relief as the Court may grant. The class that Named Plaintiffs seek to

25  _____

26  [1] Although companies other than Abercrombie manufacture leather flip flops, Abercrombie's Store Associate Handbook

27  prohibits Plaintiffs from wearing clothing, including footwear, "that has an obvious label, name, logo, or identifiable
    trademark ... of a competitor" and Abercrombie's leather and colored flip flops appear in the AAA Style Guide from which

28  Plaintiffs must purchase clothing.

represent is defined as follows:

**All Non-Exempt Hourly California Defendant Store Employees:** All persons who are or were employed in California as non-exempt hourly employees in Abercrombie & Fitch, Hollister, Abercrombie Kids, and/or Gilly Hicks stores during the Class Period.

24. As set forth herein, the claims alleged may properly be maintained as a class action pursuant to California Code of Civil Procedure § 382 because there is a well-defined community of interest among ascertainable class members with regard to the claims asserted herein.

25. The total number of members of the Plaintiff Class, as defined herein, is believed to be in excess of 6,500 persons; accordingly, joinder of all class members would be impractical.

26. Questions of law and fact common to Named Plaintiffs and Plaintiff Class predominate over questions of law and fact affecting only individual members of the class. Said common questions of law and fact include, but are not limited to, the following:

(a)    Whether Defendants, as a matter of uniform policy, failed to provide rest breaks to Plaintiff Class;

(b)    Whether Defendants, as a matter of uniform policy, failed to indemnify Plaintiff Class for job-related expenses, including clothing and shoes;

(c)    Whether Defendants, as a matter of uniform policy, compelled or coerced Plaintiffs to patronize Defendant Stores or other persons;

(d)    Whether Defendants provided accurate itemized wage statements to Plaintiff Class in accordance with California law;

(e)    Whether Defendants' actions, including compelling or coercing Plaintiff Class to patronize Defendant Stores and/or other persons in violation of California Labor Code § 450, constitute violations of California Business and Professions Code section 17200, *et seq.*;

(f)    Whether Defendants' actions in violation of California Labor Law were "willful" for purposes of imposing additional penalties;

Class Action Complaint
*Brown, et al. v. Abercrombie & Fitch Co., et al.*      Case No.
Page 6

(g)     The proper formula for calculating wages, damages, waiting time and other statutory penalties owed to Plaintiff Class;

(h)     Whether Defendants will, unless enjoined, continue the practices alleged herein; and

(i)     The terms and conditions of the injunction to be issued against Defendants.

27.    Named Plaintiffs' claims are typical of the claims of Plaintiff Class because Named Plaintiffs were subjected to the unlawful practices alleged herein common to Plaintiff Class. Defendants' common course of conduct has caused Named Plaintiffs and Plaintiff Class to sustain the same or substantially similar injuries and damages caused by the same practices of Defendants. Named Plaintiffs' claims are, accordingly, representative of the claims of Plaintiff Class.

28.    Named Plaintiffs have no conflict of interest with any other members of Plaintiff Class, and Named Plaintiffs will vigorously prosecute this case on behalf of Plaintiff Class.

29.    Counsel who represent Named Plaintiffs are competent and experienced in litigating complex actions pertaining to employment practices, including many class action claims for rest break and other wage and hour claims pursuant to California and federal law. Named Plaintiffs and their counsel will fairly and adequately represent and protect the interests of the members of Plaintiff Class.

30.    The identity of members of Plaintiff Class is ascertainable from available records maintained by Defendants or by third parties. There is a well-defined community of interest between the members of Plaintiff Class.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Failure to Provide Rest Periods
(California Labor Code §§ 226.7 and 1198; California IWC Wage Order No. 7, § 12)

31.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

32.    California law, including but not limited to California Labor Code §§ 226.7 and

1   1198 and IWC Wage Order No. 7, § 12, requires employers, including Defendants, to provide

2   rest periods to employees, based on the total hours worked daily, at the rate of ten minutes net

3   rest time per four hours or major fraction thereof worked.

4       33.    As alleged herein, including in ¶¶ 16-17, above, Defendants failed to provide rest

5   breaks to Plaintiffs or to pay compensation in lieu thereof, in violation of California law.

6       34.    As a direct and proximate result of Defendants' failure to provide Plaintiffs with

7   rest breaks or to pay compensation in lieu thereof, Plaintiffs have been injured and have

8   sustained damages, including lost compensation for missed rest breaks.

9       35.    Plaintiffs are, therefore, entitled to recover lost compensation for missed rest

10  breaks in an amount according to proof and in excess of the jurisdictional minimum of this

11  Court, and also to recover interest, costs, and attorney's fees as provided by California law.

12  **SECOND CAUSE OF ACTION**

**Failure to Indemnify Business Expenses**

13  **(California Labor Code § 2802; IWC Wage Order No. 7, § 9(A))**

14      36.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

15  forth herein.

16      37.    California Labor Code § 2802 requires employers, including Defendants, to

17  indemnify employees for all necessary expenditures incurred by the employee in performing

18  his or her job.

19      38.    As alleged herein, including in ¶¶ 18-20, above, Defendants require Plaintiffs to

20  purchase supplies, including clothing and shoes of distinctive design and color, necessary to

21  perform Plaintiffs' job duties.

22      39.    Such expenditures by Plaintiffs are incurred in direct consequence of the

23  discharge of Plaintiffs' job duties.

24      40.    Defendants do not reimburse Plaintiffs for these necessary expenditures.

25      41.    As a direct and proximate result of Defendants' failure to reimburse Plaintiffs for

26  these necessary expenditures, Plaintiffs have been injured in an amount to be proved at trial.

27      42.    Plaintiffs are, therefore, entitled to recover reimbursement for these necessary

28  expenditures, and also to recover costs, interest, and attorney's fees as provided by California

Class Action Complaint
*Brown, et al. v. Abercrombie & Fitch Co., et al.*
Page 8

Case No.

1  law.

2  ### THIRD CAUSE OF ACTION
3  **Compulsion and Coercion to Patronize Employer and/or Other Persons**
   **(California Labor Code § 450)**

4      43.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set
5  forth herein.

6      44.    California Labor Code § 450 provides that no employer "may compel or coerce
7  any employee, or applicant for employment, to patronize his or her employer, or any other
8  person, in the purchase of any thing of value."

9      45.    As alleged herein, including in ¶¶ 18-20, above, Defendants require Plaintiffs to
10  purchase goods of value, including clothing and shoes, from Defendant Stores and/or other
11  specific persons.

12      46.    As a direct and proximate result of Defendants' requirement that Plaintiffs
13  purchase goods of value, including clothing and shoes, from Defendant Stores and/or other
14  specific persons, Plaintiffs have been injured in an amount to be proved at trial.

15      47.    Plaintiffs are, therefore, entitled to recover damages, and also to recover costs,
16  interest, and attorney's fees as provided by California law.

17  ### FOURTH CAUSE OF ACTION
18  **Failure to Furnish Accurate Wage Statements**
   **(California Labor Code § 226)**

19      48.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set
20  forth herein.

21      49.    California Law, including but not limited to California Labor Code § 226(a),
22  requires employers, including Defendants, to furnish each employee, at the time of payment of
23  wages, accurate, itemized wage statements displaying, among other things, gross and net
24  wages earned by the employee.

25      50.    As alleged herein, including in ¶ 21, above, the wage statements provided to
26  Plaintiffs by Defendants do not include the information required by California law, including
27  but not limited to California Labor Code § 226(a).

28      51.    Plaintiffs' ability to calculate wages earned has been complicated by the absence

Class Action Complaint
*Brown, et al. v. Abercrombie & Fitch Co., et al.*
Page 9                    Case No.

1   of information required by Labor Code 226(a) but missing from the wage statements provided

2   by Defendants, and the absence this information has prevented Plaintiffs from challenging the

3   accuracy of wages paid by Defendants.

4       52.     As a direct and proximate result of Defendants' failure to provide Plaintiffs with

5   accurate, itemized wage statements, Plaintiffs have encountered substantial difficulty and

6   expense in attempting to reconstruct time and pay records.

7       53.     Defendants' failure to provide Plaintiffs accurate, itemized wage statements was

8   knowing and intentional, as evidenced by, *inter alia*, Defendants' uniform policy of denying

9   Plaintiffs rest breaks and compensation for missed rest breaks.

10      54.     As a direct and proximate result of Defendants' failure to provide Plaintiffs with

11  accurate, itemized wage statements, Plaintiffs have suffered injury and damage to their

12  statutorily protected rights, and have been injured because they were denied both their legal

13  right to receive, and their protected interest in receiving, accurate, itemized wage statements.

14      55.     Accordingly, Plaintiffs are entitled to recover penalties and damages pursuant to

15  California Labor Code § 226(e), in addition to costs and attorney's fees as provided by

16  California law.

**FIFTH CAUSE OF ACTION**
Waiting Time Penalties
**(California Labor Code §§ 201, 202, and 203)**

19      56.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set

20  forth herein.

21      57.     California Labor Code §§ 201 and 202 require employers, including Defendants,

22  to pay employees, upon the termination of employment, all wages due within the time

23  specified by those statutes.

24      58.     California Labor Code § 203 provides that where an employer fails to timely pay

25  such wages, the employer must continue to pay the subject employee's wages until back wages

26  are paid in full or an action is commenced, up to a maximum of 30 days of wages.

27      59.     As alleged herein, including in ¶ 22, above, all members of Plaintiff Class who

28  have terminated or who will terminate their employment with Defendants at any time prior to

Sep. 16. 20 3 2:44 M  Aiman Smith & Marcy 510-562-6850          No. 209  P. 17

1 | entry of judgment in this case were not paid all wages owed to them at the time of termination
2 | of employment.

3 |      60.     Defendants' failure to provide Plaintiffs all wages due upon termination was
4 | willful, as evidenced by, *inter alia,* Defendants' uniform policy of denying Plaintiffs rest
5 | breaks and compensation for missed rest breaks.

6 |      61.     As a direct and proximate result of Defendants' failure to pay said Plaintiffs all
7 | wages when due upon termination of employment, Plaintiffs have been injured in an amount to
8 | be proved at trial.

9 |      62.     Accordingly, members of the Plaintiff Class who have terminated or who will
10 | terminate their employment with Defendant at any time prior to entry of judgment in this case
11 | are entitled to payment of 30 days' wages under California Labor Code § 203 and additionally
12 | to interest, costs, and attorney's fees.

13 | **SIXTH CAUSE OF ACTION**<br>**Restitution - Unfair Business Practices**
14 | **(California Business & Professions Code § 17200 *et seq.*)**

15 |      63.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set
16 | forth herein.

17 |      64.     Each violation of California law by Defendant as alleged herein, including in ¶¶
18 | 16-22, above, constitutes a separate and distinct unfair and unlawful practice in violation of
19 | California Business & Professions Code § 17200, *et seq.*

20 |      65.     As a direct and proximate result of Defendants' unlawful and unfair business
21 | practices as alleged herein, Plaintiffs have been injured in an amount to be proved at trial.

22 |      66.     Plaintiffs are entitled to restitution of all amounts which Defendant was obligated
23 | to provide to the members of Plaintiff Class and which, through the unfair and unlawful
24 | practices alleged herein, Defendant did not pay to the members of Plaintiff Class.

25 |      67.     Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's
26 | fees according to law.

27 | **SEVENTH CAUSE OF ACTION**<br>**Injunction**
28 | **(California Business & Professions Code § 17200 *et seq.*)**

68.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

69.    Each violation of California law by Defendants as alleged herein constitutes a separate and distinct unlawful and unfair practice in violation of California Business & Professions Code § 17200, *et seq.*

70.    Plaintiffs have been harmed by Defendants' unlawful and unfair practices as alleged herein.

71.    Defendants continue to engage in the unlawful and unfair practices alleged herein through the present day.

72.    Unless enjoined by this Court, Defendants will continue to engage in the unlawful and unfair practices alleged herein.

73.    Plaintiffs are entitled to, and therefore request, an injunction of this Court requiring that Defendants permanently cease and desist from engaging in the unlawful and unfair practices alleged herein, including in ¶¶ 16-22, above, and, further, that this Court make such orders as are necessary to monitor Defendants' compliance with said injunction.

74.    Plaintiffs are further entitled to costs and attorney's fees for pursuing the injunction requested herein.

## VII.    PRAYER FOR RELIEF

Wherefore, Named Plaintiffs, on behalf of themselves and all members of the Plaintiff Class, pray for relief as follows:

1.    That the Court certify this action as a class action on behalf of the Plaintiff Class pursuant to Code of Civil Procedure § 382;

2.    That the Court designate Named Plaintiffs as representatives of the Plaintiff Class;

3.    That Defendants be ordered to pay all amounts owed to the Plaintiff Class arising out of the actions complained of herein, including wages, penalties, interest, and costs;

4.    That Defendants, at Defendants' expense, be ordered to provide full and

1   adequate notice as required in class actions to all members of the Plaintiff Class;

2       5.      That this action and Plaintiff Class be further designated, respectively, as a

3   representative action and representative class under California Business & Professions Code §

4   17200, *et seq.*;

5       6.      That Defendant be ordered to make full restitution of all amounts received by

6   Defendants, and/or retained by Defendants, and/or not paid by Defendants to the Plaintiff

7   Class, pursuant to California Business and Professions Code § 17200, *et seq.*;

8       7.      That in addition to any constitutionally sufficient notice that is or might

9   otherwise be required in a class action under California law, that Defendants be ordered to pay

10  for all necessary efforts to actually locate members of the representative class under Business

11  and Professions Code § 17200, *et seq.*;

12      8.      That this Court determine, and provide its declaratory judgment, that the

13  practices complained of herein were done willfully, knowingly, and intentionally;

14      9.      That this Court issue a permanent injunction, on terms the Court may deem

15  appropriate and necessary, prohibiting Defendants from engaging in the practices complained

16  of herein, requiring Defendants to make appropriate reports to the Court or its appointed agent

17  or expert regarding its compliance with said injunction, and requiring Defendants to pay all

18  costs associated with said monitoring said injunction;

19      10.     For attorney's fees as provided by statutory and common law;

20      11.     For costs of suit incurred; and

21      12.     For such other legal and equitable relief as the Court may deem just and proper.

22

23  Dated: September 11, 2013          aiman-smith  marcy

24

25

26                                     Randall B. Aiman-Smith
                                       Attorneys for Plaintiffs
27                                     Alexander Brown and Arik Silva

28

1

## DEMAND FOR JURY TRIAL

2

3       Named Plaintiffs, on behalf of themselves and the Plaintiff Class, hereby demand a jury

4    on all causes of action and claims with respect to which Named Plaintiffs have a right to jury

5    trial.

6
7    Dated:  September 11, 2013                    aiman-smith & marcy
8
9                                                 Randall B. Aiman-Smith
10                                                Attorneys for Plaintiffs
                                                  Alexander Brown and Arik Silva
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Oct. 7. 2013 12:55 PM    Alman-Smith & Marcy 510-302-0830    No. 2109    P. 2

SUM-100

# FIRST AMENDED SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ABERCROMBIE & FITCH CO., ABERCROMBIE & FITCH
STORES, INC., and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ALEXANDER BROWN and ARIK SILVA, individually and on behalf
of all others similarly situated

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

## FILED BY FAX
ALAMEDA COUNTY

October 07, 2013

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Alameda County Superior Court

1225 Fallon Street
Oakland, CA 94621

**CASE NUMBER:**
*(Número del Caso):* RG13695930
RG-13695930

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alman-Smith & Marcy, 7677 Oakport Street, Suite 1020, Oakland, C_____ )0

DATE: October 07, 2013                              Clerk, by _____, Deputy
*(Fecha)*                                           *(Secretario)*                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ]  as an individual defendant.
2. [ ]  as the person sued under the fictitious name of *(specify):*

3. [✓] on behalf of *(specify):*

   under: [✓] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ]  by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

## FIRST AMENDED SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

RANDALL B. AIMAN-SMITH #124599
REED W.L. MARCY #191531
HALLIE VON ROCK #233152
CAREY A. JAMES #269270

**aiman-smith ⨍ marcy**

7677 oakport street suite 1020
oakland california 94621
t:510.562.6800 f:510.562.6830

Attorneys for Alexander Brown
and Arik Silva

FILED BY FAX
ALAMEDA COUNTY

October 07, 2013

CLERK OF
THE SUPERIOR COURT
By Rosanne Case, Deputy

CASE NUMBER:
RG13695930

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| ALEXANDER BROWN and ARIK SILVA, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ABERCROMBIE & FITCH CO., ABERCROMBIE & FITCH STORES, INC., and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: RG-13695930 <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** <br><br> 1. **FAILURE TO PROVIDE REST PERIODS** <br><br> 2. **FAILURE TO INDEMNIFY BUSINESS EXPENSES** <br><br> 3. **COMPELLED PATRONIZATION OF EMPLOYER AND/OR OTHER PERSONS** <br><br> 4. **FAILURE TO FURNISH ACCURATE WAGE STATEMENTS** <br><br> 5. **WAITING TIME PENALTIES** <br><br> 6. **UNFAIR BUSINESS PRACTICES** <br><br> 7. **PENALTIES UNDER PAGA** <br><br> 8. **INJUNCTION** |

Plaintiffs are informed and believe and thereupon allege the following:

## I. INTRODUCTION

1. Alexander Brown and Arik Silva ("Named Plaintiffs") bring these claims individually and as a class action under California Code of Civil Procedure § 382. These claims are asserted by Named Plaintiffs in their capacity as class action representatives on behalf of all similarly situated persons (the "Plaintiff Class").

2. As used herein, "Plaintiffs" means Named Plaintiffs and all members of Plaintiff Class.

3. The Plaintiff Class consists of all individuals employed by defendants Abercrombie & Fitch Co. and/or Abercrombie & Fitch Stores, Inc. (together, "Abercrombie" or "Defendants") who worked at any Abercrombie & Fitch, Hollister, Abercrombie Kids, and/or Gilly Hicks store (collectively, "Defendant Stores") as non-exempt hourly employees in California during the Class Period.

4. The "Class Period" is designated as the period from 4 years prior to the filing of this action through the trial date. All violations of California law described herein have been ongoing for at least four years, are continuing at present, and will continue unless and until enjoined by this Court.

5. Plaintiffs have been injured by Defendants' (1) failure to provide Plaintiffs rest periods, (2) failure to reimburse Plaintiffs for necessary expenditures incurred by Plaintiffs in direct consequence of Plaintiffs' discharge of duties for Defendants, (3) compulsion or coercion of Plaintiffs to patronize Defendant Stores and/or other persons, (4) failure to furnish Plaintiffs accurate wage statements, and (5) failure to timely pay Plaintiffs for all wages due upon termination of Plaintiffs' employment.

6. For these injuries, Plaintiffs seek damages and penalties, as well as interest, attorney's fees, costs, and injunctive relief, all under California law, including: California Labor Code §§ 201, 202, 203, 226, 226.7, 450, 558, 1198, and 2802; IWC Wage Order No. 7, §§ 9(A) and 12; and California Code of Civil Procedure § 1021.5. Additionally, Plaintiffs seek restitution and injunctive relief under California Business & Professions Code §§ 17200-

Oct. 7. 2013 12:56 PM    Aiman Smith & Marcy 510-562-6830    No. 2109    P. 9

1    17208.

2        7.    Defendants knowingly and intentionally engaged in the conduct complained of

3    herein, and Defendants acted as alleged herein in willful and knowing violation of the law,

4    including the legal provisions set forth in ¶ 6, above.

5             **II.    VENUE AND JURISDICTION**

6        8.    All or a substantial portion of the events or omissions giving rise to the claims

7    herein occurred in the State of California. All Plaintiffs worked for Defendants in California.

8    Defendants are deemed to reside in the County of Alameda, in that, at the time of the events

9    alleged herein, Defendants were doing business within the County of Alameda. Defendants

10   employed numerous Plaintiffs, including Named Plaintiff Alexander Brown, within Alameda

11   County during the Class Period. Accordingly, this Court has personal jurisdiction over

12   Defendants, and venue is proper in this Court.

13            **III.    PARTIES**

14       9.    Defendant Abercrombie & Fitch Co. is a Delaware Corporation, IRS Employer

15   Identification No. 31-1469076, doing substantial business in the State of California.

16   Abercrombie & Fitch Co. and its wholly-owned subsidiary defendant Abercrombie & Fitch

17   Stores, Inc. operate retail clothing stores in California, throughout the United States, and

18   internationally under the brand names Abercrombie & Fitch, Abercrombie Kids, Hollister, and

19   Gilly Hicks. As of February 2, 2013, Abercrombie operated 912 stores in the United States,

20   including 130 stores in California.

21       10.    Defendant Abercrombie & Fitch Stores, Inc. is an Ohio corporation doing

22   substantial business in the State of California, California entity number C2259978, and is a

23   wholly-owned subsidiary of defendant Abercrombie & Fitch Co.

24       11.    Named Plaintiff Alexander Brown is a resident of Alameda County, California.

25   Mr. Brown has been employed by Defendants, on a non-continuous basis, as a non-exempt

26   retail sales associate in California since in or about October 2011. Mr. Brown has worked at

27   four Defendant Stores in California. In or about August 2012, Defendants terminated and

28   subsequently rehired Mr. Brown, as explained more fully in ¶ 18, below. Mr. Brown is a

Class Action Complaint
*Brown, et al. v. Abercrombie & Fitch Co., et al.*
Page 2                              Case No. RG-13695930

1 member of the Plaintiff Class.

2      12.    Named Plaintiff Arik Silva is a resident of Los Angeles County, California. Mr.

3 Silva has been employed by Defendants as a non-exempt retail sales associate in California

4 since in or about October 2012. Mr. Silva has worked at one Defendant Store in California.

5 Mr. Silva is a member of the Plaintiff Class.

6      13.    Plaintiffs are ignorant of the true names or capacities of defendants named herein

7 as Does 1 through 50, inclusive, and therefore sue these defendants by these fictitious names.

8 When the names and capacities of these defendants are ascertained, Plaintiffs will amend this

9 complaint accordingly. Each of the defendants named herein or designated as a Doe is liable

10 or in some manner legally responsible for the events alleged herein.

11          **IV.   GENERAL ALLEGATIONS**

12      14.    Abercrombie owns and operates Defendant Stores throughout the United States

13 and internationally. Throughout the Class Period, Abercrombie has owned and operated

14 approximately 130 Defendant Stores in California.

15      15.    Abercrombie employees and has employed Plaintiffs as non-exempt hourly

16 employees in Defendant Stores in California during the Class Period.

17      16.    At all times during the Class Period, Abercrombie has violated California Labor

18 Code §§ 226.7 and 1198 and IWC Wage Order No. 7, § 12 by failing to provide Plaintiffs with

19 a ten minute rest period for every four hours or major fraction thereof worked. Abercrombie

20 regularly schedules employees, including Plaintiffs, to work shifts of five hours or more but

21 does not provide such employees ten minute rest periods. Rather, pursuant to its common,

22 uniform rest break policy applicable to all California employees, Abercrombie refuses to

23 provide Plaintiffs ten minute rest breaks during shifts of five hours of more. Accordingly,

24 Plaintiffs working between five and six hours are not provided a single ten minute rest break,

25 as required by California law; Plaintiffs working between six and ten hours are not provided

26 with two ten minute rest breaks, as required by California law; and Plaintiffs working between

27 ten and 14 hours are not provided with three ten minute rest breaks, as required by California

28 law.

Class Action Complaint
*Brown, et al. v. Abercrombie & Fitch Co., et al.*
Page 3
                                              Case No. RG-13695930

17.     Abercrombie does not pay Plaintiffs one hour of pay for each workday that Abercrombie fails to provide Plaintiffs rest breaks.

18.     At all times during the Class Period, Abercrombie has violated California Labor Code § 2802 and IWC Wage Order No. 7, § 9(A) by failing to indemnify Plaintiffs for necessary expenditures incurred in direct consequence of Plaintiffs' job duties. Abercrombie requires that Plaintiffs, as a condition of employment, wear uniforms of distinctive design or color but fails to provide or maintain such uniforms. The "Look Policy" contained Abercrombie's Store Associate Handbook provides that employees must wear rubber flip flops "in current style colors," leather flip flops, "lo-top canvas Converse" in specific colors, or "lo-top slip-on Vans" in specific colors. Further, Abercrombie requires, as a matter of uniform policy, that Plaintiffs purchase specific Abercrombie clothing items five times each year. For each of Abercrombie's five yearly "seasons," Abercrombie provides its employees with an "AAA Style Guide" booklet containing pictures of specific articles of clothing from Abercrombie's current season. Employees are required to buy and wear the clothing pictured in this booklet. Named Plaintiff Alexander Brown was fired from Abercrombie after failing to purchase Abercrombie clothing from the AAA Style Guide and was rehired when he purchased such Abercrombie clothing.

19.     Despite requiring Plaintiffs to purchase and wear specific and distinctive articles of clothing, including from Abercrombie itself, Abercrombie does not reimburse Plaintiffs for such expenditures.

20.     At all times during the Class Period, Abercrombie has violated California Labor Code § 450 and California Business and Professions Code § 17200 *et seq.* by, *inter alia*, compelling or coercing Plaintiffs to patronize Abercrombie, and other specific persons, in the purchase of goods of value. As described in ¶ 18, above, Abercrombie requires that Plaintiffs purchase footwear from Vans or Converse, or, alternatively, that Plaintiffs purchase leather flip flops or flip flops in the colors of Abercrombie's current season. By requiring that Plaintiffs wear Converse or Vans, Abercrombie compels Plaintiffs to patronize those companies, and by requiring that Plaintiffs wear flip flops in Abercrombie's current colors or leather flip flops

1  compliant with Abercrombie's "Look Policy",[1] Abercrombie compels or coerces Plaintiffs to

2  patronize Abercrombie. Further, Abercrombie's requirement that Plaintiffs purchase clothing

3  pictured in the AAA Style guide compels Plaintiffs to Patronize Abercrombie.

4      21.    At all times during the Class Period, Abercrombie has violated California Labor

5  Code § 226 by failing to provide Plaintiffs with accurate, itemized wage statements. The wage

6  statements provided to Plaintiffs by Abercrombie fail to conform to California law because,

7  *inter alia*, those wage statements do not display the gross and net wages earned by Plaintiffs

8  because Plaintiffs are not provided with an hour of pay for missed rest breaks, as described in

9  ¶¶ 16-17, above. Abercrombie's failure to provide Plaintiffs with accurate, itemized wage

10  statements is and was knowing and intentional.

11      22.    At all times during the Class Period, Abercrombie has violated California Labor

12  Code §§ 201, 202, and 203 by failing to timely pay all wages due to those Plaintiffs who left

13  their employment with Abercrombie or were fired by Abercrombie. During the Class Period,

14  many Plaintiffs, including Named Plaintiff Alexander Brown, resigned from or were

15  terminated by Abercrombie. Abercrombie willfully failed to pay said Plaintiffs all wages due

16  upon termination or within 72 hours of said Plaintiffs' resignation because, *inter alia*,

17  Abercrombie does not provide Plaintiffs with rest periods and does not pay Plaintiffs one hour

18  of pay for missed rest periods, as alleged herein, including in ¶¶ 16-17, above. Abercrombie's

19  failure to pay Plaintiffs all wages due upon resignation or termination of employment is and

20  was willful and intentional.

21                  **V.    CLASS ACTION ALLEGATIONS**

22      23.    Named Plaintiffs bring this action on behalf of themselves and all others

23  similarly situated as a class action pursuant to California Code of Civil Procedure § 382,

24  including such equitable relief as the Court may grant. The class that Named Plaintiffs seek to

25  

26  [1] Although companies other than Abercrombie manufacture leather flip flops, Abercrombie's Store Associate Handbook

27  prohibits Plaintiffs from wearing clothing, including footwear, "that has an obvious label, name, logo, or identifiable
trademark … of a competitor" and Abercrombie's leather and colored flip flops appear in the AAA Style Guide from which

28  Plaintiffs must purchase clothing.

1   represent is defined as follows:

2       **All Non-Exempt Hourly California Defendant Store Employees:** All persons

3   who are or were employed in California as non-exempt hourly employees in

4   Abercrombie & Fitch, Hollister, Abercrombie Kids, and/or Gilly Hicks stores

5   during the Class Period.

6       24.    As set forth herein, the claims alleged may properly be maintained as a class

7   action pursuant to California Code of Civil Procedure § 382 because there is a well-defined

8   community of interest among ascertainable class members with regard to the claims asserted

9   herein.

10      25.    The total number of members of the Plaintiff Class, as defined herein, is believed

11  to be in excess of 6,500 persons; accordingly, joinder of all class members would be

12  impractical.

13      26.    Questions of law and fact common to Named Plaintiffs and Plaintiff Class

14  predominate over questions of law and fact affecting only individual members of the class.

15  Said common questions of law and fact include, but are not limited to, the following:

16      (a)    Whether Defendants, as a matter of uniform policy, failed to provide rest

17  breaks to Plaintiff Class;

18      (b)    Whether Defendants, as a matter of uniform policy, failed to indemnify

19  Plaintiff Class for job-related expenses, including clothing and shoes;

20      (c)    Whether Defendants, as a matter of uniform policy, compelled or coerced

21  Plaintiffs to patronize Defendant Stores or other persons;

22      (d)    Whether Defendants provided accurate itemized wage statements to

23  Plaintiff Class in accordance with California law;

24      (e)    Whether Defendants' actions, including compelling or coercing Plaintiff

25  Class to patronize Defendant Stores and/or other persons in violation of California Labor

26  § 450, constitute violations of California Business and Professions Code section 17200, *et seq.*;

27      (f)    Whether Defendants' actions in violation of California Labor Law were

28  "willful" for purposes of imposing additional penalties;

Class Action Complaint
*Brown, et al. v. Abercrombie & Fitch Co., et al.*
Page 6               Case No. RG-13695930

Oct. 7. 2013 12:58PM     Aiman Smith & Marcy 510-562-6830          No. 2109   P. 10

(g)     The proper formula for calculating wages, damages, waiting time and other statutory penalties owed to Plaintiff Class;

(h)     Whether Defendants will, unless enjoined, continue the practices alleged herein; and

(i)     The terms and conditions of the injunction to be issued against Defendants.

27.     Named Plaintiffs' claims are typical of the claims of Plaintiff Class because Named Plaintiffs were subjected to the unlawful practices alleged herein common to Plaintiff Class. Defendants' common course of conduct has caused Named Plaintiffs and Plaintiff Class to sustain the same or substantially similar injuries and damages caused by the same practices of Defendants. Named Plaintiffs' claims are, accordingly, representative of the claims of Plaintiff Class.

28.     Named Plaintiffs have no conflict of interest with any other members of Plaintiff Class, and Named Plaintiffs will vigorously prosecute this case on behalf of Plaintiff Class.

29.     Counsel who represent Named Plaintiffs are competent and experienced in litigating complex actions pertaining to employment practices, including many class action claims for rest break and other wage and hour claims pursuant to California and federal law. Named Plaintiffs and their counsel will fairly and adequately represent and protect the interests of the members of Plaintiff Class.

30.     The identity of members of Plaintiff Class is ascertainable from available records maintained by Defendants or by third parties. There is a well-defined community of interest between the members of Plaintiff Class.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Failure to Provide Rest Periods
(California Labor Code §§ 226.7 and 1198; California IWC Wage Order No. 7, § 12)

31.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

32.     California law, including but not limited to California Labor Code §§ 226.7 and

1    1198 and IWC Wage Order No. 7, § 12, requires employers, including Defendants, to provide

2    rest periods to employees, based on the total hours worked daily, at the rate of ten minutes net

3    rest time per four hours or major fraction thereof worked.

4         33.    As alleged herein, including in ¶¶ 16-17, above, Defendants failed to provide rest

5    breaks to Plaintiffs or to pay compensation in lieu thereof, in violation of California law.

6         34.    As a direct and proximate result of Defendants' failure to provide Plaintiffs with

7    rest breaks or to pay compensation in lieu thereof, Plaintiffs have been injured and have

8    sustained damages, including lost compensation for missed rest breaks.

9         35.    Plaintiffs are, therefore, entitled to recover lost compensation for missed rest

10   breaks in an amount according to proof and in excess of the jurisdictional minimum of this

11   Court, and also to recover interest, costs, and attorney's fees as provided by California law.

12                          **SECOND CAUSE OF ACTION**
                          **Failure to Indemnify Business Expenses**
13            **(California Labor Code § 2802; IWC Wage Order No. 7, § 9(A))**

14        36.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

15   forth herein.

16        37.    California Labor Code § 2802 requires employers, including Defendants, to

17   indemnify employees for all necessary expenditures incurred by the employee in performing

18   his or her job.

19        38.    As alleged herein, including in ¶¶ 18-20, above, Defendants require Plaintiffs to

20   purchase supplies, including clothing and shoes of distinctive design and color, necessary to

21   perform Plaintiffs' job duties.

22        39.    Such expenditures by Plaintiffs are incurred in direct consequence of the

23   discharge of Plaintiffs' job duties.

24        40.    Defendants do not reimburse Plaintiffs for these necessary expenditures.

25        41.    As a direct and proximate result of Defendants' failure to reimburse Plaintiffs for

26   these necessary expenditures, Plaintiffs have been injured in an amount to be proved at trial.

27        42.    Plaintiffs are, therefore, entitled to recover reimbursement for these necessary

28   expenditures, and also to recover costs, interest, and attorney's fees as provided by California

Oct. 7. 2013 12:59PM    Aiman Smith & Marcy 510-562-6830    No.2705 P. 12

law.

### THIRD CAUSE OF ACTION
**Compulsion and Coercion to Patronize Employer and/or Other Persons**
**(California Labor Code § 450)**

43.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

44.    California Labor Code § 450 provides that no employer "may compel or coerce any employee, or applicant for employment, to patronize his or her employer, or any other person, in the purchase of any thing of value."

45.    As alleged herein, including in ¶¶ 18-20, above, Defendants require Plaintiffs to purchase goods of value, including clothing and shoes, from Defendant Stores and/or other specific persons.

46.    As a direct and proximate result of Defendants' requirement that Plaintiffs purchase goods of value, including clothing and shoes, from Defendant Stores and/or other specific persons, Plaintiffs have been injured in an amount to be proved at trial.

47.    Plaintiffs are, therefore, entitled to recover damages, and also to recover costs, interest, and attorney's fees as provided by California law.

### FOURTH CAUSE OF ACTION
**Failure to Furnish Accurate Wage Statements**
**(California Labor Code § 226)**

48.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

49.    California Law, including but not limited to California Labor Code § 226(a), requires employers, including Defendants, to furnish each employee, at the time of payment of wages, accurate, itemized wage statements displaying, among other things, gross and net wages earned by the employee.

50.    As alleged herein, including in ¶ 21, above, the wage statements provided to Plaintiffs by Defendants do not include the information required by California law, including but not limited to California Labor Code § 226(a).

51.    Plaintiffs' ability to calculate wages earned has been complicated by the absence

1 of information required by Labor Code 226(a) but missing from the wage statements provided

2 by Defendants, and the absence this information has prevented Plaintiffs from challenging the

3 accuracy of wages paid by Defendants.

4     52.    As a direct and proximate result of Defendants' failure to provide Plaintiffs with

5 accurate, itemized wage statements, Plaintiffs have encountered substantial difficulty and

6 expense in attempting to reconstruct time and pay records.

7     53.    Defendants' failure to provide Plaintiffs accurate, itemized wage statements was

8 knowing and intentional, as evidenced by, *inter alia*, Defendants' uniform policy of denying

9 Plaintiffs rest breaks and compensation for missed rest breaks.

10     54.    As a direct and proximate result of Defendants' failure to provide Plaintiffs with

11 accurate, itemized wage statements, Plaintiffs have suffered injury and damage to their

12 statutorily protected rights, and have been injured because they were denied both their legal

13 right to receive, and their protected interest in receiving, accurate, itemized wage statements.

14     55.    Accordingly, Plaintiffs are entitled to recover penalties and damages pursuant to

15 California Labor Code § 226(e), in addition to costs and attorney's fees as provided by

16 California law.

17 **FIFTH CAUSE OF ACTION**<br>**Waiting Time Penalties**

18 **(California Labor Code §§ 201, 202, and 203)**

19     56.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

20 forth herein.

21     57.    California Labor Code §§ 201 and 202 require employers, including Defendants,

22 to pay employees, upon the termination of employment, all wages due within the time

23 specified by those statutes.

24     58.    California Labor Code § 203 provides that where an employer fails to timely pay

25 such wages, the employer must continue to pay the subject employee's wages until back wages

26 are paid in full or an action is commenced, up to a maximum of 30 days of wages.

27     59.    As alleged herein, including in ¶ 22, above, all members of Plaintiff Class who

28 have terminated or who will terminate their employment with Defendants at any time prior to

1   entry of judgment in this case were not paid all wages owed to them at the time of termination

2   of employment.

3          60.     Defendants' failure to provide Plaintiffs all wages due upon termination was

4   willful, as evidenced by, *inter alia,* Defendants' uniform policy of denying Plaintiffs rest

5   breaks and compensation for missed rest breaks.

6          61.     As a direct and proximate result of Defendants' failure to pay said Plaintiffs all

7   wages when due upon termination of employment, Plaintiffs have been injured in an amount to

8   be proved at trial.

9          62.     Accordingly, members of the Plaintiff Class who have terminated or who will

10  terminate their employment with Defendant at any time prior to entry of judgment in this case

11  are entitled to payment of 30 days' wages under California Labor Code § 203 and additionally

12  to interest, costs, and attorney's fees.

13                              **SIXTH CAUSE OF ACTION**
                        **Restitution - Unfair Business Practices**
14              **(California Business & Professions Code § 17200 *et seq.*)**

15         63.     Plaintiffs incorporate by reference all preceding paragraphs as though fully set

16  forth herein.

17         64.     Each violation of California law by Defendant as alleged herein, including in ¶¶

18  16-22, above, constitutes a separate and distinct unfair and unlawful practice in violation of

19  California Business & Professions Code § 17200, *et seq.*

20         65.     As a direct and proximate result of Defendants' unlawful and unfair business

21  practices as alleged herein, Plaintiffs have been injured in an amount to be proved at trial.

22         66.     Plaintiffs are entitled to restitution of all amounts which Defendant was obligated

23  to provide to the members of Plaintiff Class and which, through the unfair and unlawful

24  practices alleged herein, Defendant did not pay to the members of Plaintiff Class.

25         67.     Plaintiffs are additionally entitled to recovery of interest, costs, and attorney's

26  fees according to law.

27  //

28  //

Oct. 7. 2013 1:00PM    A man Smith & Marcy 510-562-6830    No. 2105 P. 15

## SEVENTH CAUSE OF ACTION
### Penalties under PAGA
### (California Labor Code § 2699 et seq.)

68. Plaintiffs incorporate by reference all preceding paragraphs as though fully set forth herein.

69. As alleged herein, Defendants have engaged in conduct in violation of California Labor Code §§ 201, 202, 203, 226, 226.7, 450, 558, 1198, and 2802, including by engaging in the specific acts detailed in ¶¶ 16-22 and 31-62, above.

70. California Labor Code § 2699(a) provides: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of it departments, divisions, commissions, boards, agencies, or employees for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees."

71. Named Plaintiffs are aggrieved employees of Defendants as defined by California Labor Code § 2699(c) because they were employed by Defendants, and Defendants' violations of California Labor Code §§ 201, 202, 203, 226, 226.7, 450, 558, 1198, and 2802, as alleged herein, were committed against Named Plaintiffs. Named Plaintiffs bring this cause of action under the California Private Attorney General Act of 2004 on behalf of themselves and all other current or former employees of Defendants subject to Defendants' violations of California Labor Code §§ 201, 202, 203, 226, 226.7, 450, 558, 1198, and 2802.

72. Named Plaintiffs have satisfied the requirements of California Labor Code § 2699.3.

73. As a direct and proximate result of Defendants' violations of California Labor 201, 202, 203, 226, 226.7, 450, 558, 1198, and 2802, Plaintiffs, including Named Plaintiffs, have been injured in an amount to be proved at trial.

74. Accordingly, pursuant to California Labor Code § 2699, et seq., Plaintiffs, including Named Plaintiffs, are entitled to recover civil penalties, including those established by California Labor Code §§ 210, 558, and 2699, et seq., on behalf of themselves and all other

1  former or current employees of Defendants subject to Defendants' violations of California

2  Labor Code §§ 201, 202, 203, 226, 226.7, 450, 558, 1198, and 2802 and also to recover costs

3  and attorney's fees pursuant to California law, including California Labor Code § 2699(g)(1).

## EIGHTH CAUSE OF ACTION
### Injunction
#### (California Business & Professions Code § 17200 *et seq.*)

6      75.    Plaintiffs incorporate by reference all preceding paragraphs as though fully set

7  forth herein.

8      76.    Each violation of California law by Defendants as alleged herein constitutes a

9  separate and distinct unlawful and unfair practice in violation of California Business &

10  Professions Code § 17200, *et seq.*

11      77.    Plaintiffs have been harmed by Defendants' unlawful and unfair practices as

12  alleged herein.

13      78.    Defendants continue to engage in the unlawful and unfair practices alleged

14  herein through the present day.

15      79.    Unless enjoined by this Court, Defendants will continue to engage in the

16  unlawful and unfair practices alleged herein.

17      80.    Plaintiffs are entitled to, and therefore request, an injunction of this Court

18  requiring that Defendants permanently cease and desist from engaging in the unlawful and

19  unfair practices alleged herein, including in ¶¶ 16-22, above, and, further, that this Court make

20  such orders as are necessary to monitor Defendants' compliance with said injunction.

21      81.    Plaintiffs are further entitled to costs and attorney's fees for pursuing the

22  injunction requested herein.

## VII.  PRAYER FOR RELIEF

24  Wherefore, Named Plaintiffs, on behalf of themselves and all members of the Plaintiff

25  Class, pray for relief as follows:

26      1.    That the Court certify this action as a class action on behalf of the Plaintiff Class

27  pursuant to Code of Civil Procedure § 382;

28      2.    That the Court designate Named Plaintiffs as representatives of the Plaintiff

Class Action Complaint
*Brown, et al. v. Abercrombie & Fitch Co., et al.*
Page 13                 Case No. RG-13695930

1    Class;

2       3.    That Defendants be ordered to pay all amounts owed to the Plaintiff Class arising

3    out of the actions complained of herein, including wages, penalties, interest, and costs;

4       4.    That Defendants, at Defendants' expense, be ordered to provide full and

5    adequate notice as required in class actions to all members of the Plaintiff Class;

6       5.    That this action and Plaintiff Class be further designated, respectively, as a

7    representative action and representative class under California Business & Professions Code §

8    17200, *et seq.*;

9       6.    That Defendant be ordered to make full restitution of all amounts received by

10    Defendants, and/or retained by Defendants, and/or not paid by Defendants to the Plaintiff

11    Class, pursuant to California Business and Professions Code § 17200, *et seq.*;

12       7.    That in addition to any constitutionally sufficient notice that is or might

13    otherwise be required in a class action under California law, that Defendants be ordered to pay

14    for all necessary efforts to actually locate members of the representative class under Business

15    and Professions Code § 17200, *et seq.*;

16       8.    That Named Plaintiffs be further designated as representative aggrieved

17    employees of Defendants under California Labor Code § 2699, *et seq.*;

18       9.    That Defendants be ordered to pay PAGA penalties pursuant to California Labor

19    Code § 2699, *et seq.*;

20       10.    That this Court determine, and provide its declaratory judgment, that the

21    practices complained of herein were done willfully, knowingly, and intentionally;

22       11.    That this Court issue a permanent injunction, on terms the Court may deem

23    appropriate and necessary, prohibiting Defendants from engaging in the practices complained

24    of herein, requiring Defendants to make appropriate reports to the Court or its appointed agent

25    or expert regarding its compliance with said injunction, and requiring Defendants to pay all

26    costs associated with said monitoring said injunction;

27       12.    For attorney's fees as provided by statutory and common law;

28       13.    For costs of suit incurred; and

Oct. 7. 2013 1:0 'M     A man smith & marcy 510-502-6850     No. 2105 P. 16

1      14.     For such other legal and equitable relief as the Court may deem just and proper.

2

3   Dated: October 7, 2013                     aiman-smith/marcy

4

5

6                                              Randall B. Aiman-Smith
                                               Attorneys for Plaintiffs
7                                              Alexander Brown and Arik Silva

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Named Plaintiffs, on behalf of themselves and the Plaintiff Class, hereby demand a jury on all causes of action and claims with respect to which Named Plaintiffs have a right to jury trial.

Dated:  October 7, 2013

aiman-smith marcy

Randall B. Aiman-Smith
Attorneys for Plaintiffs
Alexander Brown and Arik Silva

# EXHIBIT B





1 | MORGAN, LEWIS & BOCKIUS LLP
2 | ALISON B. WILLARD (SBN 268672)
   | One Market, Spear Street Tower
3 | San Francisco, California 94105
   | Telephone:  415.442.1311
4 | Facsimile:  415.442.1001
5 | Email:  awillard@morganlewis.com

6 | Attorneys for Defendants
7 | ABERCROMBIE & FITCH CO., and
8 | ABERCROMBIE & FITCH STORES, INC.

**ENDORSED**
**FILED**
ALAMEDA COUNTY

NOV - 7 2013

CLERK OF THE SUPERIOR COURT
By Barbara LaMotte Deputy

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
   | **FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| ALEXANDER BROWN and ARIK SILVA, individually, and on behalf of all others similarly situated, | ) CASE NO.  RG13695930 ) ) **DEFENDANTS ABERCROMBIE** |
| Plaintiff, | ) **& FITCH CO. AND** ) **ABERCROMBIE & FITCH** |
| v. | ) **STORES, INC.'S ANSWER TO** ) **PLAINTIFFS' UNVERIFIED** |
| ABERCROMBIE & FITCH CO., ABERCROMBIE & FITCH STORES, INC., and DOES 1-50, inclusive, | ) **FIRST AMENDED COMPLAINT** ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## GENERAL DENIAL

Defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. ("Defendants") for themselves alone and for no other defendant, answer the unverified Amended Complaint of Plaintiffs Alexander Brown and Arik Silva ("Plaintiffs") as follows:

Pursuant to the provisions of section 431.30(d) of the California Code of Civil Procedure, Defendants deny, generally and specifically, each and every allegation of

1

the Amended Complaint and further deny, generally and specifically, that Plaintiffs are entitled to damages or to any other relief whatsoever by reason of any act or omission on the part of Defendants.

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

In addition, Defendants allege and assert the affirmative defenses set forth herein. By pleading these affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## AFFIRMATIVE DEFENSE

### (Failure To State A Cause Of Action)

1.      Neither the Amended Complaint nor any purported cause of action alleged therein state claims upon which relief can be granted.

## AFFIRMATIVE DEFENSE

### (Not Proper Defendant)

2.      Defendant Abercrombie & Fitch Co. is not a proper defendant herein, because it never was the employer of Plaintiffs.

## AFFIRMATIVE DEFENSE

### (Improper Venue)

3.      Plaintiffs have failed to file the Amended Complaint in this action in the proper venue.

## AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

4.      This Court has no jurisdiction over the subject matter of the Amended Complaint, or over the subject matter of any of the purported causes of action alleged therein.

## AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.    The Amended Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Labor Code Section 203, California Code of Civil Procedure Sections 338(a), 340(a), and 340(b), and California Business and Professions Code Section 17200, *et seq.*

## AFFIRMATIVE DEFENSE

### (Laches)

6.    Plaintiffs' Amended Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

## AFFIRMATIVE DEFENSE

### (Lack of Specificity)

7.    Plaintiffs' sixth cause of action, claiming unfair business practices in violation of California Business and Professions Code Sections 17200, *et seq.,* is barred because it fails to plead specific facts capable of stating a claim for unfair business practices.

## AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

8.    Plaintiffs' Amended Complaint, and each purported cause of action alleged therein, is barred because Plaintiffs failed to exhaust their administrative remedies before filing suit.

## AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

9.    The Amended Complaint, and each purported cause of action alleged therein, should be abated in the Court's discretion, and Plaintiffs should be forced to pursue their administrative remedies with the California Division of Labor Standards Enforcement, which has primary jurisdiction over Plaintiffs' claims.

## AFFIRMATIVE DEFENSE

### (Estoppel)

10.    Defendants are informed and believe, and on that basis allege, that Plaintiffs are estopped by their own actions and conduct from asserting any cause of action against Defendants.

## AFFIRMATIVE DEFENSE

### (Waiver)

11.    Defendants are informed and believe that Plaintiffs have engaged in conduct and activity sufficient to constitute a waiver of any right to assert the claims upon which they now seek relief.

## AFFIRMATIVE DEFENSE

### (No Availability of Damages)

12.    Pursuant to the Business and Professions Code § 17200, *et seq.*, Plaintiffs are not entitled to an award of damages.

## AFFIRMATIVE DEFENSE

### (Consent)

13.    Defendants are informed and believe, and on that basis allege, that Plaintiffs are unable to state a cause of action against Defendants because Plaintiffs consented to any and all actions allegedly taken by Defendants.

## AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

14.    Plaintiffs' purported causes of action in the Amended Complaint fail to state facts sufficient to entitle Plaintiffs to an award of attorney's fees in any amount.

## AFFIRMATIVE DEFENSE

### (Unclean Hands)

15.    Defendants are informed and believe, and based thereon allege, that Plaintiffs' Amended Complaint, and each cause of action therein, is barred by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE

### (Prior Settlement Bars Recovery and Class Certification)

16.    On December 21, 2007, a lawsuit was filed in the Superior Court of California, Orange County, Case No. 30-2007-00036240, captioned *Spencer De La Cruz, an individual and on behalf of all others similarly situated v. Abercrombie & Fitch Co., a Delaware corporation; Abercrombie & Fitch Stores, Inc., an Ohio corporation; and Does 1 through 100, inclusive.* The *De La Cruz* Complaint, filed as a purported class action, alleged various violations of California wage-hour laws. On November 5, 2012, the *De La Cruz* Court gave final approval to a settlement in which Abercrombie & Fitch Co. and Defendant Abercrombie & Fitch Stores, Inc. paid settlement amounts to a class consisting of all non-exempt employees of Abercrombie & Fitch Co. and/or Defendant Abercrombie & Fitch Stores, Inc. who worked in a non-exempt position at an Abercrombie & Fitch, abercrombie, and/or Hollister store in California during the class period from December 19, 2003 to February 25, 2012. The claims settled on behalf of the class in that case included, but were not limited to, all of the claims alleged by Plaintiffs in this case.  Thus, to the extent the putative class claims alleged by Plaintiffs purport to include any of the class claims settled in *De La Cruz*, the prior settlement in *De La Cruz* bars recovery and class certification.

## AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

17.    Members of the putative class have resolved and released any claims against Defendants and are barred from prosecuting the claims in this action.

## AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

18.    Some or all of the purported causes of action in the Amended Complaint are subject to setoff, offset, or recoupment.

## AFFIRMATIVE DEFENSE

### (Unconstitutionality of Penalties)

19.    An award of penalties in this action would be unreasonable and/or oppressive and would violate Defendants' due process and equal protection rights under the United States Constitution and the California Constitution.

## AFFIRMATIVE DEFENSE

### (Rest Period Claims Barred)

20.    Defendants authorized and permitted Plaintiffs to take all rest breaks required by law, and breached no duty owed to Plaintiffs with respect thereto.

## AFFIRMATIVE DEFENSE

### (Premium Pay Barred)

21.    Plaintiffs are not entitled to any premium wages under Cal. Lab. Code §§ 226.7, 512, or any other provision of the California Labor Code, because the Plaintiffs and their putative class were always authorized and permitted to take meal breaks and rest breaks as provided by law.

## AFFIRMATIVE DEFENSE

### (Penalties)

22.    The Amended Complaint fails to allege facts sufficient to establish a claim for penalties.

## AFFIRMATIVE DEFENSE

### (Waiting-Time Penalties Barred Due to Lack of Willful Conduct)

23.    Plaintiffs' claim for waiting-time penalties fails because any purported failure to pay wages was not willful within the meaning of California Labor Code § 203.

1

## **AFFIRMATIVE DEFENSE**

2

## **(Injunctive Relief)**

3    24.    The Amended Complaint fails to allege facts sufficient to state a claim

4   for injunctive relief.

5

## **AFFIRMATIVE DEFENSE**

6

## **(Declaratory Relief)**

7    25.    The Amended Complaint and each purported cause of action alleged

8   therein fail to allege facts sufficient to entitle Plaintiffs to declaratory relief.

9

## **AFFIRMATIVE DEFENSE**

10

## **(Non-Certifiable Class)**

11    26.    Defendants are informed and believe that the Amended Complaint does

12   not state facts sufficient to certify a class pursuant to California Code of Civil

13   Procedure Section 382, and that this action is not properly brought as a class action.

14

## **AFFIRMATIVE DEFENSE**

15

## **(Inadequacy of Class Representative)**

16    27.    Plaintiffs are not adequate representatives of the putative class.

17

## **AFFIRMATIVE DEFENSE**

18

## **(No Well-Defined Community of Interest)**

19    28.    A class action is not appropriate because individual issues and/or

20   remedies predominate over the asserted class-wide grievance and/or declaratory or

21   injunctive relief.

22

## **AFFIRMATIVE DEFENSE**

23

## **(No Commonality or Typicality of Claims)**

24    29.    Plaintiffs' claims are neither common to nor typical of those, if any, of

25   the putative class.

26

27

28

## AFFIRMATIVE DEFENSE

### (Superiority)

30.     The Amended Complaint fails to the extent it asserts a class action because a class action is not superior.

## AFFIRMATIVE DEFENSE

### (Non-Ascertainable Class)

31.     Plaintiffs' claims, and the claims of the putative class they seek to represent, are barred in whole or in part because the class is overbroad, ambiguous, conclusory, lacks the requisite community of interest, and is not precise, objective, or presently ascertainable.

## AFFIRMATIVE DEFENSE

### (Failure to Adhere to Defendants' Policies and Procedures)

32.     At all times relevant to this action, Defendants took reasonable steps to inform Plaintiffs of its policies and procedures regarding its look policy and rest breaks.  At all times relevant to this action, Plaintiffs were aware of the foregoing policies and procedures.   Nevertheless, Plaintiffs unreasonably failed to take advantage of or follow the foregoing policies and procedures or to avoid harm otherwise.  Had Plaintiffs utilized Defendants' procedures, some or all of the harm Plaintiffs allegedly suffered would have been prevented.  Plaintiffs should not be compensated for any alleged damages because such damages could have been prevented by Plaintiffs' reasonable effort or expenditure with regard to the foregoing policies.

## AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

33.     Defendants allege that any recovery of damages herein as alleged by Plaintiffs would constitute an unjust enrichment of Plaintiffs, and is therefore barred.

## AFFIRMATIVE DEFENSE

### (Multiple Recovery Barred)

34.    Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs seek multiple recovery for the same alleged wrong or wrongs.

## AFFIRMATIVE DEFENSE

### (Conflict of Interest)

35.    Certain interests of the class proposed by Plaintiffs are in conflict with the interests of all or certain sub-groups of the members of the alleged class of persons that Plaintiffs purport to represent, the existence of which is expressly denied.

## AFFIRMATIVE DEFENSE

### (Plaintiffs Lack Standing)

36.    Plaintiffs lack standing to bring the claims alleged in the Amended Complaint, both on behalf of themselves and on behalf of any alleged putative classes.

## AFFIRMATIVE DEFENSE

### (Penalties Not Available)

37.    Plaintiffs are not entitled to any penalties pursuant to their causes of action based on Cal. Bus. & Prof. Code §§ 17200, *et seq.*, because penalties are not an authorized form of relief under that statute.

## AFFIRMATIVE DEFENSE

### (Expenditures Neither Necessary Nor Direct Consequence of Employment)

38.    To the extent that Plaintiffs' causes of action pursuant to Cal. Bus. & Prof. Code §§ 17200 et seq. are based upon an alleged failure to comply with Cal. Lab. Code § 2802, such claims are barred in whole or in part because any alleged expenditures or losses were not necessary and/or were not the direct consequence of the discharge of the Plaintiffs' employment duties to Defendants.

## AFFIRMATIVE DEFENSE

### (Reimbursement Not Warranted)

39.    Plaintiffs are not entitled to reimbursement expenses to the extent that Plaintiffs did not satisfy the conditions for obtaining such reimbursement, and/or to the extent that reimbursement was not warranted.

## AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

40.    Plaintiffs' claims, and/or each of them, are barred in whole or in part and/or recovery must be reduced under the doctrine of avoidable consequences and/or failure to mitigate damages.

## AFFIRMATIVE DEFENSE

### (Adequate Remedies at Law)

41.    Plaintiffs' causes of action based on Cal. Bus. & Prof. Code §§ 17200, et seq. are barred because they have adequate remedies at law.

## AFFIRMATIVE DEFENSE

### (Due Process)

42.    Plaintiffs' representative and class allegations are barred by Defendants' right to due process of law as provided by the Constitutions of the United States of America and the State of California.

## AFFIRMATIVE DEFENSE

### (Lack of Harm)

43.    Plaintiffs' demand for civil penalties under the Labor Code Private Attorneys General Act ("PAGA"), Labor Code § 2698 et seq., fails to the extent that neither Plaintiffs, nor any similarly situated individual, were harmed by the alleged conduct of Defendants.

## AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary, or Oppressive Penalties Barred)

44.    Any claim by Plaintiffs for penalties pursuant to PAGA and statutes of similar effect is barred because such penalties would be unjust, arbitrary, oppressive, and/or confiscatory based upon the facts and circumstances of this particular case.

## AFFIRMATIVE DEFENSE

### (Failure to Prove Damages)

45.    To the extent that Plaintiffs' causes of action pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.*, are based upon an alleged failure to comply with Cal. Lab. Code § 2802, such claims are barred in whole or in part because Plaintiffs failed to submit to Defendants any proof or documents showing that any alleged expenditures or losses were incurred by Plaintiffs in the discharge of their employment duties to Defendants.

**RESERVATION OF RIGHTS:**

Defendants hereby give notice that they intend to rely upon such other and further affirmative defenses as may become available during discovery in this action and reserve the right to amend their Answer to assert any such defenses.

**PRAYER FOR RELIEF:**

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing by their Amended Complaint herein;

2.    That the Amended Complaint be dismissed;

3.    That judgment be entered in favor of Defendants;

4.    For costs of suit incurred herein; and

5.    For such other and further relief as the Court may deem proper.

Dated:  November 7, 2013

MORGAN, LEWIS & BOCKIUS LLP
ALISON B. WILLARD
One Market, Spear Street Tower

1

2

3

San Francisco, California 94105
Telephone: 415.442.1311
Facsimile: 415.442.1001
Email: awillard@morganlewis.com

4

5

6

Attorneys for Defendants
ABERCROMBIE & FITCH CO.,
ABERCROMBIE & FITCH STORES, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I, Michele L. Knox-Thomas, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1126. On November 7, 2013, I served a copy of the within document(s):

**DEFENDANTS ABERCROMBIE & FITCH CO. AND ABERCROMBIE & FITCH STORES, INC.'S ANSWER TO PLAINTIFFS' UNVERIFIED FIRST AMENDED COMPLAINT**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Randall B. Aiman-Smith
Aiman-Smith & Marcy
7677 Oakport Street, Ste. 1020
Oakland, CA 94612
Phone: 510.562.6800
Fax:   510.562.6830

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. Executed on November 7, 2013, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Michele L. Knox-Thomas

# EXHIBIT C

1  MORGAN, LEWIS & BOCKIUS LLP
2  ALISON B. WILLARD
   One Market, Spear Street Tower
3  San Francisco, California 94105
4  Telephone:  415.442.1311
   Facsimile:   415.442.1001
5  Email:  awillard@morganlewis.com

6
   Attorneys for Defendants
7  ABERCROMBIE & FITCH CO.,
8  ABERCROMBIE STORES, INC.

9

10
                    UNITED STATES DISTRICT COURT
11                  NORTHERN DISTRICT OF CALIFORNIA

12

13 ALEXANDER BROWN and ARIK          )   Case No.
14 SILVA, individually, and on behalf of  )
   all other similarly situated individuals,  )   **DECLARATION OF**
15                                     )   **CHRISTOPHER FUGARINO**
16          Plaintiff,                 )   **IN SUPPORT OF**
                                       )   **DEFENDANTS' NOTICE OF**
17      v.                             )   **REMOVAL OF CIVIL ACTION**
                                       )   **TO FEDERAL COURT**
18 ABERCROMBIE & FITCH CO.,           )
19 ABERCROMBIE STORES, INC., and      )
   DOES 1-50, inclusive,              )
20                                     )
21          Defendants.               )
                                       )
22 ─────────────────────────────────

23

24

25

26

27

28                              1

─────────────────────────────────────────────────────────────

I, Christopher Fugarino, declare and state as follows:

1.     I am a Senior Human Resources Manager for Abercrombie & Fitch Stores, Inc. ("Abercrombie").  I have personal knowledge of the matters stated herein, and if called and sworn as a witness in this matter, I could and would testify as set forth herein.

2.     According to Abercrombie's records, Plaintiff Alexander Brown is currently employed by Abercrombie in an Abercrombie & Fitch brand store in the State of California.

3.     According to Abercrombie's records, Plaintiff Alexander Brown's permanent address is in the State of California.

4.     According to Abercrombie's records, Plaintiff Arik Silva is currently employed by Abercrombie in an Abercrombie & Fitch brand store in the State of California.

5.     According to Abercrombie's records, Plaintiff Arik Silva's permanent address is in the State of California.

6.     Plaintiff Alexander Brown never worked in Defendants' abercrombie or Gilly Hicks brand stores.

7.     Plaintiff Alexander Brown never worked in any job classification other than Model.

8.     Plaintiff Arik Silva never worked in Defendants' abercrombie or Gilly Hicks brand stores.

9.     Plaintiff Arik Silva never worked in any job classification other than Model or Impact.

10.     Defendant Abercrombie & Fitch Co. is a Delaware corporation.

11.     Defendant Abercrombie & Fitch Stores, Inc. is an Ohio corporation.

2

12.     Both Defendants have their principal place of business in New Albany, Ohio.

13.     More specifically, both Defendants maintain their corporate headquarters in New Albany, Ohio, and their officers direct, control, and coordinate their business activities from New Albany, Ohio.

14.     Defendant Abercrombie & Fitch Stores, Inc. has employed approximately 128,000 non-exempt employees in the Model or Impact position in its Abercrombie & Fitch and Hollister brand stores in the State of California within the past four years.

15.     Abercrombie employees are not required to purchase Abercrombie apparel or accessories as a condition of employment.

16.     The retail price of Abercrombie & Fitch brand jeans currently ranges between $78.00 and $180.00, and the retail price for Abercrombie & Fitch brand shirts currently ranges between $58.00 and $120.00.

17.     The retail price of Hollister brand jeans currently ranges between $39.50 and $89.50, and the retail price for Hollister brand shirts currently ranges between $39.95 and $79.95.

18.     As a benefit of employment, associates in Defendants' Abercrombie & Fitch and Hollister brand stores in the State of California receive an Associate Discount, which affords them the opportunity to purchase Abercrombie & Fitch and Hollister apparel and accessories at a discount of up to fifty (50) percent.

I declare under penalty of perjury under the law of the United States and the State of California that the foregoing is true and correct.

Executed this 6 day of November, 2013 at New Albany, Ohio.

_____
CHRISTOPHER FUGARINO

3

# EXHIBIT D

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT RODRIGUEZ, individually and on behalf of all others similarly situated, | No. 13-56149 |
| *Plaintiff-Appellee*, | D.C. No. 2:12-cv-03694-GW-FMO |
| v. | |
| AT&T MOBILITY SERVICES LLC, a Delaware limited liability company, *Defendant-Appellant*. | OPINION |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted
August 5, 2013—Pasadena, California

Filed August 27, 2013

Before: Richard C. Tallman, Richard R. Clifton,
and Consuelo M. Callahan, Circuit Judges.

Opinion by Judge Clifton

2      RODRIGUEZ V. AT&T MOBILITY SERVICES

## **SUMMARY**<sup>*</sup>

### **Jurisdiction / Class Action**

The panel vacated the district court's order remanding to state court a putative class action, which had been removed to federal district court by the defendant under the Class Action Fairness Act.

The panel held that the lead plaintiff's waiver of any claim in excess of the $5 million amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) was ineffective, and the waiver no longer had legal effect. The panel held that *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007) (imposing on defendants the burden to prove the amount-in-controversy to a "legal certainty"), was effectively overruled by the Supreme Court's holding in *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013), and that the proper burden of proof imposed upon a defendant to establish the amount-in-controversy is the preponderance of the evidence standard. Because the district court's remand order relied solely on the waiver, the panel remanded to the district court for consideration and application of the preponderance standard to the amount-in-controversy evidence.

---

<sup>*</sup> This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

George W. Abele (argued), Elizabeth A. Brown, and Mario C. Ortega, Paul Hastings LLP, Los Angeles, California; and Laurie E. Barnes, AT&T Mobility Services LLC, Los Angeles, California, for Defendant-Appellant.

Michael S. Morrison (argued), Alexander Krakow & Glick, LLP, Santa Monica, California; Thomas W. Falvey and J.D. Henderson, Law Offices of Thomas W. Falvey, Pasadena, California; Jason W. Wucetich, Dimitrios V. Korovilas, Wucetich & Korovilas LLP, El Segundo, California, for Plaintiff-Appellee.

---

**OPINION**

CLIFTON, Circuit Judge:

Plaintiff Robert Rodriguez filed a putative class action in state court, which Defendant removed to federal district court. Defendant contended that there was federal jurisdiction over the action under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 (2005), and in particular 28 U.S.C. § 1332(d)(2). Rodriguez alleged that the amount in controversy did not exceed $5 million, as required for federal jurisdiction, and purported to waive any claim by the class in excess of that amount. Based on that waiver, the district court granted Rodriguez's motion to remand the case to state court. The Supreme Court later held that such a waiver was ineffective, however. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013). As a result, we vacate the district court's order and remand to the district court for further proceedings.

In its remand order, the district court held that to establish federal jurisdiction over a putative class action, Defendant must demonstrate to a "legal certainty" that the amount in controversy exceeded the $5 million threshold amount, based upon our decision to that effect in *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994, 999 (9th Cir. 2007). Our reasoning there for imposing on defendants the burden to prove the amount in controversy to a legal certainty, rather than the ordinary preponderance of the evidence standard, is clearly irreconcilable with the Supreme Court's reasoning in *Standard Fire*. As a result, we hold that *Lowdermilk* has been effectively overruled, and that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.

## I.  Background

Plaintiff Robert Rodriguez brought a putative class action against AT&T Mobility Services, LLC, on behalf of himself and all other similarly situated retail sales managers of AT&T wireless stores in Los Angeles and Ventura counties. Rodriguez asserted various claims under California law related to alleged unpaid wages, overtime compensation, and damages for statutory violations. Rodriguez filed his original complaint in Los Angeles County Superior Court. AT&T removed the case to federal court under 28 U.S.C. § 1332(d)(2).

Rodriguez moved to remand the case to California state court, arguing that AT&T could not establish subject-matter jurisdiction in federal court. Specifically, Rodriguez argued that the total amount in controversy in this putative class action did not exceed $5 million, the minimum amount for federal jurisdiction as required by § 1332(d). Rodriguez

pointed to his First Amended Complaint, in which he alleged as much, that "the aggregate amount in controversy is less than five million dollars." To bolster his position, in that pleading, Rodriguez also "waive[d] seeking more than five million dollars ($5,000,000) regarding the aggregate amount in controversy for the class claims alleged."

AT&T attempted to establish that the amount in controversy did in fact exceed $5 million by submitting several sworn declarations from AT&T representatives regarding the potential number of class members and size of their claims. AT&T argued that Rodriguez's allegations, coupled with the sworn declarations, established that the amount in controversy could not be less than roughly $5.5 million and was likely double that amount.

The district court rejected AT&T's argument and ordered remand to state court. The court noted that the amount in controversy was the only jurisdictional requirement at issue in this case and that a defendant seeking removal of an action to federal court bears the burden of establishing the grounds for federal jurisdiction, propositions that the parties did not dispute. Citing our decision in *Lowdermilk*, the district court held that AT&T "must demonstrate to a legal certainty that more than $5,000,000 is at issue in this case." AT&T could not do so, the court held, because Rodriguez's "'disclaimer' of any recovery exceeding $5,000,000 effectively foreclosed the jurisdictional issue." Because the waiver was controlling, the court reasoned that it "need not address the issues surrounding the parties' respective calculations of the amount in controversy as if there were no waiver or disclaimer of any amount exceeding $5,000,000."

AT&T filed a petition to appeal under 28 U.S.C. § 1453(c)(1), which we granted on July 1, 2013.

## II.  Discussion

A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction. 28 U.S.C. § 1441. Federal district courts have original subject matter jurisdiction over class actions in which a member of the plaintiff class is a citizen of a state different from any defendant and the aggregate amount of the class members' claims exceeds $5 million. 28 U.S.C. § 1332(d)(2). The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 399 (9th Cir. 2010). We review de novo a district court's remand order. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006).

As in the district court, the $5 million amount-in-controversy requirement of 28 U.S.C. § 1332(d)(2) is the only jurisdictional requirement disputed in this appeal.

### A.  *Plaintiff's Waiver of Claim Amount*

The remand ordered by the district court was explicitly based upon Rodriguez's waiver of any claim in excess of $5 million. Recently, however, and after the district court entered its order, the Supreme Court held that such a waiver was ineffective. In *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345 (2013), the Court held that a lead plaintiff of a putative class could not foreclose a defendant's ability to establish the $5 million amount in controversy by

stipulating prior to class certification that the amount in controversy is less than \$5 million. *Id.* at 1347.

The Court reversed the district court's remand order because plaintiff's stipulation was not binding on the class and therefore could not resolve the amount-in-controversy question. *Id.* at 1350. The Court explained, "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349. Thus, a plaintiff's "precertification stipulation does not bind anyone but himself." *Id.* Requiring courts to "ignore a nonbinding stipulation," the Court held, "does no more than require the federal judge to do . . . what the statute requires, namely 'aggregat[e]' the 'claims of the individual class members.'" *Id.* at 1350 (quoting 28 U.S.C. § 1332(d)(6) (alteration in original)).

In our case, Rodriguez acknowledges that the district court's remand order must be vacated in light of *Standard Fire*. His waiver no longer has legal effect. Because the order to remand the case to state court relied solely on that waiver, it must be vacated and the matter remanded to district court for further consideration.

*B. Burden of Proof*

That brings us to the question of the standard to be applied on remand. The district court held that a heightened burden of proof applied to AT&T in establishing the requisite jurisdictional minimum. Under *Lowdermilk v. U.S. Bank National Association*, 479 F.3d 994 (9th Cir. 2007), when a class action complaint alleges damages below the jurisdictional minimum, the removing defendant must establish to a "legal certainty" that the amount in controversy

in fact exceeds the jurisdictional requirement. *Id.* at 999. Based on *Lowdermilk*, the district court's decision in our case was correct at the time.

AT&T contends, however, that *Standard Fire* fatally undermines *Lowdermilk*'s legal certainty standard such that it has been effectively overruled and should not apply on remand. Rather, AT&T argues that it need only establish that the amount in controversy exceeds \$5 million by a preponderance of the evidence, the standard that ordinarily applies where a plaintiff "fails to plead a specific amount of damages." *Id.* at 998. Rodriguez disputes AT&T's reading of *Standard Fire*.

### 1.    The Binding Nature of Prior Precedent

As a three-judge panel of this circuit, we are bound by prior panel decisions such as *Lowdermilk* and can only reexamine them when their "reasoning or theory" of that authority is "clearly irreconcilable" with the reasoning or theory of intervening higher authority. *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) (en banc). "This is a high standard." *Lair v. Bullock*, 697 F.3d 1200, 1207 (9th Cir. 2012) (internal quotation marks omitted).

The test requires us to look at more than the surface conclusions of the competing authority. The issues presented in the two cases need not be identical in order for the intervening higher authority to be controlling. *Miller*, 335 F.3d at 900. "Rather, the relevant court of last resort must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable." *Id.* But "[i]t is not enough for there to be 'some tension' between the intervening higher authority and

the prior circuit precedent." *Lair*, 697 F.3d at 1207 (quoting *United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011)).

In *United States v. Lindsey*, 634 F.3d 541 (9th Cir. 2011), we elaborated on the *Miller* standard. The prior circuit precedent at issue provided that an erroneous denial of a peremptory challenge required automatic reversal of a criminal conviction. *See id.* at 546–47 (discussing the automatic reversal rule of *United States v. Annigoni*, 96 F.3d 1132 (9th Cir. 1996) (en banc)). But in *Rivera v. Illinois*, 556 U.S. 148 (2009), the Supreme Court held that courts could review improper denials of peremptory challenges for harmless error without running afoul of the Federal Constitution. *Id.* at 157. *Rivera* only addressed peremptory challenges in state, not federal, court, and it did not foreclose the possibility that automatic reversal could be held appropriate in a federal prosecution. *Lindsey*, 634 F.3d at 550. Nonetheless, *Lindsey* held that *Rivera*'s reasoning was clearly irreconcilable with *Annigoni*'s automatic reversal rule such that the en banc decision of the Ninth Circuit had been effectively overruled. *Id.* ("It does not matter that the two decisions are not identical.").

*Lindsey* highlighted *Miller*'s instruction to focus on "the *reasoning* and *analysis* in support of a holding, rather than the holding alone." *Id.* at 550. We noted that the result in *Miller* was a consequence of the Supreme Court's having taken an "approach that [was] fundamentally inconsistent with the reasoning of our earlier circuit authority." *Id.* at 548 (quoting *Miller*, 335 F.3d at 892) (internal quotation marks omitted). Thus, because the conclusion reached in our circuit precedent was no longer "supported for the reasons stated" in that

2:17-cv-01093-MHW-EPD Doc #: 1 Filed: 11/08/13 Page: 80 of 85  PAGEID

decision, our court determined that it was no longer appropriate to apply its holding. *Lindsey*, 634 F.3d at 551.

In contrast, we held in *Lair v. Bullock* that a district court had erred when it eschewed our controlling circuit precedent because of a subsequent decision by the Supreme Court. 697 F.3d at 1207. Our precedent, *Montana Right to Life Association v. Eddleman*, 343 F.3d 1085 (9th Cir. 2003), and the intervening higher authority, *Randall v. Sorrell*, 548 U.S. 230 (2006), reached opposite conclusions regarding campaign contribution limits. *Compare Eddleman*, 343 F.3d at 1092–96 (upholding Montana's campaign contribution limit) *with Randall*, 548 U.S. at 236–37 (holding that Vermont's contribution limitations were unconstitutional). But that tension was not enough to overrule *Eddleman* because *Randall* "only clarified and reinforced" the principles on which our prior decision relied. *See Lair*, 697 F.3d at 1207 (noting that *Eddleman* was based on the same Supreme Court precedent on which *Randall* relied).

We must, then, follow our court's directive to look beyond the narrow conclusions of *Lowdermilk* and *Standard Fire*. Instead, we focus on the respective bases for those decisions to determine whether *Standard Fire*'s reasoning so undercuts the principles on which *Lowdermilk* relied that our prior decision cannot stand.

### 2. The Reasoning of *Lowdermilk* and *Standard Fire*

*Lowdermilk* involved a class complaint filed in Oregon state court on behalf of a class of employees. 479 F.3d at 996. Defendant removed the case to federal court, and plaintiff opposed removal, arguing that the aggregate amount in controversy did not exceed $5 million. *Id.* Plaintiff's

RODRIGUEZ V. AT&T MOBILITY SERVICES      11

complaint alleged damages "in total, less than five million dollars." *Id.* at 996. The district court remanded the case to state court. *Id.*

We affirmed the order of remand. Because plaintiff had alleged that the amount in controversy was less than $5 million, we held that "we need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met." *Id.* at 998. We further held that "a plaintiff may sue for less than the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court." *Id.* at 999. Plaintiff, being the "master of her complaint," could elect to remain in state court by merely forgoing any damages above the jurisdictional minimum. *Id.* at 998–99. Accordingly, we held that "the familiar 'legal certainty' standard best capture[d] the proof the defendant must produce," noting, at 999, that the Third Circuit had reached a similar conclusion in *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006).[1]

*Lowdermilk* rested on two principles. 479 F.3d at 998 ("There are two principles that inform our judgment here."). First, federal courts are courts of limited jurisdiction, which is to be strictly construed. *Id.* Second, "plaintiff is the 'master

---

[1] No other circuit has adopted this heightened standard, and most circuits have adopted a preponderance standard. *See Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012) (rejecting the legal certainty test and reviewing cases); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Bell v. Hershey Co.*, 557 F.3d 953, 958 (8th Cir. 2009); *Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009); *Smith v. Nationwide Prop. & Cas. Ins.* Co., 505 F.3d 401, 404 (6th Cir. 2007); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540–41 (7th Cir. 2006). The Third Circuit has not spoken on the legal certainty standard after *Standard Fire*.

of her complaint' and can plead to avoid federal jurisdiction."
*Id.* at 998–99. *Lowdermilk* adopted the "legal certainty" test,
in part, to "preserve the plaintiff's prerogative . . . to forgo a
potentially larger recovery to remain in state court." *Id.* at
999.

It was the second principle that primarily explained our
decision in *Lowdermilk*. That federal courts are courts of
limited jurisdiction is inherently true for all cases in which
federal jurisdiction is at issue, but we do not routinely impose
a heightened "to a legal certainty" burden of proof in
determining whether there is federal jurisdiction in other
contexts. *See McNutt v. Gen. Motors Acceptance Corp. of
Ind.*, 298 U.S. 178, 189 (1936) (discussing a party's burden
to show that federal jurisdiction is appropriate and that he
"justify his allegations by a preponderance of the evidence");
*Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir.
2004) (holding that a defendant must carry its burden to
establish by a preponderance of the evidence that the amount
in controversy exceeded \$75,000 because plaintiff's
complaint "[fell] short of even seeking the threshold
amount").

That second principle is, however, directly contradicted
by *Standard Fire.* The Court held that a plaintiff seeking to
represent a putative class could not evade federal jurisdiction
by stipulating that the amount in controversy fell below the
jurisdictional minimum. *Standard Fire*, 133 S. Ct. at 1350. As
a consequence, we cannot now say that a plaintiff, in the class
action context, has the "prerogative . . . to forgo a potentially
larger recovery to remain in state court." *See Lowdermilk*,
479 F.3d at 999 (adopting the legal certainty standard to
"preserve" that choice). Plaintiff may not "sue for less than

the amount she may be entitled to if she wishes to avoid federal jurisdiction and remain in state court." *Id.*

In addition, *Lowdermilk* held that district courts "need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met" so long as a plaintiff avers damages below \$5 million. *Id.* at 998. Under *Standard Fire*, the district court's inquiry is not so narrow. *Standard Fire* instructed district courts to look to the potential claims of the absent class members, rather than plaintiff's complaint, holding that section 1332(d) so requires: "[t]he statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class." 133 S. Ct. at 1348.

Put another way, *Lowdermilk* reasoned that the initial jurisdictional determination derives from the complaint, while *Standard Fire* mandates that courts determine their jurisdiction by aggregating all potential class members' individual claims. *See id.* at 1350 ("[T]o ignore a nonbinding stipulation does no more than require the federal judge to do what she must do in cases without a stipulation and what the statute requires, namely 'aggregate' the 'claims of the individual class members.'" (quoting 28 U.S.C. § 1332(d)(6)). To do so, district courts must necessarily "look beyond the four corners of the complaint" when the complaint alleges damages below the jurisdictional minimum, contrary to *Lowdermilk*'s instruction. *Lowdermilk*, 479 F.3d at 998.

*Lowdermilk* adopted the legal certainty standard to reinforce plaintiff's prerogative, as master of the complaint, to avoid federal jurisdiction by forgoing a portion of the

14      RODRIGUEZ v. AT&T MOBILITY SERVICES

recovery on behalf of the putative class. That choice has been taken away by *Standard Fire*. Further, *Standard Fire* instructs courts to look beyond the complaint to determine whether the putative class action meets the jurisdictional requirements. *Standard Fire*, 133 S. Ct. at 1350.

The theory supporting our adoption of the legal certainty standard no longer holds true. *Lowdermilk*'s legal certainty standard is a consequence of a plaintiff's ability to plead to avoid federal jurisdiction. That principle is not viable in actions involving absent class members. The reasoning behind *Lowdermilk*'s imposition of the legal certainty standard is clearly irreconcilable with *Standard Fire*. We hold that *Standard Fire* has so undermined the reasoning of our decision in *Lowdermilk* that the latter has been effectively overruled. A defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. This standard conforms with a defendant's burden of proof when the plaintiff does not plead a specific amount in controversy. *See Guglielmino v. McKee Foods*, 506 F.3d 696, 701 (9th Cir. 2007).[2] This is the burden AT&T must satisfy on remand.

## *C. Application of the Preponderance Standard*

The district court, relying on Rodriguez's waiver of damages in excess of $5 million, did not undertake an analysis of AT&T's evidence regarding the amount in controversy. We decline AT&T's invitation to do so in the

___

[2] Nothing in our opinion should be construed to comment on our court's decision in *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006). That decision concerned issues not presented in this appeal.

first instance on appeal. *See Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1041 (9th Cir. 2003) (remanding when intervening Supreme Court authority altered the standard at issue).

AT&T also contends that Rodriguez waived challenging the amount in controversy under a preponderance standard because Rodriguez never argued it below. AT&T cites no authority for that proposition, nor could it. The preponderance standard did not apply to AT&T's burden of proof prior to *Standard Fire*, so Rodriguez did not waive that challenge. *See In Re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (describing three exceptions to the discretionary determination of waiver, including "when a new issue arises while appeal is pending because of a change in the law").

Because we hold that the legal certainty standard no longer applies to AT&T's burden of proof on remand, and we vacate the district court's order remanding the case to state court, we need not address AT&T's bad faith argument.

## III.   Conclusion

A lead plaintiff of a putative class cannot reduce the amount in controversy on behalf of absent class members, so there is no justification for assigning to the allegation weight so significant that it affects a defendant's right to a federal forum under § 1332(d)(2). Our reasons for applying a legal certainty standard are now clearly irreconcilable with intervening Supreme Court authority. Accordingly, *Lowdermilk* has been effectively overruled by *Standard Fire*.

### VACATED and REMANDED.