**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALMA BOJORQUEZ, JAKE VALLANTE, MATTHEW ALLAN and BRIELLE BRATTON, individually, and on behalf of all others similarly situated, | : : : : | Case No. 2:16-cv-00551 DECLARATION OF RANDALL AIMAN- |
| Plaintiffs, | : : : | SMITH IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND |
| vs. | : : | COLLECTIVE ACTION SETTLEMENT |
| ABERCROMBIE & FITCH CO.; ABERCROMBIE & FITCH STORES, INC.; and DOES 1 through 10, inclusive, | : : : | Judge Watson Magistrate Judge Kemp |
| Defendants. | : : | |

And Related Case

| | | |
|---|---|---|
| ALEXANDER BROWN and ARIK SILVA, individually, and on behalf of all others similarly situated, | : : : | Case No. 2:17-cv-01093 DECLARATION OF RANDALL AIMAN- |
| Plaintiffs, | : : : | SMITH IN SUPPORT OF JOINT MOTION FOR PRELIMINARY |
| vs. | : : | APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT |
| ABERCROMBIE & FITCH CO.; ABERCROMBIE & FITCH STORES, INC.; and DOES 1 through 10, inclusive, | : : : | Judge Watson |
| Defendants. | : : : | Magistrate Judge Elizabeth Preston Deavers |

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al*., case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al*., case number 2:17-cv-01093
Declaration of Randall Aiman-Smith in Support of Motion for Preliminary Approval of Class and Collective Action
Settlement

## DECLARATION OF RANDALL AIMAN-SMITH IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

I, Randall Aiman-Smith, declare:

1.     I am an attorney at law, licensed to practice in the state of California and admitted pro hac vice as counsel in the matters of *Bojorquez, et al. v. Abercrombie & Fitch Co.,* et al., case number 2:16-cv-00551 ("*Bojorquez* action") and *Brown, et al. v. Abercrombie & Fitch Co.,* et al., case number 2:17-cv-01093 ("*Brown* action"). I am a partner in Aiman-Smith & Marcy, Professional Corporation, which is the law firm of record for the plaintiffs in the case *Bojorquez* and *Brown* actions. This declaration is based on my personal knowledge and I could competently testify to all of the matters set forth herein. This declaration is provided in support of the Joint Motion for Preliminary Approval of Class and Collective Action Settlement.

2.     In Spring 2017, the *Brown* and *Bojorquez* actions were stayed to pursue mediation with Hunter Hughes, III. On May 23, 2017, the parties had a productive, full-day mediation session, but the case did not settle.

3.     Following the May 2017, mediation, the parties requested the stay to remain in place in *Bojorquez*, and on June 6, 2017, the Court lifted the stay in *Brown* and the parties commenced merits discovery.

4.     After the stay was lifted in *Brown*, Abercrombie propounded written discovery and took the deposition of ten additional class members, bringing the total number of deponents in that action to thirty-nine. In addition, during the litigation, the parties collected and exchanged the declarations of 147 class and putative class members.

5.     On September 18, 2017, the parties engaged in another full-day negotiation session with Mr. Hughes and signed a Memorandum of Understanding.

6.     The September 2017, mediation, was followed by three months of

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al*., case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al*., case number 2:17-cv-01093
Declaration of Randall Aiman-Smith in Support of Motion for Preliminary Approval of Class and Collective Action Settlement
Page 1

negotiations between the parties, calls with the mediator, and a third in-person negotiation session, this time in Los Angeles.

7.     A settlement was reached only after arm's-length negotiations during two full-day mediation sessions with Mr. Hughes, in Atlanta, another full-day in-person meeting between counsel in Los Angeles, and three months of telephone and email negotiations.

8.     After these extensive negotiations, the parties finally reached agreement, and on December 12, 2017, executed a final Settlement Agreement.

9.     A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.

10.     In considering the reasonableness of the settlement, Plaintiffs' counsel took into consideration the substantial costs and risks of further litigation.  The over-three-times-larger nationwide *Bojorquez* action (including 196,000 class and collective members) could reasonably require over 100 additional depositions across the country, a daunting further investment of attorney time and litigation costs.  Indeed, even ancillary costs of prosecuting such large cases are significant.  For example, in *Brown*, the cost of mailing the Class Notice was over $32,000.

11.     In further considering the reasonableness of the settlement, Plaintiffs' counsel also took stock of the extensive discovery conducted in the case, which provided both parties with a meaningful understanding of the issues and defenses in the actions. The parties in *Brown* and *Bojorquez* had produced more than 66,000 pages of documents, which Plaintiffs' counsel studied and analyzed.  The parties also took 39 depositions in the *Brown* case and litigated the matter through class certification and into merits discovery.

12.     In *Bojorquez*, Plaintiffs' counsel prepared a FLSA motion for conditional certification, and had obtained many declarations and 216(b) consent forms, which were

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:17-cv-01093
Declaration of Randall Aiman-Smith in Support of Motion for Preliminary Approval of Class and Collective Action Settlement
Page 2

provided as part of Plaintiffs' mediation briefs.

13.     Mediation sharpened the parties' understanding of the case.  Plaintiffs' expert analyzed hundreds of thousands of rows of purchase data and payroll records for settlement class and collective members to calculate a detailed damages analysis for mediation.

14.     The parties marshalled that data and drafted and exchanged over 196 pages of single-spaced mediation briefs (not including exhibits) and engaged in two full-day mediation sessions, as well as subsequent conference calls and meetings, where our theories and exposure were tested, revised, and refined.  In sum, as Plaintiffs' counsel, I believe that the parties developed a thorough understanding of the merits of the claims and defenses, allowing both sides to appreciate and consider the risks of further litigation and accurately value the case.

15.     My firm has represented employees in numerous class actions asserting violations of labor law, many resulting in published decisions, including *Bradley v. Networkers International LLC* (2012) 211 Cal.App.4th 1129 and *Benton v. Telecom Network Specialists, Inc.* (2013) 220 Cal.App.4th 701.

16.     A true and correct copy of the Curriculum Vitae for Aiman-Smith & Marcy is attached hereto as Exhibit 2.

17.     My firm, as Plaintiffs' counsel, is well qualified to conduct the proposed litigation and to assess its settlement value.  Based on that experience, I, and the other members of my firm, as Plaintiffs' counsel, believe the proposed settlement is fair and adequate to Settlement Class/Collective Members.

18.     My firm has worked extensively with all of the Plaintiffs in the *Brown* and *Bojorquez* actions.  Plaintiffs' counsel can maintain and represent that no conflicts of interest exist as between counsel and the named Plaintiffs and any members of the settlement class.  Furthermore, no subclasses with potentially divergent interests exist,

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:17-cv-01093
Declaration of Randall Aiman-Smith in Support of Motion for Preliminary Approval of Class and Collective Action Settlement
Page 3

and Plaintiffs and the settlement class share the common interest of challenging the legality of Defendants' policies.

19.    I can attest that Plaintiffs retained experienced and well-regarded counsel who have litigated this case vigorously and in good faith on behalf of the entire class. The parties have agreed to use Dahl Administration, LLC ("Dahl") to administer the Class and Collective Action Notice and claims process.  Dahl is a full-service provider, with a staff of professionals experienced in class action administration, process development, document and script development, data and image capture, claims processing, quality control review, accounting, project management, software development, and distribution.  Dahl was responsible for sending out the notice of pendency of class action in the *Brown* action and is, thus, familiar with the specifics of the actions.  The parties jointly worked with Dahl to draft screen shots that the Settlement Class and Collective Members will view on the settlement website when selecting their purchases as part of the claims process, attached as Exhibit F to the Settlement Agreement.  My office has successfully worked with Dahl on a number of occasions to administer class action settlements and Dahl has always been extremely professional, efficient, and provided competitive quotes.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 26, 2018, at Oakland, California.

/s/ Randall Aiman-Smith

_____

Randall Aiman-Smith

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al*., case number 2:17-cv-01093
Declaration of Randall Aiman-Smith in Support of Motion for Preliminary Approval of Class and Collective Action Settlement
Page 4

**Exhibit 1**

## SETTLEMENT AGREEMENT

This Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement") is made and entered into by and between Plaintiffs Alexander Brown, Arik Silva, Jake Vallante, Matthew Allan and and Brielle Bratton (collectively "Plaintiffs" or "Class Representatives"), as individuals and on behalf of all others similarly situated, and Defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. ("Defendants" or "Abercrombie") (collectively with Plaintiffs, the "Parties", with being a "Party").

WHEREAS, on September 16, 2013, an action was filed in the Superior Court of the State of California in and for the County of Alameda, styled *Alexander Brown and Arik Silva, individually and on behalf of all others similarly situated v. Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc., and Does 1-50, inclusive,* Case No. RG13695930;

WHEREAS, on November 8, 2013, that action was removed to the United States District Court for the Northern District of California on November 8, 2013 and transferred to the United States District Court for the Central District of California on February 14, 2014, and assigned the new case number 2:14-cv-01242-JGB-E (herein "*Brown* Action"), alleging claims on behalf of various classes of approximately 62,000 non-exempt hourly California employees of Defendants [*Brown* Action Dkt. 1];

WHEREAS, on July 16, 2015, the Court in the *Brown* Action certified four classes for class treatment [*Brown* Action Dkt. 108];

WHEREAS, on December 15, 2015, a similar but more broad action, styled *Alma Bojorquez, Jake Vallante, Matthew Allan, and C'endan Claiborne, individually and on behalf of all other similarly situated v. Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc., and Does 1-10, inclusive,* Case No. 2:15-cv-09651-JGB-AGR (herein "*Bojorquez* Action") was filed in the United States District Court for the Central District of California alleging violations of the Fair Labor Standards Act ("FLSA") on behalf of a nation-wide class, as well as violations of the labor laws of three states – California, Massachusetts and Florida – each on behalf of a state-wide class [*Bojorquez* Action Dkt. No. 48-2];

WHEREAS, on December 28, 2015, the *Bojorquez* Court found the *Bojorquez* Action is related to the *Brown* Action and ordered the *Bojorquez* matter transferred to the Court and judge presiding over the *Brown* Action [*Bojorquez* Action Dkt. No. 7];

WHEREAS, on February 26, 2016, a First Amended Complaint was filed in the *Bojorquez* Action which removed C'endan Claiborne as a named plaintiff in that Action [*Bojorquez* Action Dkt. No. 29];

1

WHEREAS, on or about June 16, 2016, the *Bojorquez* Court:

(1)    ruled that the *Brown* and *Bojorquez* Actions "clearly share[] a common nucleus of operative facts" and involve "the same transaction or series" of transactions;

(2)    ruled that the Central District of California was not the proper venue for the broad and multi-state *Bojorquez* action because it lacked personal jurisdiction over the Defendants for the non-California state law claims;

(3)    dismissed with prejudice plaintiff Alma Bojorquez' FLSA claim made in *Bojorquez*, thereby effectively removing her as a named plaintiff from the *Bojorquez* Action; and

(4)    ordered the *Bojorquez* action transferred to the district in which Defendants reside and the location of Defendants' headquarters, namely the Southern District of Ohio [*Bojorquez* Action Dkt. No. 38];

WHEREAS, on July 28, 2016, a Second Amended Complaint was filed in the *Bojorquez* Action in the federal District Court for the Southern District of Ohio (now assigned Case No. 2:16-cv-00551-MHW-EPD), which further expanded the lawsuit to add claims made under New York state law on the same core contention made in both *Brown* and *Bojorquez*, and add another state (New York) putative class [*Bojorquez* Action Dkt. No. 51];

WHEREAS, the *Bojorquez* Action now alleges a 49-state FLSA collective action involving up to approximately 195,000 persons (more than triple the size of the *Brown* Action), including approximately 100,000 putative class members and approximately 95,000 putative members of an FLSA collective action;

WHEREAS, Plaintiffs' counsel in the *Bojorquez* Action and in the *Brown* Action are the same counsel, and counsel for the Defendants in the *Bojorquez* Action and in the *Brown* Action are the same counsel;

WHEREAS, the Parties have conducted extensive written discovery, more than three dozen depositions, conducted two mediation sessions in Atlanta, Georgia with mediator Hunter Hughes III, as well multiple subsequent telephonic sessions with Mr. Hunter, and have exchanged hundreds of pages of briefing and analysis in connection with those efforts before Mr. Hunter;

WHEREAS, the Parties desire to settle, compromise, and avoid litigation relating to the claims described in the pleadings in the *Bojorquez* Action and *Brown* Action (referred to herein collectively as the "Actions"), and have agreed to settle the Actions by agreement, upon the terms and conditions and for the consideration set forth in this Settlement Agreement;

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, it is hereby agreed by and between the Parties hereto as follows:

## DEFINITIONAL TERMS

### RELATING TO CLASS MEMBERSHIP:

1.    "Class and Collective Members" as used herein refers collectively to Class Members and Collective Members.

2.    "Class Members" as used herein shall be all persons employed by Abercrombie as non-exempt hourly employees at an Abercrombie & Fitch, Abercrombie Kids, Hollister, and/or Gilly Hicks store in New York, Florida, Massachusetts, or California during all or part of the period set forth below for the State in which the individual was employed, as follows:

in the State of New York, for any time period between December 15, 2009 and the date of Preliminary Approval;

in the State of Florida, for any time period between December 15, 2010  and the date of Preliminary Approval];

in the State of Massachusetts, for any time period between December 15,  2012  and the date of Preliminary Approval;

in the State of California, between September 16, 2009 and the date of Preliminary Approval .

3.    "Collective Members" as used herein shall be all persons employed by Abercrombie in the United States of America as a non-exempt hourly employee at any Abercrombie & Fitch, Abercrombie Kids, Hollister, and/or Gilly Hicks store at any time between March 24, 2014 and the date of Preliminary Approval, excluding those individuals who worked for Abercrombie exclusively at  a store within the State of California during that time period.

4.    "Settlement Class" as used herein shall be a class of all Class and Collective Members.

5.    "Class Period" as used herein shall be the periods set forth for each State of employment set forth in the definition of "Class Members", above.

6.    "Collective Period" as used herein shall mean between March 24, 2014 and the date of Preliminary Approval.

RELATING TO CLASS NOTICE:

7.    "Class List" as used herein means the list of all members of the Settlement Class that Defendants will diligently and in good faith compile from its records to accurately reflect the name, most recent mailing address as shown in Defendants' records, telephone number, Social Security number and the date of birth of Class and Collective Members as shown in Defendants' records, and will be formatted in a readable Microsoft Office Excel spreadsheet.

8.    "Notice Packet" means the document in the form attached as Exhibit 1.

9.    "Participation Form" as used herein means the document in the form attached as Exhibit A (for use with Class Members), Exhibit B (for use with persons who are Collective Members only) and Exhibit C (for use with persons who are both Class Members and Collective Members), which shall be included with the Notice Packet.

10.    "Election to Opt-Out Form" as used herein means the in the form attached as Exhibit D, which shall be included with the Notice Packet for all Class and Collective Members other than those that are Collective Members only.

11.    "Address Change Form" as used herein means the form attached as Exhibit E, which shall be included with the Notice Packet.

12.    "Response Deadline" means the deadline by which Class and Collective Members must postmark completed Election to Opt-Out Forms, Participation Forms, or objections sent to the Claims Administrator to be timely.  The Response Deadline will be sixty (60) days from the date of the initial mailing of the Notice Packet by the Claims Administrator, unless the 60th day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.  The Response Deadline may also be extended by express agreement between Class Counsel and Defendants.  Under no circumstances, however, will the Claims Administrator have the authority to unilaterally extend the deadline for Putative Class Members to submit a Claim Form, Request for Exclusion, or objection to the settlement.

RELATING TO CLASS PAYMENT:

13.     "Settlement Member(s)" as used herein means Class Members who do not timely and properly submit an Election to Opt-Out Form, and Collective Members who timely and properly submit the Participation Form found at Exhibit B hereto.

14.     "Settlement Amount" as used herein shall refer to the maximum amount that will be paid under this Agreement, inclusive of all payments made to Class and Collective Members, Plaintiffs, to Class Counsel, to California Labor and Workforce Development Agency ("LWDA") in settlement of California Private Attorney General Act, Cal. Lab. Code §§ 2698, *et seq.* ("PAGA") claims, to the Claims Administrator for Administrative Costs, as well as all employer tax and contribution obligations in connection with payments to the Class and Collective Members (including employer FICA, FUTA, and SDI contributions), and will total $25,000,000 and no more. The Settlement Amount is allocated as follows: (a) $16,677,500 for payment of timely claims made by Class and Collective Action Members under the terms set forth herein, including employer payroll taxes on such payments in exchange for Release given herein by Settlement Class Members (25% of payment made to Class and Collective Members shall be deemed wages, 75% will be deemed reimbursement, interest and penalties); (b) $7,500,000 for payment of Class Counsel's Attorney Fees; (c) $250,000 for Class Counsel's Costs; (d) $35,000 for Class Representative Enhancement Payments; (e) $500,000 for Claims Administration Costs; and (f) $37,500 to the State of California for its 75% share of the $50,000 of the Settlement Fund allocated for settlement of the PAGA claims.

15.     "Net Settlement Amount" as used herein refers to item (a) in the preceding section, specifically the $16,677,500 of the $25,000,000 Settlement Amount allocated for payment of timely claims made by Class and Collective Action, including employer payroll taxes on such payments.

16.     "Covered Item" as used herein is any clothing or footwear items offered by Abercrombie to Class and Collective Members at an employee discount at any time during the Class Period, excluding jewelry, perfume, cologne, under garments, lingerie, sleepwear, socks, and bathing suits.

17.     "Class Purchase Data" as used herein is a data set containing, for each Class and Collective Member, the Covered Items he or she purchased.

RELATING TO OTHER PAYMENTS:

18.     "Class Counsel" as used herein shall refer to, Randall B. Aiman-Smith, Esq., Reed W. L. Marcy, Esq., Hallie Von Rock, Esq., Carey A. James, Esq. and Brent A. Robinson of Aiman-Smith & Marcy, currently located at 7677 Oakport Street, Suite 1150, Oakland, CA 94621.

19.     "Class Counsel's Attorney Fees" as used herein means attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's fees incurred in investigation of the Actions, litigation of the Actions, resolution of the Actions, administration of the Settlement, including fees incurred through final approval and disbursement of payments under this Settlement and obtaining entry of the Judgment terminating the Action, and which shall not exceed seven million five hundred thousand dollars ($7,500,000).

20.     "Class Counsel's Costs" as used herein shall means attorneys' costs (including expert fees and associated costs) incurred by Class Counsel in the litigation and settlement of the Actions and agreed upon by the Parties and approved by the Court, including, but not limited to, cost incurred in investigation of the Actions, litigation of the Actions, resolution of the Actions, administration of the Settlement, including costs incurred through final approval and disbursement of payments under this Settlement and obtaining entry of the Judgment terminating the Action and which shall not exceed two hundred and fifty thousands dollars ($250,000).

21.     "Class Representative Enhancement Payments" means the amounts to be paid to Plaintiffs in recognition of their effort and work in prosecuting the Action on behalf of Putative Class Members, and for their general release of claims, which shall not exceed $ 10,000 for Plaintiff Alexander Brown, shall not exceed $10,000 for Plaintiff Arik Silva, shall not exceed $5,000 for Plaintiff Jake Vallante, shall not exceed $5,000 for Plaintiff Matthew Allan, and shall not exceed $5,000 for Plaintiff Brielle Bratton.

22.     "Claims Administrator" means a third-party class action settlement claims administrator agreed to by the Parties and approved by the Court for the purposes of administering this settlement. The Parties each represent that they do not have any financial interest in the Claims Administrator or otherwise have a relationship with the Claims Administrator that could create a conflict of interest. All amounts charged by the Settlement Administrator shall not exceed $500,000.

23.     "Claims Administration Costs" means the costs payable from the Class Settlement Amount to the Claims Administrator for administering this Settlement, including, but not limited to, creating a website for this Settlement, printing, distributing, and tracking documents for this Settlement, calculating estimated amounts per Class Member, distributing the Class Settlement Amount, providing necessary reports and declarations, and other duties and responsibilities set forth herein to process this Settlement, and as requested jointly by the Parties, and which shall not exceed five hundred thousand dollars ($500,000).  To the extent actual Claims Administrations Costs are greater than $500,000, such excess amount will be split evenly between Defendants on the one hand, and Class Counsel on the other hand, unless Defendants and Class Counsel agree in writing otherwise.

6

RELATING TO RELEASED CLAIMS AND RELEASED PARTIES:

24. "Release" as used herein shall mean the following release of claims, which is given by each Settlement Member:

I hereby fully, forever, irrevocably, and unconditionally release and discharge Abercrombie & Fitch Co. ("AFC") or Abercrombie & Fitch Stores, Inc. ("AFSI") (jointly "Abercrombie"), their affiliates, subsidiaries, parent companies, predecessors, successors, divisions, joint ventures and assigns, and each of these entities present or past officers, directors, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, assigns, and all persons acting by, through, under, or in concert with them (collectively each of these including AFC and AFSI is referred to hereinafter as the "Released Parties"), from any wage and hour claims under the laws of the States in which I worked during the Class Period or Collective Period as an employee for AFC or AFSI, for unreimbursed business expenses or forced patronage (and if I worked at a store in California, also claims for unauthorized rest periods or rest period premiums), as well as any claims for overtime compensation, unpaid minimum wage, inaccurate wage statement, deductions from pay and waiting time penalties based on such expense or patronage claims (and, for California workers, rest periods), and for the time periods I worked during the Class Period or Collective Period as an employee for AFC or AFSI, including claims for liquidated damages or penalties, as well as any claims made in any pleading in the Action (these pleadings are found at [WEBSITE]) or which reasonably flow from the facts alleged in such pleadings. This Release includes such claims whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time I sign this Form that accrued during the Class Period or Collective Period. I also hereby release and discharge the Released Parties from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities, arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, related to any minimum wage and overtime claim based on allegations of for unreimbursed business expenses or forced patronage, whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time this I sign this Form that accrued during the Class Period or Collective Period while I was an employee for AFC or AFSI.

7

RELATING TO PRELIMINARY AND FINAL APPROVAL:

25. "Settlement Court" as used herein means the United States District Court for the Southern District of Ohio, and specifically the courtroom in which the *Bojorquez* Action is pending.

26. "Preliminary Approval" means the Court order granting preliminary approval of the Settlement Agreement.

27. "Final Approval" means the Court order granting final approval of the Settlement Agreement.

28. "Effective Date" as used herein means the latter of: (a) the 31st day after the Court enters an order granting final approval of the Settlement Agreement, provided that no timely appeal is taken of the order of final approval by a Settlement Member; and/or (b) if any timely appeal is filed by a Settlement Member, the date of resolution of such appeal, provided that that resolution does not in a way alter the terms of the Settlement.

## II. ADDITIONAL TERMS

29. Transfer of the *Brown* Action for Settlement Purposes Only. Promptly upon execution of this Settlement by all Parties, the Parties shall request or move the Court presiding over the *Brown* Action for an order transferring the single-state *Brown* Action for settlement purposes only to the United States District Court for the Southern District of Ohio, and specifically the courtroom in which the 49-state *Bojorquez* Action is pending. The parties also stipulate to and agree to transfer of the *Brown* Action back to the United States District Court for the Central District of California for further proceedings if the Court overseeing the *Bojorquez* Action does not preliminarily and finally approve of this Settlement. Transfer of the *Brown* Action as discussed herein is a condition precedent to this Agreement and all payment, reporting and release obligations hereunder, provided however that the Parties may waive this precondition, but only by mutual written agreement signed by the Parties or their counsel.

30. Preliminary Approval Hearing. Upon transfer of the *Brown* Action to the Settlement Court, Plaintiffs will obtain a hearing before the Settlement Court to request the Preliminary Approval of the Settlement Agreement, and the entry of a Preliminary Approval Order for: (a) conditional certification of the Settlement Class for settlement purposes only, (b) Preliminary Approval of the proposed Settlement Agreement, and (c) setting a date for a Final Approval/Settlement Fairness Hearing. The Preliminary Approval Order will provide for the Notice Packet to be sent to all Class and Collective Members as specified herein. In conjunction with the Preliminary Approval hearing, Plaintiffs will submit this

Settlement Agreement, which sets forth the terms of this Settlement, and will include the proposed Notice Packet; i.e., the proposed Notice to Class Members Regarding the Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement of Class Action Settlement and its proposed Participation Forms, and the other forms, all attached hereto as Exhibit 1 and A-E. Class Counsel will be primarily responsible for drafting all documents necessary to obtain preliminary approval, though the parties will meet and confer on such materials, and shall attempt to submit those documents jointly. However, Defendants may submit a separate brief in support of preliminary approval.

31.     Delivery of the Class List and Class Purchase Data. Within twenty-eight (28) calendar days of entry of Preliminary Approval, Defendants will provide the Class List and Class Purchase Data to the Claims Administrator and to Class Counsel, which shall be used solely for the administration of this Settlement Agreement and for no other purpose, and shall not be shared with any persons or entity not employed by Class Counsel or the Claims Administrator and working on the administration of this Settlement Agreement. In the event that the Settlement Agreement is not finally approved by the Court, or if it is in any way altered or disapproved on appeal, the Claims Administrator and Class Counsel shall not thereafter use the Class List, and shall destroy any and all copies or versions of it (including any in electronic form).

32.     Notice by First-Class U.S. Mail. Within ten (10) calendar days after receiving the Class List from Defendants, the Claims Administrator will, after performing an initial skip trace on the addresses set forth in the Class list, mail a Notice Packet to all Putative Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List. Any Notice Packets returned to the Claims Administrator as non-deliverable on or before 60 days after mailing will be sent promptly via regular First-Class U.S. Mail to any forwarding address affixed thereto and the Claims Administrator will indicate the date of such re-mailing on the Notice Packet. No additional mailings shall occur. Any Class Member who does not actually receive notice after the steps outlined above have been taken will remain Class or Collective Member, subject to the terms of this Settlement.

33.     Settlement Payments.

a.     After Final Approval of this Settlement (discussed herein) and upon reaching the Effective Date, Defendants will make a settlement payment to each Class Member who properly submits a timely and fully executed Participation Form and identifies on the website described below purchases he/she claims was a direct result of being compelled or required to make the purchase by Abercrombie (and was not made voluntarily for any work-related or non-work related reason) pursuant to the procedure set forth below, such that a Class or Collective Member

9

who properly selects and certifies an item's purchase as being a direct result of being compelled or required to make the purchase by Abercrombie (and was not made voluntarily for any work-related or non-work related reason) will receive a portion of the amount he/she paid for the item as described below.

b.     Abercrombie, working with the Claims Administrator, will create a website that lists for each Class and Collective Member all Covered Items purchased by that Class or Collective Member during the Class Period, and which presents the user with the screens shown as Exhibit F hereto. The Notice Packet will instruct each Class and Collective Member that, prior to the Response Deadline and before signing and mailing the Participation Form, he/she may access his/her list of purchases of Covered Items by inputting his/her first and last name (as last shown in Abercrombie's records, or as shown in an name/address change form, Exhibit E hereto, received by the Claim Administrator) and his or her date of birth as shown in Abercrombie's records into the website prompt. He/she then will be directed by the website that he/she may select each item on the list that he/she believes was the direct result of being compelled or required to make the purchase by Abercrombie (and was not made voluntarily for any work-related or non-work related reason) by individually clicking on that item. The website will track such entries. The Class or Collective Member may then save such selections, certify that each selected item was the direct result of being compelled or required to make the purchase by Abercrombie (and was not made voluntarily for any work-related or non-work related reason), and then exit the website.

c.     To properly and timely submit a Participation Form and be eligible to receive payment under this Settlement, after visiting the website described above and making any selections as described above, the Class or Collective Member must then complete the Participation Form (enclosed with the Notice Packet sent to him/her), and then certify and sign it, and then mail it to the Claims Administrator at the address specified in the Participation Form, such that it is received by the Claim Administrator with a postmark date of, on, or before the Response Deadline.

d.     The total paid by all Class Members for Covered Items (excluding purchases by any one individual of more than $500) is referred to herein as Class Covered Items Total ("CCIT"). The Net Settlement Value ($16,677,500) will be divided by the CCIT to determine the Covered Item Payout Rate ("CIPR"). The total amount allocated to each Class Member as compensation under the Settlement Agreement (including employer payroll taxes) will be the total  of his or her

identified and certified compelled or required purchases during the applicable eligibility periods up to $500, multiplied by the CIPR. That Class Member's payment under the Settlement Agreement shall be that sum less employer payroll taxes.

e. For tax reporting purposes, any payments made pursuant to Settlement Members (excluding Class Representative Enhancement Payments) shall be allocated as follows: (a) 25% of payment shall be deemed wages and subject to payroll taxes (which will be deducted from that person's payment from the Net Settlement Amount); and (2) 75% of payment to each Settlement Member shall be deemed interest, penalties or reimbursement, or other non-wage recovery and not subject to payroll taxes. All other payments made pursuant to this agreement shall be deemed non-wages, and will be reported using an IRS Form 1099.

34. Request for Exclusion Procedures. To timely submit a Election to Opt-Out Form a Class Member must complete the Election to Opt-Out Form (enclosed with the Notice Packet sent to him/her), mail it to the Claims Administrator at the address specified in the Participation Form, and it must be received by the Claim Administrator with a postmark date of on or before the Response Deadline. Any disputes over the validity of any Election to Opt-Out Form on which the Parties cannot agree upon shall be resolved by the Claims Administrator.

35. Release. Each Class Member who does not sign and timely submit a Election to Opt-Out Form, and each Collective Member who is not also a Class Member who consents to participate in this Settlement using Exhibit B hereto, consents to and grants the Release defined above. Class and Collective Members who submit a timely Election to Opt-Out of Settlement and Class Action Form, will not be eligible to receive any of the benefits under the Settlement, and will retain whatever legal rights they may have against Abercrombie.

36. Objections to the Settlement. A Settlement Member may object to the Settlement by filing a written objection with the Settlement Court using the case name and number of the Settlement Court (found on the first page of the Notice Packet), and mailing a copy of his/her written objection to Class Counsel, Counsel for Abercrombie, and the Claims Administrator at the addresses listed in the Notice Packet, each by no later than the Response Deadline. The objection should be signed, set forth the objecting Settlement Member's address and telephone number, and state why he/she objects to the proposed Settlement and whether he/she intends to appear at the Final Approval Hearing. Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall be foreclosed from objecting to the fairness or adequacy of the proposed Settlement,

the requested Class Counsel Attorney Fees, Class Counsel Costs and Class Representative Enhancement Payments, the Release, and any other provision of this Settlement.

37.     Certification Reports by the Claims Administrator. Within 10 calendar days after expiry of the Response Deadline, the Claims Administrator will provide Defendants' counsel and Class Counsel with a written report which certifies: (a) the number of Class and Collective Members who have submitted valid Participation Forms; (b) the number of Class and Collective Members who have submitted valid Election to Opt-Out Forms; (c) the purchase value of the Covered Items selected on the website by Settlement Members; and (d) the number of Settlement Members who have submitted an objection to the settlement, along with copies of all such objections.     Additionally, the Claims Administrator will provide to counsel for the Parties any updated reports regarding the administration of the Settlement Agreement as reasonably requested by a Party.

38.     Final Settlement Approval Hearing and Entry of Judgment.     Upon expiration of the Response Deadline and receipt of the certification referenced in the preceding section of this Settlement, a Motion for Final Approval/Settlement Fairness Hearing will be submitted by the Parties seeking Final Approval of the Settlement Agreement along with the amounts properly payable for: (a) individual settlement payments; (b) the Labor and Workforce Development Agency Payment; (c) the Class Counsel Attorney Fees and Class Counsel Costs; (d) the Class Representative Enhancement Payments; and (e) all Claims Administration Costs.  The Final Approval/Settlement Fairness Hearing will not be held earlier than forty-five (45) days after the Response Deadline.  Class Counsel will be primarily responsible for drafting all documents necessary to obtain final approval, and the Parties shall attempt to submit those documents jointly.  However, Defendants may submit a separate brief in support of final approval.

39.     Fees, Costs, and Enhancement Awards.  Class Counsel will be responsible for drafting a separate motion for Class Counsel Attorney Fees (up to $7,500,000 and no more), Class Counsel Costs (up to $250,000 and no more), and Class Representative Enhancement Payments (up to an aggregate of $35,000 and no more), to be heard simultaneously with the Final Approval Motion.  Defendants shall not object to or oppose these requests.  Any sums not awarded by the Court overseeing the Settlement for these items shall be retained by Defendants.

40.     Judgment and Continued Jurisdiction.     Upon final approval of the Settlement by the Settlement Court or after the Final Approval/Settlement Fairness Hearing, the Parties will present the Judgment to the Settlement Court for its approval. After entry of the Judgment, the Settlement Court will have continuing and exclusive jurisdiction solely for purposes of addressing: (a) the interpretation and

enforcement of the terms of the Settlement, (b) Settlement administration matters, and (c) such post-Judgment matters as may be appropriate under Court rules or as set forth in this Settlement.

41.  **Settlement Payments.**  Within 10 calendar days of the Effective Date, Defendants shall provide the Claims Administrator with funds sufficient to fund all payments due under this Settlement to Settlement Members including payroll taxes, as well as Class Counsel's Attorney Fees, Class Counsel's Costs, Class Representative Enhancement Payments and PAGA payments to the LWDA approved by the Court.  Within 20 calendar days thereafter, such sums shall be distributed by the Claims Administrator along with applicable tax forms.  Within 10 calendar days of such distribution by the Claims Administrator, Defendants will pay Administrative Costs incurred and approved up to $500,000.

42.  **Uncashed Settlement Checks.**  Any checks issued by the Claims Administrator to Participating Class Members will be negotiable for at least 90 calendar days.  After such time, these funds will be returned to Defendants.

43.  **Certification of Completion.** Upon completion of administration of the Settlement, the Claims Administrator will provide a written declaration under oath to certify such completion to the Court and counsel for all Parties.

44.  **Administration of Taxes.** The Claims Administrator will be responsible for issuing to Plaintiffs, Class Members, and Class Counsel any W-2, 1099, or other tax forms as may be required by law for all amounts paid pursuant to this Settlement, and for forwarding all payroll taxes and penalties to the appropriate government authorities.

45.  **Tax Liability.** Defendants make no representation as to the tax treatment or legal effect of the payments called for hereunder, and Plaintiffs and Class Members are not relying on any statement, representation, or calculation by Defendants or by the Claims Administrator in this regard. Plaintiffs and Class Members understand and agree that except for Defendants' payment of the employer's portion of any payroll taxes, which is included within the Net Settlement Amount, they will be solely responsible for the payment of any taxes and penalties assessed on the payments described herein and will hold Defendants free and harmless from and against any claims resulting from treatment of such payments as non-taxable damages. Each party to this Settlement (for purposes of this section, the "Acknowledging Party" and each party to this agreement other than the acknowledging party, an "other Party") acknowledges and agrees that (1) no provision of this Settlement, and no written communication or disclosure between or among the Parties or their attorneys and other advisers, is or was intended to be, nor will any such communication or disclosure constitute or be construed or be relied upon as, tax advice

within the meaning of United States Treasury Department Circular 230 (31 CFR Part 10, as amended); (2) the Acknowledging Party (a) has relied exclusively upon his, her or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Settlement, (b) has not entered into this Settlement based upon the recommendation of any other Party or any attorney or advisor to any other Party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or adviser to any other Party to avoid any tax penalty that may be imposed on the acknowledging party; and (3) no attorney or adviser to any other party has imposed any limitation that protects the confidentiality of any such attorney's or adviser's tax strategies (regardless of whether such limitation is legally binding) upon disclosure by the Acknowledging Party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this agreement.

46.    No Prior Assignments. The Parties and their counsel represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right herein released and discharged.

47.    Separate Release of Claims & Rights by Plaintiffs. Plaintiffs, and each of them, hereby agree to the additional following General Release: As of the Effective Date, and in consideration of Defendants' promises and agreements as set forth herein, Plaintiffs hereby fully release the Released Parties from any and all Released Claims and also generally release and discharge the Released Parties from any and all claims, demands, obligations, causes of action, rights, or liabilities of any kind which have been or could have been asserted against the Released Parties arising out of any occurrence or failure to act, , including but not limited to claims for wages, restitution, penalties, retaliation, defamation, discrimination, harassment or wrongful termination of employment. This release specifically includes any and all claims, demands, obligations and/or causes of action for damages, restitution, penalties, interest, and attorneys' fees and costs (except provided by the Settlement Agreement) relating to or in any way connected with the matters referred to herein, whether or not known or suspected to exist, and whether or not specifically or particularly described herein. Plaintiffs waive all rights and benefits afforded by California Civil Code Section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs agree that they will not seek, and are not entitled to, employment with either Defendant or any Released Party, and that the existence of the underlying Actions and this Settlement provides sufficient and legal grounds for Defendants and the Released Parties not to again hire Plaintiffs.

48. Release of Plaintiffs by Defendants. Upon the Effective Date, Defendants fully and forever discharge, release, and covenant not to sue Plaintiffs, their past and present representatives, agents, attorneys, accountants, assigns and heirs, and each of them, from any and all claims, actions, causes of action, debts, guaranties, warranties (express or implied), balances, liabilities, demands, dividends, profits, interest, earnings, obligations, costs, expenses, wages, penalties, damages and liens of every kind whatsoever, whether known or unknown, suspected or unsuspected, arising out of any occurrence or failure to act. Defendants waive all rights and benefits afforded by California Civil Code Section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

49. Revocation of Settlement Agreement (by Defendants). Defendants will have, in their sole discretion, the right to void and withdraw from the Settlement Agreement if, at any time prior to final approval, five percent (5%) or more of the Class Members within the California, Massachusetts, New York or Florida settlement class submit timely and valid Election to Opt-Out Forms. Defendants must exercise this right of rescission, in writing, to Class Counsel within fourteen (14) calendar days of the Response Deadline. If the option to rescind is exercised, then Defendants will be solely responsible for all claims administration costs accrued to that point.

50. Nullification of Settlement Agreement. In the event that: (a) the Settlement Court does not finally approve the Settlement as provided herein; or (b) the Settlement does not become final for any other reason, then this Settlement Agreement, and any documents generated to bring it into effect, will be null and void. Any order or judgment entered by the Court in furtherance of this Settlement Agreement will likewise be treated as void from the beginning.

51. Exhibits Incorporated by Reference. The terms of this Settlement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein. Any Exhibits to this Settlement are an integral part of the Settlement.

52. <u>Entire Agreement</u>. This Settlement Agreement and any attached Exhibits constitute the entirety of the Parties' settlement terms. No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

53. <u>Amendment or Modification</u>. This Settlement Agreement may be amended or modified only by a formal written instrument signed by counsel for all Parties or their successors-in-interest.

54. <u>Authorization to Enter Into Settlement Agreement</u>. Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement. If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Settlement Court to resolve such disagreement.

55. <u>Binding on Successors and Assigns</u>. This Settlement Agreement will be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

56. <u>Ohio Law Governs</u>. All terms of this Settlement Agreement and Exhibits hereto will be governed by and interpreted according to the laws of the State of Ohio.

57. <u>Execution and Counterparts</u>. This Settlement Agreement is subject only to the execution of all Parties. However, the Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them, including facsimile and scanned copies of the signature page, will be deemed to be one and the same instrument provided that counsel for the Parties will exchange among themselves original signed counterparts.

58. <u>Acknowledgement that the Settlement is Fair and Reasonable</u>. The Parties believe this Settlement Agreement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account all relevant factors, present and potential. The Parties further acknowledge that they are each represented by competent counsel and that they have had an opportunity to consult with their counsel regarding the fairness and reasonableness of this Settlement. In addition, the Mediator (Hunter Hughes III) may execute a declaration supporting the Settlement and the reasonableness of the Settlement and

the Settlement Court may, in its discretion, contact the Mediator to discuss the Settlement and whether or not the Settlement is objectively fair and reasonable.

59.     Waiver of Certain Appeals.     In the event the Settlement Court finally approves this Settlement, the Parties agree to waive appeals concerning this Settlement and stipulate to class certification for purposes of this Settlement only.

60.     Class Action Certification for Settlement Purposes Only.     The Parties agree to stipulate to class action certification only for purposes of the Settlement. If, for any reason, the Settlement is not approved, the stipulation to certification will be void. The Parties further agree that certification for purposes of the Settlement is not an admission that class action certification is proper under the standards applied to contested certification motions and that this Settlement Agreement will not be admissible in this or any other proceeding as evidence that either (a) a class action should be certified or (b) Defendants are liable to Plaintiffs or any Class or Collective Member, other than according to the Settlement's terms. Defendants deny liability on all claims made in the Action. If the Parties' request to approve this Settlement Agreement is denied by the Settlement Court. such denial will not impact the prior decision in the *Brown* Action certifying certain classes.

61.     Captions.     The captions and section numbers in this Settlement Agreement are inserted for the reader's convenience, and in no way define, limit, construe or describe the scope or intent of the provisions of this Settlement Agreement.

62.     Waiver.     No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

63.     Mutual Preparation.     The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement. Accordingly, this Settlement Agreement will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

64.     Representation By Counsel.     The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Settlement Agreement, and that this Settlement Agreement has been executed with the consent and advice of counsel, and reviewed in

full. Further, Plaintiffs and Class Counsel warrant and represent that there are no liens on the Settlement Agreement.

65.     Cooperation and Execution of Necessary Documents.  All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement.

66.     Limitation on Communications With the Class:  The Notice Packet will be the approved manner for communicating with the Class and Collective Members.  Plaintiffs', their counsel, and Class Counsel shall not issue any press release or make any other public representation regarding the Settlement, including posting any information pertaining to this Settlement on Class Counsel's website. Class Counsel and Plaintiffs may initiate no contact with a Class or Collective Member, and is limited to responding to an individual and direct contact initiated by a Class or Collective Member to Class Counsel (for example by a phone call or letter).  Class Counsel's and/or Plaintiffs' response to any such inquiry shall be directed to the contacting Class or Collective Member only.  The Parties agree that submission of a Participation Form, Election to Opt-Out Form or Change of Address Form does not constitute an inquiry that would permit Class Counsel or Plaintiffs to respond to a Class or Collective Member.

67.     Promptly upon execution of this Settlement Agreement by Plaintiffs and Defendants (and by no later than December 18, 2017) and without regard to approval of this Settlement Agreement by the Settlement Court (which very likely will not have occurred by such time), Plaintiffs shall dismiss with prejudice their objections to, and appeal of, the Superior Court's Order approving the class settlement in *Jessica Aparicio and Jason Poliran v. Abercrombie & Fitch Stores, Inc.*, Case No. BC499281 (Los Angeles Superior Court, Central Civil West) (appeal No. 276803 pending before the California Court of Appeal, 2d District), and will file no further objections or appeal in that action.

68.     Binding Agreement.  The Parties warrant that they understand and have full authority to enter into this Settlement, and further intend that this Settlement Agreement will be fully enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in any proceeding to

/ / /

18

enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

It is hereby agreed:

**Alexander Brown**

_____

Alexander Brown
Date: December ___, 2017

**Arik Silva**

_____

Arik Silva
Date: December ___, 2017

**Jake Vallante**

_____

Jake Vallante
Date: December ___, 2017

**Matthew Allan**

_____

Matthew Allan
Date: December ___, 2017

**Brielle Bratton**

_____

Brielle Bratton
Date: December ___, 2017

**Abercrombie & Fitch Co.**

_____

By: _____
Its: _____
Date: December ___, 2017

///

enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

It is hereby agreed:

**Alexander Brown**

_____
Alexander Brown
Date: December ___, 2017

**Arik Silva**

_____
Arik Silva
Date: December *1 7,* 2017

**Jake Vallante**

_____
Jake Vallante
Date: December ___, 2017

**Matthew Allan**

_____
Matthew Allan
Date: December ___, 2017

**Brielle Bratton**

_____
Brielle Bratton
Date: December 11, 2017

**Abercrombie & Fitch Co.**

_____
By: _____
Its: _____
Date: December ___, 2017

/ / /

19

enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

It is hereby agreed:

**Alexander Brown**

_____
Alexander Brown
Date: December ___, 2017

**Arik Silva**

_____
Arik Silva
Date: December ___, 2017

**Jake Vallante**

JAKE
_____
Jake Vallante
Date: December 11, 2017

**Matthew Allan**

_____
Matthew Allan
Date: December ___, 2017

**Brielle Bratton**

_____
Brielle Bratton
Date: December ___, 2017

**Abercrombie & Fitch Co.**

_____
By: _____
Its: _____
Date: December ___, 2017

/ / /

enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

It is hereby agreed:

Alexander Brown

_____
Alexander Brown
Date: December ___, 2017

Arik Silva

_____
Arik Silva
Date: December ___, 2017

Jake Vallante

_____
Jake Vallante
Date: December ___, 2017

Matthew Allan

_____
Matthew Allan
Date: December 11, 2017

Brielle Bratton

_____
Brielle Bratton
Date: December ___, 2017

Abercrombie & Fitch Co.

_____
By: _____
Its: _____
Date: December ___, 2017

///

19

enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

It is hereby agreed:

**Alexander Brown**

_____

Alexander Brown
Date: December ___, 2017

**Arik Silva**

_____

Arik Silva
Date: December ___, 2017

**Jake Vallante**

_____

Jake Vallante
Date: December ___, 2017

**Matthew Allan**

_____

Matthew Allan
Date: December ___, 2017

**Brielle Bratton**

_____

Brielle Bratton
Date: December ___, 2017

Abercrombie & Fitch Co.

By: _ROBERT BOSTROM_
Its: _Senior Vice President,_ General Consel & Secretary
Date: December 12, 2017

///

Abercrombie & Fitch Stores, Inc.

By: ROBERT .BOSTROM
Its: President
Date: December 12, 2017


*Approved as to form and paragraph 23*:

AIMAN-SMITH     MARCY


By: Randall Aiman-Smith
as principal of Aiman-Smith & Marcy
and as counsel for Alexander Brown, Arik Silva, Jake Vallante,
Matthew Allan and Brielle Bratton
Date: December __, 2017

*Approved as to form*:
Greenberg Traurig, LLP

By: Mark D. Kemple
Attorney for defendants
Abercrombie & Fitch Co., and
Abercrombie & Fitch Stores, Inc.
Date: December 12, 2017

Abercrombie & Fitch Stores, Inc.

By: _____

Its: _____

Date: December ___, 2017

*Approved as to form and paragraph 23*:

AIMAN-SMITH ⬡ MARCY
A PROFESSIONAL CORPORATION

By: Randall Aiman-Smith
as principal of Aiman-Smith & Marcy
and as counsel for Alexander Brown, Arik Silva, Jake Vallante,
Matthew Allan and Brielle Bratton
Date: December _12, 2017_

*Approved as to form*:
**Greenberg Traurig, LLP**

_____

By: Mark D. Kemple
Attorney for defendants
Abercrombie & Fitch Co., and
Abercrombie & Fitch Stores, Inc.
Date: December ___, 2017

20

# EXHIBIT 1

NOTICE TO CLASS MEMBERS REGARDING PENDENCY OF A CLASS AND COLLECTIVE ACTION AND NOTICE OF
HEARING ON PROPOSED SETTLEMENT

*Borjorquez, et al.*, individually and on behalf of all others similarly situated, Plaintiffs,

v.

*Abercrombie and Fitch Co. et al*, Defendant.

Southern District of Ohio,

Case No. 2:16-cv-00551-MHW-EPD

and

*Brown, et al.*, individually and on behalf of all others similarly situated, Plaintiffs,

v.

*Abercrombie and Fitch Co. et al*, Defendant.

Southern District of Ohio,

Case No. [X:XX-cv-XX-MHW-EPD]

## ELIGIBLE CLAIMANTS ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached in the above-referenced class and collective action lawsuits currently pending in the United States District Court for the Southern District of Ohio captioned *Borjorquez, et. al. v. Abercrombie and Fitch Co. et al*, Case No. 2:16-cv-00551-MHW-EPD and *Brown, et. al. v. Abercrombie and Fitch Co. et al*, Case No. X:XX-cv-XX-MHW-EPD (collectively, "the Action"). Because your rights may be affected by this Settlement, it is important that you read this Notice carefully.

As explained in more detail below, to receive a portion of the Settlement, you must follow the process in the accompanying claim form and certify, sign, and file your claim so that is received by the Claims Administrator with a postmark date on or before [INSERT DATE]. If you fail to file and properly submit a timely claim, you will receive nothing under the Settlement.

Additionally, if you were employed by Abercrombie & Fitch Co. or Abercrombie & Fitch Stores, Inc. ("Abercrombie" or "Defendants") at an Abercrombie & Fitch, Abercrombie Kids, Hollister, and/or Gilly Hicks store in California, Florida, Massachusetts, or New York and you do not timely opt-out, you will be bound by the release of any state law claims described in this Notice even if you do not properly submit a timely claim and receive nothing under the Settlement.

## A.    PURPOSE OF THIS NOTICE

The Court has certified, for settlement purposes only, the following class (the "Class"):

All persons employed by Abercrombie as non-exempt, hourly, non-management employees at an Abercrombie & Fitch, Abercrombie Kids, Hollister, and/or Gilly Hicks store in New York, Florida, Massachusetts, or California during all or part of the applicable "Class Period" for the state in which the individual was employed as set forth below:

in New York, for any time period between December 15, 2009 and [*date of preliminary approval*];

in Florida, for any time period between December 15, 2010 and [*date of preliminary approval*]];

in Massachusetts, for any time period between December 15, 2012  and [*date of preliminary approval*];

in California, between September 16, 2009 and [*date of preliminary approval*].

The Court has also certified, for settlement purposes only, the following Collective Action (the "Collective Action"):

All persons employed by Abercrombie in the United States as non-exempt, hourly, non-management employees at any Abercrombie & Fitch, Abercrombie Kids, Hollister, and/or Gilly Hicks store at any time between March 24, 2014 and [*date of preliminary approval*] (the "FLSA Collective Action Period"), excluding those individuals who worked for Abercrombie exclusively at a store within the State of California during that time period.

According to Abercrombie's records, you are a member or putative member of the Class and/or Collective Action ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Action and the Settlement.

## B.    DESCRIPTION OF THE ACTION

On September 16, 2013, Plaintiffs filed a lawsuit alleging that Abercrombie violated state wage and hour laws of California including failure to indemnify business expenses for uniforms, inaccurate wage statements, waiting time penalties, and minimum wage violations. On December 15, 2015, Plaintiffs' counsel filed a broader companion case on behalf of persons in the remaining 49 states, claiming that Abercrombie violated the Fair Labor Standards Act (the "FLSA") and the state wage and hour laws of New York, Florida, and Massachusetts, based on similar allegations to those made in the California litigation.  Specifically, Plaintiffs allege that they and the Class Members were improperly denied reimbursement for money they spent to purchase Abercrombie clothes as a direct result of being compelled or required by Abercrombie to make the purchase, including to conform with Abercrombie's Look Policy, and therefore were improperly denied compensation. Abercrombie denies the Plaintiffs' allegations and maintains employees were never compelled or required to purchase Abercrombie clothing, and that its Look Policy expressly stated that employees were not required to make any such purchase, and that each Class Member provided a written acknowledgement to Abercrombie at the time of each purchase that the clothing purchase was not required by Abercrombie, and therefore was purchased voluntarily for a work or non-work purpose.  On July 16, 2015, the Court granted class certification of four subclasses in the California case and the parties subsequently reached this Settlement concerning the claims brought in all 50 states.

The parties in this Action disagree as to the probable outcome of the Action with respect to liability and damages if the Action were not settled. While each side of the Action (Plaintiffs and Abercrombie) was prepared to proceed with litigating the Action, each side recognizes that litigating is a risky proposition and that it may not have prevailed on any or all of the claims.

This Settlement is the result of good-faith and arm's-length negotiations between the Class Representatives and Abercrombie. Each side agrees that given the risks and expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members. Please be advised that the Court has not ruled on the merits of the Class Representatives' claims or Abercrombie's defenses.

The attorneys for the Class Members in the Litigation ("Class Counsel") are:

Randall B. Aiman-Smith, Esq.
Reed W. L. Marcy, Esq.
Hallie Von Rock, Esq.
Carey A. James, Esq.
Aiman-Smith & Marcy
7677 Oakport Street, Suite 1150
Oakland, CA 94621

The attorneys for Abercrombie are:

Mark D. Kemple, Esq.
John R. Richards, Esq.
Greenberg Traurig LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

On [*date of preliminary approval*] the Court granted preliminary approval of this proposed Settlement of the Action. The Court will decide whether to give final approval to the proposed Settlement – which approval or non-approval does not address the merits of the claims – at a hearing scheduled for [INSERT DATE] ("Final Approval Hearing"). See Paragraph I below for details.

## C.  SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to the Court's approval, the terms of the Settlement are as follows:

1.       The settlement amount is $25,000,000 (the "Settlement Amount") from which Abercrombie would pay: (a) the timely claims of Class and/or Collective Action Members; (b) employer payroll taxes on such claims (25% of which would be deemed wages); (c) Class Counsel's fees of up to $7,500,000; (d) Class Counsel's litigation costs of up to $250,000; (e) enhancement awards to Class Representatives Alexander Brown, Arik Silva, Jake Valente, Matthew Allen, and Brielle Bratton totaling up to $35,000; (e) up to $500,000 in costs to a third party Claims Administrator to administering the Settlement; and (f) $37,500 to the State of California for its share of the settlement recovery under Labor Code section 2699 *et seq*. Each of these sums will be paid from the Settlement Amount. After deduction from the Settlement Amount sums allocated to items (b) through (f) above the remaining amount is $16,677,500 (the "Net Settlement Amount Value").

2.       Defendant will make a settlement payment to each Class Member who properly submits a timely and fully executed Participation Form (enclosed with this Notice as Form A) and identifies purchases he/she claims was a direct result of being compelled or required to make the purchase by Abercrombie (and was not made voluntarily for any work-related or non-work related reason). The total paid by all Class Members for Covered Items (excluding purchases by any one individual of more than $500) is referred to herein as Class Covered Items Total ("CCIT"). The Net Settlement Value ($16,677,500) will be divided by the CCIT to determine the Covered Item Payout Rate ("CIPR"). The total amount allocated to each Class Member as compensation under the Settlement Agreement (including employer payroll taxes) will be the total of his or her identified and certified compelled or required purchases during the applicable eligibility periods up to $500, multiplied by the CIPR. That Class Member's payment under the Settlement Agreement shall be that sum less employer payroll taxes. Simply, a Class Member who properly selects and certifies that the purchase of an item or items was a direct result of being compelled or required to make the purchase by Abercrombie (and was not made voluntarily for any work-related or non-work related reason), will receive a portion of the amount he/she paid for the items. On [*date of preliminary approval*], the Court preliminarily approved this allocation formula.

3.       Each member of the Class who does not request exclusion from the Settlement in accordance with Paragraph D below, as well as any member of the Collective Action who is not also a Class member and who consents to participate in this Settlement in accordance with Paragraph E below, consents to the following release ("Release"):

I hereby fully, forever, irrevocably, and unconditionally release and discharge Abercrombie & Fitch Co. ("AFC") or Abercrombie & Fitch Stores, Inc. ("AFSI"), jointly "Abercrombie"), their affiliates, subsidiaries, parent companies, predecessors, successors, divisions, joint ventures and assigns,  and each of these entities present or past officers, directors, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, assigns, and all persons acting by, through, under, or in concert with them (collectively each of these including AFC and AFSI is referred to hereinafter as the "Released Parties"), from any wage and hour claims under the laws of the

States in which I worked during the Class Period or Collective Period as an employee for AFC or AFSI, for unreimbursed business expenses or forced patronage (and if I worked at a store in California, also claims for unauthorized rest periods or rest period premiums), as well as any claims for overtime compensation, unpaid minimum wage, inaccurate wage statement, deductions from pay and waiting time penalties based on such expense or patronage claims (and, for California workers, rest periods), and for the time periods I worked during the Class Period or Collective Period as an employee for AFC or AFSI, including claims for liquidated damages or penalties, as well as any claims made in any pleading in the Action (these pleadings are found at [WEBSITE]) or which reasonably flow from the facts alleged in such pleadings. This Release includes such claims whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time I sign this Form that accrued during the Class Period or Collective Period. I also hereby release and discharge the Released Parties from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities, arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, related to any minimum wage and overtime claim based on allegations of for unreimbursed business expenses or forced patronage, whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time this I sign this Form that accrued during the Class Period or Collective Period while I was an employee for AFC or AFSI.

D.    **FOR PERSONS WHO WORKED IN NEW YORK, FLORIDA, MASSACHUSETTS, OR CALIFORNIA WHO WISH TO BE EXCLUDED FROM THE SETTLEMENT**

If you worked for Abercrombie in New York, Florida, Massachusetts, or California and do not want to participate in the Settlement (and wish to retain your right to pursue your own independent action), you must complete and mail the enclosed Election to Opt-Out of Settlement and Class Action Form (enclosed with this Notice as Form B) to the Claims Administrator. In order to be valid, your completed Election to Opt-Out of Settlement and Class Action Form must be received by the Claims Administrator with a postmark date on or before [INSERT DATE], at the following address: c/o [Administrator], P.O. Box *****, **********, CA *****.

If you properly submit a timely Election to Opt-Out of Settlement and Class Action Form, you will not be eligible to receive any of the benefits under the Settlement. You will, however, retain whatever legal rights you may have against Abercrombie with regard to the claims set forth in the Release above.

E.    **TO RECEIVE A SETTLEMENT PAYMENT**

To receive a payment under the Settlement, you must complete the Settlement Participation Form (enclosed with this Notice as Form A) as instructed therein, and then certify, and sign it and then mail it to the Claims Administrator at the following address: c/o [Administrator], P.O. Box *****, **********, CA *****.

To be valid, your fully executed Settlement Participation Form must be received by the Claims Administrator with a postmark date of on or before [INSERT DATE].

F.    **TO OBJECT TO THE SETTLEMENT**

If you do not request exclusion from the settlement but believe the proposed Settlement is unfair or inadequate in any respect, you may object to the Settlement, by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for Abercrombie, and the Claims Administrator at the following addresses:

The attorneys for Class Counsel are:

Randall B. Aiman-Smith, Esq.

Reed W. L. Marcy, Esq.
Hallie Von Rock, Esq.
Carey A. James, Esq.
Brent A. Robinson, Esq.
Aiman-Smith & Marcy
7677 Oakport Street, Suite 1020
Oakland, CA 94621

The attorneys for Abercrombie are:

Mark D. Kemple, Esq.
John R. Richards, Esq.
Greenberg Traurig LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067

The Claims Administrator is:

c/o [Administrator]

P.O. Box *****

**********, CA *****

Objections should be filed at the United States District Court for the Southern District of Ohio, located at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215, and under the caption for the *Bojorquez* matter found on the first page of this document. All objections must be signed and set forth your address, telephone number, and the name of the Litigation. Your objection should clearly explain why you object to the proposed Settlement and should state whether you or someone on your behalf intends to appear at the Final Approval Hearing. All objections must be filed with the Court, and received by Class Counsel and Counsel for Defendant, by no later than [INSERT DATE]. If you submit a timely objection, you may appear, at your own expense, at the Final Approval Hearing, discussed below.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the enhanced awards to the Class Representatives, the claims process, and any and all other aspects of the Settlement.

Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you must properly submit a timely Settlement Participation Form.

Likewise, regardless of whether you attempt to file an objection, if you worked for Abercrombie in California, Florida, Massachusetts, or New York, you will be deemed to have released all of the Released claims against Defendants and the Releasees as set forth in Paragraph C.3, above, unless you request exclusion from the Settlement in accordance with Paragraph E above.

## G.  IF YOU DO NOTHING

If you do nothing in response to this Notice, you will not receive any proceeds under the Settlement. Further, if you worked for Abercrombie at a New York, Florida, Massachusetts, or California store and do fill out, sign and timely mail in an Opt-Out Form, you will be deemed to have released the Released claims against Abercrombie and the Releasees as set forth in Paragraph C.3. above.

## H.    TAXES

For tax reporting purposes, any payments made pursuant to the Settlement shall be allocated as follows: (a) 25% of payment made to each Class Members will be deemed wages and subject to payroll taxes (which will be deducted from that person's payment from the Net Settlement Amount); and (2) 75% of payment to each Class Member shall be deemed interest, penalties or reimbursement, or other non-wage recovery and not subject to payroll taxes.

If you have any questions regarding the tax treatment of any payments pursuant to the Settlement, you should consult your own tax advisor. Class Counsel, Defendant's Counsel and the Court cannot provide tax advice.

## I.    FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the enhancement awards to the Class Representatives on [INSERT DATE AND TIME] in Courtroom [INSERT] of the United States District Court for the Southern District of Ohio, located at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215. The Final Approval Hearing may be continued without further notice to Class Members.

## J.    ADDITIONAL INFORMATION

This Notice only summarizes the Action, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and other records in this Litigation, including the Stipulation and Settlement Agreement, may be examined at the Records Office of the Clerk of the United States District Court, located at the Joseph P. Kinneary U.S. Courthouse, 85 Marconi Boulevard, Columbus, Ohio 43215.

Any questions regarding this Notice or the enclosed forms should be directed to the Claims Administrator at the address and telephone number listed in Paragraph D, above. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator as instructed in Paragraph K below.

## K.    IF YOU CHANGE YOUR NAME OR ADDRESS

If, for future reference and mailings from the Court or Claims Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name and/or Address Information Form (enclosed with this Notice as Form C).

## PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.

# EXHIBIT A

### [FOR USE WITH PERSONS WHO ARE CLASS MEMBERS ONLY]

adhesive strip

## SETTLEMENT PARTICIPATION FORM

YOU ARE RECEIVING THIS FORM BECAUSE YOU WERE EMPLOYED AT AN ABERCROMBIE & FITCH, ABERCROMBIE KIDS, HOLLISTER OR GILLY HICKS STORE IN THE STATE OF NEW YORK, FLORIDA, MASSACHUSETTS OR CALIFORNIA AND ARE A STATE CLASS MEMBER (BUT ARE NOT A PART OF THE COLLECTIVE ACTION).

If you wish to join this Collective Action, you must complete and mail this form by [DATE].

If you wish to claim a portion of the Net Settlement Amount, follow the instructions on this Form.

1. Log onto the website [www.Website.com] and enter your last name as stated on this Form and your date of birth.
2. Review the list of items that you purchased during your employment using your employee discount, and select any items that you purchased directly as a result of being compelled or required to purchase the item by Abercrombie (and was not voluntarily purchased for any work or non-work purpose) by clicking the item to create a check mark beside it.
3. Sign below, certifying your answers made on the website as described herein, are accurate.
4. Return this signed Settlement Participation Form to the Claims Administrator by Mail by [DATE]. Upon completing this Form, and final approval of this settlement by the Court, you will receive a portion of the dollars spent on the selected and certified items.

By signing and submitting this document, you also expressly consent to the following Release, contingent upon approval by the Court:

I hereby fully, forever, irrevocably, and unconditionally release and discharge Abercrombie & Fitch Co. ("AFC") or Abercrombie & Fitch Stores, Inc. ("AFSI"), jointly "Abercrombie"), their affiliates, subsidiaries, parent companies, predecessors, successors, divisions, joint ventures and assigns, and each of these entities present or past officers, directors, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, assigns, and all persons acting by, through, under, or in concert with them (collectively each of these including AFC and AFSI is referred to hereinafter as the "Released Parties"), from any wage and hour claims under the laws of the States in which I worked during the Class Period or Collective Period as an employee for AFC or AFSI, for unreimbursed business expenses or forced patronage (and if I worked at a store in California, also claims for unauthorized rest periods or rest period premiums), as well as any claims for overtime compensation, unpaid minimum wage, inaccurate wage statement, deductions from pay and waiting time penalties based on such expense or patronage claims (and, for California workers, rest periods), and for the time periods I worked during the Class Period or Collective Period as an employee for AFC or AFSI, including claims for liquidated damages or penalties, as well as any claims made in any pleading in the Action (these pleadings are found at [WEBSITE]) or which reasonably flow from the facts alleged in such pleadings. This Release includes such claims whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time I sign this Form that accrued during the Class Period or Collective Period. I also hereby release and discharge the Released Parties from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities, arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq., related to any minimum wage and overtime claim based on allegations of for unreimbursed business expenses or forced patronage, whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time this I sign this Form that accrued during the Class Period or Collective Period while I was an employee for AFC or AFSI.

### Signature and Certification

By signing below I expressly consent to the Release set forth above.

By signing below, I also certify that any item that I selected on the above-described website was purchased by me directly as a result of being compelled or required by Abercrombie to purchase the item (and was not purchased voluntarily by me for any work or non-work purpose).

_____          _____
Sign your name here                               Date

_____          Date of Birth ____ (month) _____ (day _____ (year)
Print your name here

UPON COMPLETION – FOLD THIS FORM OVER, ADHERE AND MAIL

LA 133379192v1

(Fold Here)

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED
STATES

## BUSINESS REPLY MAIL
FIRST-CLASS MAIL    PERMIT NO. 4    FARIBAULT, MN

POSTAGE WILL BE PAID BY ADDRESSEE

Administrator
PO BOX
City, State

# EXHIBIT B

## [FOR USE WITH PERSONS WHO ARE COLLECTIVE ACTION MEMBERS ONLY]

[ adhesive strip ]

## SETTLEMENT PARTICIPATION FORM

YOU ARE RECEIVING THIS FORM BECAUSE YOU WERE EMPLOYED AT AN ABERCROMBIE & FITCH, ABERCROMBIE KIDS, HOLLISTER OR GILLY HICKS STORE OUTSIDE THE STATES OF NEW YORK, FLORIDA, MASSACHUSETTS AND CALIFORNIA DURING THE COLLECTIVE ACTION PERIOD

If you wish to join this Collective Action, you must complete and mail this form by [DATE].

If you wish to claim a portion of the Net Settlement Amount, follow the instructions on this Form.

1. Log onto the website [www.Website.com] and enter your last name as stated on this Form and your date of birth.
2. Review the list of items that you purchased during your employment using your employee discount, and select any items that you purchased directly as a result of being compelled or required to purchase the item by Abercrombie (and was not voluntarily purchased for any work or non-work purpose) by clicking the item to create a check mark beside it.
3. Sign below, certifying that your answers made on the website as described herein, are accurate.
4. Return this signed Settlement Participation Form to the Claims Administrator by Mail by [DATE]. Upon completing this Form, and final approval of this settlement by the Court, you will receive a portion of the dollars spent on the selected and certified items.

By joining in this Collective Action, you give the following release of claims:

I hereby fully, forever, irrevocably, and unconditionally release and discharge Abercrombie & Fitch Co. ("AFC") or Abercrombie & Fitch Stores, Inc. ("AFSI"), jointly "Abercrombie"), their affiliates, subsidiaries, parent companies, predecessors, successors, divisions, joint ventures and assigns, and each of these entities present or past officers, directors, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, assigns, and all persons acting by, through, under, or in concert with them (collectively each of these including AFC and AFSI is referred to hereinafter as the "Released Parties"), from any wage and hour claims under the laws of the States in which I worked during the Class Period or Collective Period as an employee for AFC or AFSI, for unreimbursed business expenses or forced patronage (and if I worked at a store in California, also claims for unauthorized rest periods or rest period premiums), as well as any claims for overtime compensation, unpaid minimum wage, inaccurate wage statement, deductions from pay and waiting time penalties based on such expense or patronage claims (and, for California workers, rest periods), and for the time periods I worked during the Class Period or Collective Period as an employee for AFC or AFSI, including claims for liquidated damages or penalties, as well as any claims made in any pleading in the Action (these pleadings are found at [WEBSITE]) or which reasonably flow from the facts alleged in such pleadings. This Release includes such claims whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time I sign this Form that accrued during the Class Period or Collective Period. I also hereby release and discharge the Released Parties from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities, arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq., related to any minimum wage and overtime claim based on allegations of for unreimbursed business expenses or forced patronage, whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time this I sign this Form that accrued during the Class Period or Collective Period while I was an employee for AFC or AFSI.

### Signature and Certification

By signing and submitting this form to the Claims Administrator, I hereby expressly consent in writing to opt into this settlement and thereby become a party plaintiff in the above Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act and authorize Class Counsel, as defined in the Class Notice, to act on my behalf in matters relating to this action, including the settlement of my claims. I also expressly consent to the Release set forth above. I also certify that any item that I selected on the above-described website was purchased by me directly as a result of being compelled or required by Abercrombie to purchase the item (and it was not purchased voluntarily by me for any work or non-work purpose).

Sign your name here _____      Date _____

_____      Date of Birth ____(month) _____ (day _____ (year)

Print your name here

UPON COMPLETION – FOLD THIS FORM OVER, ADHERE AND MAIL

LA 133379670v1

(Fold Here)

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED
STATES

## BUSINESS REPLY MAIL
FIRST-CLASS MAIL   PERMIT NO. 4   FARIBAULT, MN

POSTAGE WILL BE PAID BY ADDRESSEE

Administrator
PO BOX
City, State

# EXHIBIT C

[FOR USE WITH PERSONS WHO ARE BOTH A MEMBER OF A CLASS AND THE FLSA COLLECTIVE (EMPLOYED WITHIN THREE YEARS OF PRELIMINARY APPROVAL)]

[                        adhesive strip                        ]

## SETTLEMENT PARTICIPATION FORM

YOU ARE RECEIVING THIS FORM BECAUSE YOU WERE EMPLOYED AT AN ABERCROMBIE & FITCH, ABERCROMBIE KIDS, HOLLISTER OR GILLY HICKS IN NEW YORK, FLORIDA, OR MASSACHUSETTS AND ARE A MEMBER OF THE CLASS AND COLLECTIVE ACTION

If you wish to join this Collective Action, you must complete and mail this form by [DATE].

If you wish to claim a portion of the Net Settlement Amount, follow the instructions on this Form.

1. Log onto the website [www.Website.com] and enter your last name as stated on this Form and your date of birth.
2. Review the list of items that you purchased during your employment using your employee discount, and select any items that you purchased directly as a result of being compelled or required to purchase the item by Abercrombie (and was not voluntarily purchased for any work or non-work purpose) by clicking the item to create a check mark beside it.
3. Sign below, certifying your answers made on the website as described herein, are accurate.
4. Return this signed Settlement Participation Form to the Claims Administrator by Mail by [DATE]. Upon completing this Form, and final approval of this settlement by the Court, you will receive a portion of the dollars spent on the selected and certified items.

By joining this Action you give the following release:

I hereby fully, forever, irrevocably, and unconditionally release and discharge Abercrombie & Fitch Co. ("AFC") or Abercrombie & Fitch Stores, Inc. ("AFSI"), jointly "Abercrombie"), their affiliates, subsidiaries, parent companies, predecessors, successors, divisions, joint ventures and assigns, and each of these entities present or past officers, directors, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, assigns, and all persons acting by, through, under, or in concert with them (collectively each of these including AFC and AFSI is referred to hereinafter as the "Released Parties"), from any wage and hour claims under the laws of the States in which I worked during the Class Period or Collective Period as an employee for AFC or AFSI, for unreimbursed business expenses or forced patronage (and if I worked at a store in California, also claims for unauthorized rest periods or rest period premiums), as well as any claims for overtime compensation, unpaid minimum wage, inaccurate wage statement, deductions from pay and waiting time penalties based on such expense or patronage claims (and, for California workers, rest periods), and for the time periods I worked during the Class Period or Collective Period as an employee for AFC or AFSI, including claims for liquidated damages or penalties, as well as any claims made in any pleading in the Action (these pleadings are found at [WEBSITE]) or which reasonably flow from the facts alleged in such pleadings. This Release includes such claims whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time I sign this Form that accrued during the Class Period or Collective Period. I also hereby release and discharge the Released Parties from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities, arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq., related to any minimum wage and overtime claim based on allegations of for unreimbursed business expenses or forced patronage, whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time this I sign this Form that accrued during the Class Period or Collective Period while I was an employee for AFC or AFSI.

### Signature and Certification

By signing immediately below this paragraph and timely and properly submitting this form to the Claims Administrator, I hereby expressly consent in writing to opt into this settlement and thereby become a party plaintiff in the above Collective Action pursuant to Section 16(b) of the Fair Labor Standards Act and authorize Class Counsel, as defined in the Class Notice, to act on my behalf in matters relating to this action, including the settlement of my claims. I also expressly consent to the Release set forth above.

_____     _____
Sign your name here                 Date

_____     Date of Birth ____(month) _____ (day) _____ (year)
Print your name here

By signing below, I separately certify that any item that I selected on the above-described website was purchased by me directly as a result of being compelled or required by Abercrombie to purchase the item (and it was not purchased voluntarily by me for any work or non-work purpose).

_____     _____
Sign your name here                 Date

_____     Date of Birth ____(month) _____ (day) _____ (year)
Print your name here

UPON COMPLETION – FOLD THIS FORM OVER, ADHERE AND MAIL

(Fold Here)

NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED
STATES

**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL    PERMIT NO. 4    FARIBAULT, MN

POSTAGE WILL BE PAID BY ADDRESSEE

**Administrator**
**PO BOX**
**City, State**

# EXHIBIT D

[ELECTION TO OPT-OUT FORM]

## ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION

*Borjorquez*, *et al.*, individually and on behalf of all others similarly situated, Plaintiffs,

v.

*Abercrombie and Fitch Co. et al*, Defendant.
Southern District of Ohio,
Case No. 2:16-cv-00551-MHW-EPD

and

*Brown*, *et al.*, individually and on behalf of all others similarly situated, Plaintiffs,

v.

*Abercrombie and Fitch Co. et al*, Defendant.
Southern District of Ohio,
Case No. [X:XX-cv-XX-MHW-EPD]

**Instructions:** Please complete this Form only if you were employed by Abercrombie in New York, Florida, Massachusetts or California and do not want to participate in the Class Settlement that is described in the Notice to Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing on Proposed Settlement ("Class Notice") that accompanies this Form. If you choose to complete this Form, you must include all of the information requested (including the last four digits of your Social Security Number, so that your information can be matched with Abercrombie's records) and mail it to the following address so that it is received by the Claims Administrator with a postmark date on or before **[**INSERT DATE**]:** c/o [Administrator], P.O. Box *****, **********, CA *****

### REQUEST FOR EXCLUSION

Name (first, middle, and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (_____) _____

Date of Birth: _____

By signing and returning this Form, I certify that wish to be excluded from the Class described therein. I understand this means that I will not receive any money or other benefits under the Settlement and cannot object to its terms.

Dated: _____

_____
(Signature)

_____
(Print Name)

*LA 133268770v3*

# EXHIBIT E

## [CHANGE OF NAME OR ADDRESS FORM]

LA 133268769v3

## CHANGE OF NAME AND/OR ADDRESS INFORMATION

*Borjorquez*, *et al*., individually and on behalf of all others similarly situated, Plaintiffs,

v.

*Abercrombie and Fitch Co. et al*, Defendant.
Southern District of Ohio,
Case No. 2:16-cv-00551-MHW-EPD

and

*Brown*, *et al*., individually and on behalf of all others similarly situated, Plaintiffs,

v.

*Abercrombie and Fitch Co. et al*, Defendant.
Southern District of Ohio,
Case No. [X:XX-cv-XX-MHW-EPD]

---

**Instructions:** Please complete this Form only if you wish to change your name and/or mailing address information.

Former name and mailing address:

Name  (first, middle and last): _____

Home Street Address: _____

City, State,  Zip Code: _____

Home Telephone Number: (     ) _____

Date of Birth: _____

New name and/or mailing address:

Name (first, middle and last): _____

Home Street Address: _____

City, State,  Zip Code: _____

Home Telephone Number: (     ) _____

I understand that all future correspondence in this Action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the new address listed above and not to the address previously used. I hereby request and consent to the use of the address listed above for these purposes.

Dated: _____

_____
(Signature)

_____
(Print Name)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

c/o [Administrator]
P.O. Box *****
**********, CA *****

# EXHIBIT F

[Wedsite Pages]



**HOME**

File a Claim

Contact Information

Processed by

**Dahl**
ADMINISTRATION

HOME [Note: this is screen 1]

This website relates to the Notice of Class Settlement that you received in the mail concerning the actions *Alexander Brown and Arik Silva, individually and on behalf of all others similarly situated v. Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc., and Does 1-50, inclusive,* Case No. 2:14-cv-01242-JGB-E (C.D. Cal.) and *Alma Bojorquez, Jake Vallante, Matthew Allan, and C'endan Claiborne, individually and on behalf of all other similarly situated v. Abercrombie & Fitch Co., Abercrombie & Fitch Stores, Inc.,* Case No. 2:16-cv-00551-MHW-EPD (S.D. Ohio), and settlement and release (the "Settlement") of certain claims (set forth below) that you may have against Abercrombie & Fitch. This website includes certain case documents (with links below), and also sets forth steps necessary to make a claim under the Settlement.

To make a claim under that Settlement, please follow the steps set forth in this page and all pages to which you will be directed (2 additional screens). Please enter your first and last name (as last used while you were employed by Abercrombie & Fitch), your date of birth, and email address in the windows below, and review and accept the release set forth below. If you have questions on how your name should be entered please the Settlement Administrator (whose contact information is found by clicking "Contact Information" above).

First Name:     Last Name:

Date of Birth (e.g., 01/15/89):

By participating in the Settlement (as a class member who does not opt-out of the settlement, or an FLSA member who joins), you give the following release:

I hereby fully, forever, irrevocably, and unconditionally release and discharge Abercrombie & Fitch Co. ("AFC") or Abercrombie & Fitch Stores, Inc. ("AFSI"), jointly "Abercrombie"), their affiliates, subsidiaries, parent companies, predecessors, successors, divisions, joint ventures and assigns, and each of these entities present or past officers, directors, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, assigns, and all persons acting by, though, under, or in concert with them (collectively each of these including AFC and AFSI is referred to hereinafter as the "Released Parties"), from any wage and hour claims under the laws of the States in which I worked during the Class Period or Collective Period as an employee for AFC or AFSI, for unreimbursed business expenses or forced patronage (and if I worked at a store in California, also claims for unauthorized rest periods or rest period premiums), as well as any claims for overtime compensation, unpaid minimum wage, inaccurate wage statement, deductions from pay and waiting time penalties based on such expense or patronage claims (and, for California workers, rest periods), and for the time periods I worked during the Class Period or Collective Period as an employee for AFC or AFSI, including claims for liquidated damages or penalties, as well as any claims asserted in any pleading in the Action (links to which are provided below), or which reasonably flow from the facts alleged in such pleadings. This Release includes such claims whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time I sign this Form that accrued during the Class Period or Collective Period.

If you'd like to view the *Bojorquez* pleadings, a link to each is found here:

Complaint (12-15-15)  First Amended Complaint (2-26-16)  Second Amended Complaint (7-28-16)

If you'd like to view the *Brown* pleadings, a link to each is found here:

Complaint (9-16-13)  First Amended Complaint (10-7-13)  Second Amended Complaint (7-10-14)

I agree to this release.

| Continue | [Note: User must have successfully completed ID boxes and accepted release by clicking the circle above to continue to the "File a Claim" screen (screen 2). Otherwise a red "incomplete field" notice will appear beside the incomplete item.] |
|---|---|

| Home |
| --- |
| **FILE A CLAIM** |
| Contact Information |

Processed By

)Dahl
ADMINISTRATION

**FILE A CLAIM** [Note: this is screen 2]

Please identify any of the following items that were purchased by you as the direct result of being compelled or required to make the purchase by Abercrombie (and was not made voluntarily for any work-related or non-work related reason). You may do so by clicking in the box for any such items. After you have made you selections, if any, you will be required to certify the accuracy of your answers.

[Note: The following is an example – selected item(s) must be separately selected; no "select all" functionality]

| Store | Employee | Display Name | Transaction Date | Item Description | SHORT SKU_NUMBER | Amount Paid | Selected Items |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 10646 | 1538717 | John Doe | 2/26/2010 | KI155-591 (B)-B9 BASIC RINSE SKINNY NAVY PATTERN 2L $80 | 110151211 | $80.00 | ☐ |
| 10646 | 1538717 | John Doe | 2/26/2010 | KI138-108 (F)-C9 (J) BOYTaNK 0006 NAVY SMALL $20 | 110668076 | $20.00 | ☐ |
| 10646 | 1538717 | John Doe | 2/26/2010 | KI39-382(F )-F 09 SS BTS CORE V-NECK TEE WHTE XS $24.00 | 139040196 | $24.00 | ☐ |

I hereby certify that my purchase of the selected item[s] (if any) was/were the direct result of being compelled or required to make the purchase by Abercrombie (and was not made voluntarily for any work-related or non-work related reason).

○ Certified.

To complete your claim submission, complete, sign and mail back your Participation Form by [Date].

| Exit | [Note: If a user seeks to exit without certifying selections (including the absence of selections), the first time she/he does so a red "incomplete field" notice will appear beside the circle above. The second time he/she will exist the website. Once a user has certified his/her selections, they may not be changed.] |
| --- | --- |

| Home |
| --- |
| Important Dates |
| File a Claim |
| **CONTACT INFORMATION** |
| Processed By ⅅDahl ADMINISTRATION |

**CONTACT INFORMATION** [Note: this is screen 3]

*Contact the Settlement Administrator:*

| TELEPHONE: | **1-888-755-9508** |
| --- | --- |
| EMAIL: | info@dahlretailtest.com |
| MAIL: | Dahl Retail Test Settlement Administrator |
| | PO Box 3614 |
| | Minneapolis MN 55403-0614 |

[Note: this webpage is accessible only by clicking on "Contact Information" in the menu appearing in the upper right hand corner of the first screen and the second screen.]

*LA 133412767v1*

## AMENDMENT TO SETTLEMENT AGREEMENT

This Amendment amends the Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement") made and entered into by and between Plaintiffs Alexander Brown, Arik Silva, Jake Vallante, Matthew Allan and and Brielle Bratton (collectively "Plaintiffs" or "Class Representatives"), as individuals and on behalf of all others similarly situated, and Defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. ("Defendants" or "Abercrombie") (collectively with Plaintiffs, the "Parties", with being a "Party"), which was signed by the Parties on or about December 11 and 12, 2018_. The Parties hereby amend paragraph 32 of their Settlement Agreement, to read as follow:

32. <u>Notice by First-Class U.S. Mail</u>. Within ten (10) calendar days after receiving the Class List from Defendants, the Claims Administrator will mail a Notice Packet to all Putative Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses as identified in the Class List. Any Notice Packets returned to the Claims Administrator as non-deliverable on or before 60 days after mailing will be sent promptly via regular First-Class U.S. Mail to any forwarding address affixed thereto and the Claims Administrator will indicate the date of such re-mailing on the Notice Packet. If no forwarding address is provided, the Claims Administrator will promptly attempt to determine the correct address by performing a skiptrace, or other search using the name, address and/or Social Security number of the Class Member involved, and will then, if a new address is found, perform a single re-mailing. However, the Response Deadline will not be extended by virtue of such mailing. No additional mailings shall occur. Any Class Member who does not actually receive notice after the steps outlined above have been taken will remain Class or Collective Member, subject to the terms of this Settlement.

It is hereby agreed:

**Alexander Brown**

_____

Alexander Brown
Date: January 8, 2018

**Arik Silva**

_____

Arik Silva
Date: January 8, 2018

1

## AMENDMENT TO SETTLEMENT AGREEMENT

This Amendment amends the Joint Stipulation of Class Action Settlement and Release ("Settlement" or "Settlement Agreement") made and entered into by and between Plaintiffs Alexander Brown, Arik Silva, Jake Vallante, Matthew Allan and and Brielle Bratton (collectively "Plaintiffs" or "Class Representatives"), as individuals and on behalf of all others similarly situated, and Defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc. ("Defendants" or "Abercrombie") (collectively with Plaintiffs, the "Parties", with being a "Party"), which was signed by the Parties on or about December 11 and 12, 2018_. The Parties hereby amend paragraph 32 of their Settlement Agreement, to read as follow:

    32.    <u>Notice by First-Class U.S. Mail</u>. Within ten (10) calendar days after receiving the Class List from Defendants, the Claims Administrator will mail a Notice Packet to all Putative Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses as identified in the Class List. Any Notice Packets returned to the Claims Administrator as non-deliverable on or before 60 days after mailing will be sent promptly via regular First-Class U.S. Mail to any forwarding address affixed thereto and the Claims Administrator will indicate the date of such re-mailing on the Notice Packet. If no forwarding address is provided, the Claims Administrator will promptly attempt to determine the correct address by performing a skiptrace, or other search using the name, address and/or Social Security number of the Class Member involved, and will then, if a new address is found, perform a single re-mailing. However, the Response Deadline will not be extended by virtue of such mailing. No additional mailings shall occur. Any Class Member who does not actually receive notice after the steps outlined above have been taken will remain Class or Collective Member, subject to the terms of this Settlement.

It is hereby agreed:

**Alexander Brown**

_____
Alexander Brown
Date: January 8, 2018

**Arik Silva**

_____
Arik Silva
Date: January 8, 2018

**Jake Vallante**

LA 133439962v1

**Jake Vallante**

_JAKE_ _____
Jake Vallante
Date: January 8, 2018

**Matthew Allan**

_____
Matthew Allan
Date: January 8, 2018

**Brielle Bratton**

_____
Brielle Bratton
Date: January 8, 2018

**Abercrombie & Fitch Co.**

_____

By: _____
Its: _____
Date: January 8, 2018

**Abercrombie & Fitch Stores, Inc.**

_____

By: _____
Its: _____
Date: December ___, 2017

_Approved as to form_:
A I M A N - S M I T H  M A R C Y
A PROFESSIONAL CORPORATION

_____
By: Randall Aiman-Smith
as principal of Aiman-Smith & Marcy
and as counsel for Alexander Brown, Arik Silva, Jake Vallante,
Matthew Allan and Brielle Bratton
Date: January 8, 2018

**Greenberg Traurig, LLP**

_____
By: Mark D. Kemple
Attorney for defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc.

2

LA 133439962v1

Jake Vallante

_____

Jake Vallante
Date: January 8, 2018

Matthew Allan

_____

Matthew Allan
Date: January 8, 2018

**Brielle Bratton**

_____

Brielle Bratton
Date: January 8, 2018

**Abercrombie & Fitch Co.**

_____

By: _____
Its: _____
Date: January 8, 2018

**Abercrombie & Fitch Stores, Inc.**

_____

By: _____
Its: _____
Date: December ___, 2017

*Approved as to form*:
AIMAN-SMITH MARCY
A PROFESSIONAL CORPORATION

_____

By: Randall Aiman-Smith
as principal of Aiman-Smith & Marcy
and as counsel for Alexander Brown, Arik Silva, Jake Vallante,
Matthew Allan and Brielle Bratton
Date: January 8, 2018

**Greenberg Traurig, LLP**

_____

By: Mark D. Kemple
Attorney for defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc.
Date: January 8, 2018

**Jake Vallante**

_____
Jake Vallante
Date: January 8, 2018

**Matthew Allan**

_____
Matthew Allan
Date: January 8, 2018

**Brielle Bratton**

_____
Brielle Bratton
Date: January 8, 2018

**Abercrombie & Fitch Co.**

_____
By: _____
Its: _____
Date: January 8, 2018

**Abercrombie & Fitch Stores, Inc.**

_____
By: _____
Its: _____
Date: December ___, 2017

_Approved as to form_:
A I M A N - S M I T H     M A R C Y
A PROFESSIONAL CORPORATION

_____
By: Randall Aiman-Smith
as principal of Aiman-Smith & Marcy
and as counsel for Alexander Brown, Arik Silva, Jake Vallante,
Matthew Allan and Brielle Bratton
Date: January 8, 2018

**Greenberg Traurig, LLP**

_____
By: Mark D. Kemple
Attorney for defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc.
Date: January 8, 2018

2

_____
Jake Vallante
Date:  January 8, 2018

**Matthew Allan**

_____
Matthew Allan
Date:  January 8, 2018

**Brielle Bratton**

_____
Brielle Bratton
Date:  January 8, 2018

**Abercrombie & Fitch Co.**

_____
By: _____
Its: _____
Date:  January 8, 2018

**Abercrombie & Fitch Stores, Inc.**

_____
By: _____
Its: _____
Date:  December ___, 2017

_Approved as to form_:
AIMAN-SMITH MARCY
A PROFESSIONAL CORPORATION

_____
By:  Randall Aiman-Smith
as principal of Aiman-Smith & Marcy
and as counsel for Alexander Brown, Arik Silva, Jake Vallante,
Matthew Allan and Brielle Bratton
Date:  January 8, 2018

**Greenberg Traurig, LLP**

_____
By: Mark D. Kemple
Attorney for defendants Abercrombie & Fitch Co. and  Abercrombie & Fitch Stores, Inc.
Date:  January 8, 2018

**Jake Vallante**

_____

Jake Vallante
Date: January 8, 2018

**Matthew Allan**

_____

Matthew Allan
Date: January 8, 2018

**Brielle Bratton**

_____

Brielle Bratton
Date: January 8, 2018

**Abercrombie & Fitch Co.**

_____

By: Robert Bostrom
Its: Senior VP, General Counsel and
Date: January 8, 2018       Secretary

**Abercrombie & Fitch Stores, Inc.**

_____

By: Robert Bostrom
Its: President
Date: January 8, 2018

_Approved as to form:_
AIMAN-SMITH     MARCY

_____

By: Randall Aiman-Smith
as principal of Aiman-Smith & Marcy
and as counsel for Alexander Brown, Arik Silva, Jake Vallante,
Matthew Allan and Brielle Bratton
Date: January 8, 2018

**Greenberg Traurig, LLP**

_____

By: Mark D. Kemple
Attorney for defendants Abercrombie & Fitch Co. and Abercrombie & Fitch Stores, Inc.
Date: January 8, 2018

2

**Exhibit 2**



## CURRICULUM VITAE OF AIMAN-SMITH & MARCY

**FIRM BIOGRAPHY**

Aiman-Smith & Marcy, PC, is a boutique plaintiffs' law firm that has successfully litigated class action and significant individual cases for plaintiffs across a broad variety of areas, including unpaid wages, unpaid overtime, missed meal and rest breaks, consumer fraud, securities fraud, employment discrimination, civil rights, sex harassment, wrongful termination, whistleblower retaliation, and others. The firm represents exclusively plaintiffs, in all aspects of litigation, including trial and appeals.

Aiman-Smith & Marcy, PC
7677 Oakport Street, Suite 1150
Oakland, CA 94621
Tel.: 510-817-2711
Fax: 510-562-6830
www.asmlawyers.com

**ATTTORNEYS**

## RANDALL B. AIMAN-SMITH (SBN 124599)

Despite never graduating from high school or college, Randall Aiman-Smith was able to earn his Juris Doctor degree from Boalt Hall (University of California, Berkeley) School of Law in 1986. While at Boalt Hall, Mr. Aiman-Smith served as a member of the editorial board of the California Law Review and, additionally, on the Moot Court Board. Mr. Aiman-Smith was an adjunct faculty member at University of California, Hastings College of the Law for seven years and has been a frequent presenter at continuing educational seminars.

Mr. Aiman-Smith is admitted to practice in all state and federal courts in California, including the Northern District, Central District, Ninth Circuit, and the Tenth Circuit Court of Appeals, and the California Supreme Court. Additionally Mr. Aiman-Smith has been admitted *pro hac vice* in numerous other jurisdictions.

Over the 30 years that Mr. Aiman-Smith has been practicing law, he has worked exclusively as a litigator in the state and federal trial and appellate courts on behalf of plaintiffs seeking to vindicate their rights under the law. Mr. Aiman-Smith has tried many cases in the state and federal courts and has taken at least twenty-five cases to judgment or verdict, including an individual discrimination verdict in excess of $1.6

million in *Williams v. Union Pacific Railroad* in 2009.

The firm and Mr. Aiman-Smith have taken approximately 25 matters to the state and federal courts of appeal on behalf of both appellants and respondents resulting in the creation of significant legal precedents favorable to plaintiffs. Published decisions where Mr. Aiman-Smith was counsel of record and had lead responsibility for writing all briefs and making oral arguments include: *Bergemann v. United States,* 820 F.2d 1117 (10th Cir. 1987); *Eidsmore v. R.B.B., Inc.*, 25 Cal.App.4th 1989 (1994); *Rivero v. Superior Court (Smith)* (1997) 54 Cal.App.4th 1048; *Rivero v. City and County of San Francisco*, 316 F.3d 857 (9th Cir. 2002); *Bradley v. Networkers International LLC* (2012) 211 Cal.App.4th 1129; and *Benton v. Telecom Network Specialists, Inc.* (2013) 220 Cal.App.4th 701.

## REED W. L. MARCY (SBN 191531)

Reed W. L. Marcy earned his Bachelor's degree with High Honors in French Literature in 1983 and his Masters in French Literature in 1985, both from the University of California, Berkeley. After completing his Masters degree, Mr. Marcy worked at U.C. Berkeley's English Department for five years and at California College of Art for three years prior to attending law school. Mr. Marcy graduated from University of California, Hastings College of Law, in 1997 and was admitted to practice in California in December 1997. Mr. Marcy was awarded numerous academic honors at Hastings, including the American Jurisprudence Award, the David Snodgrass Oral Advocacy Award, the California Computerized Legal Instruction Award, and awards for civil rights and art law. Mr. Marcy was Associate Executive Editor for Comm/Ent, the journal of intellectual property law, and published a note on patent law. Mr. Marcy has been a frequent presenter of continuing legal education programs on employment law and legal research topics through National Business Institute.

Mr. Marcy is admitted to practice in state and federal courts in California, including the Northern District, Central District, Ninth Circuit, and Court of Appeals, along with the California Supreme Court.

Mr. Marcy began working as a law clerk for Randall Aiman-Smith in 1995, while still a law student. After graduation and admission to the Bar in 1997, Mr. Marcy continued working as an attorney for Mr. Aiman-Smith, becoming a partner in Mr. Aiman-Smith's firm in 2002. In 2005, Mr. Marcy and Mr. Aiman-Smith formed ASM.

Mr. Marcy has abundant experience as a civil litigator, including extensive experience in all phases of employment law and class actions from initial client intake through trial and appeal. Mr. Marcy has been the lead attorney for dozens of employment and consumer class actions. Mr. Marcy has extensive experience in employment law appellate practice. Published decisions where Mr. Marcy had

responsibility for writing briefs and making oral arguments include *Rivero v. City and County of San Francisco*, 316 F.3d 857 (9th Cir. 2002); *Bradley v. Networkers International LLC* (2012) 211 Cal.App.4th 1129; and *Benton v. Telecom Network Specialists, Inc.* (2013) 220 Cal.App.4th 701. Mr. Marcy's most recent decision was an unpublished memorandum opinion overturning summary judgment in a defamation action in the Ninth Circuit in *Aghmane v. Bank of America, N.A.,* (9th Cir. May 17, 2017) Case Number 15-15482.

## HALLIE VON ROCK (SBN 233152)

Ms Von Rock graduated with a Bachelor of Arts degree from University of California, Berkeley with Honors in 1999. Ms Von Rock graduated from the University of California, Hastings College of Law, in 2004 and was admitted to practice in California in December, 2004. Ms Von Rock was awarded numerous academic honors at Hastings, including the Witkin Award for Excellence for Trial Advocacy and CERCLA Outstanding Achievement Awards for Trial Advocacy and for Moot Court. Ms Von Rock was an Editor for Hastings West Northwest Environmental Law Journal.

Ms Von Rock is admitted to practice in state and federal courts in California, including the Northern District, Central District, Southern District, and Court of Appeals, along with the California Supreme Court.

Ms Von Rock has worked with Randall Aiman-Smith and Reed Marcy since 1996, first doing administrative work while still an undergraduate at University of California, Berkeley. Ms Von Rock began working as a law clerk for Mr. Aiman-Smith and Mr. Marcy during her last year of law school in June 2003 and was hired as an Associate following admission to the California Bar in 2004. Ms Von Rock was elevated to Partner at ASM in 2012.

During Ms Von Rock's significant litigation experience, she has worked on numerous employment and consumer cases and class action cases. Ms Von Rock has experience in all aspects of litigation and class action work, including trial and appeal Published decisions where Ms Von Rock had responsibility for writing briefs include *Bradley v. Networkers International LLC* (2012) 211 Cal.App.4th 1129; and *Benton v. Telecom Network Specialists, Inc.* (2013) 220 Cal.App.4th 701, and the unpublished decision in *Aghmane v. Bank of America, N.A.,* (9th Cir. May 17, 2017) Case Number 15-15482.

## <u>CAREY JAMES (SBN 269270)</u>

Mr. James graduated with a Bachelor of Arts degree from University of California, Berkeley with Honors in 2006. Mr. James graduated from the University of California,

Hastings College of Law, in 2009 and was admitted to practice in California in April 2010. Mr. James obtained his LLM from University of California, Los Angeles in 2014, where he was a Dean's Fellow ,with a specialization in Securities Regulation. Mr. James was awarded several academic honors at Hastings, including CALI and Witkin awards for top student in class in Constitutional Law, United Nations Systems, and International War. Mr. James has also published articles in the Hastings International and Comparative Law Review: Legal Implications of the Enemy Entity Designation of the Gaza Strip – 32 Hast. Int'l & Comp. L. Rev. 643 (2009); the Denver Journal of International Law and Policy: International Legal Dimensions of Conflict in the Gaza Strip (with George Bisharat, et al.) – 38 Denv. J. Int'l L. & Pol'y 41 (2009); and the Berkeley Journal of Middle Eastern and Islamic Law: Israel's Raid of the "Freedom Flotilla" in International Law (with George Bisharat) – publication forthcoming.

Mr. James is admitted to practice in state and federal courts in California, and has been admitted to practice *pro hac vice* in Texas and Ohio.

Mr. James has worked as an associate at Aiman-Smith & Marcy since September 2011. Prior to that, Mr. James worked as a contract attorney and also worked internationally as an associate at the Mossawa Center, European Union Office, in Brussels, Belgium and as an associate at the Al Mustakbal Foundation for Strategic and Policy Studies, Ramallah, West Bank. Mr. James worked as a judicial intern for the 165th Civil District Court Harris County, TX, Honorable Elizabeth Ray.

Mr. James has a breadth of experience in numerous investment, employment, and consumer cases, including class actions. Mr. James had significant responsibility for preparing the successful class certification motion in *Brown v. Abercrombie & Fitch Co*., 2014 U.S. Dist. LEXIS 19414, N.D. Cal., February 14, 2014, Case No.: 4:13-CV-05205 YGR, a 62,000 member retail employment class action, and served as the firm's lead attorney in the securities fraud class action, *Mendes, et al. v. B-4 Partners, LLC, et al.,* Alameda County Superior Court, Case No. RG11603095, consolidated with *Noble v. Greenberg Traurig, LLP,* Alameda County Superior Court, Case No. RG11593201, and related actions.

## BRENT ROBINSON (SBN 289373)

Mr. Robinson graduated with a Bachelor of Arts degree in English literature from University of California, Santa Barbara in 2008, having spent his junior year at University of Leeds, in England. Mr. Robinson graduated from the University of San Francisco School of Law, in 2012 and was admitted to practice in California in 2013. Mr. Robinson graduated in the top-twentieth percentile of his class earned the CALI Award for Excellence in Legal Ethics and the California Academy of Appellate Lawyers Award for outstanding appellate advocacy.

Mr. Robinson is admitted to practice in state and federal courts in California and is a member of the Labor & Employment Section, State Bar of California, and California Employment Lawyers Association.

Over the past four years, Mr. Robinson has consistently fought for employees' civil rights in the workplace, representing low-income workers from marginalized communities throughout the San Francisco Bay Area. Mr. Robinson has handled cases from intake through to settlement or judgment, including by prevailing at trial and in overcoming dispositive motions. He also litigated complex and novel legal questions, such as whether the California Private Attorneys General Act is an unconstitutional encroachment by the Legislature into the Executive Branch's law-enforcement prerogatives.

## JOSEPH CLAPP (SBN 99194) *Of Counsel

Mr. Clapp received his Bachelor of Arts degree in Economics from the University of California at Berkeley in 1978. While attending college, he organized the 1,500 workers in Yosemite National Park into a union. In 1981, Mr. Clapp received his J.D. degree from McGeorge School of Law, University of the Pacific, and while attending McGeorge he served as the Comments Editor for the Pacific Law Journal.

Mr. Clapp is admitted to practice in federal and state courts in California, including the U.S. District Court for the Northern District of California, the U.S. District Court for the Eastern District of California, the Ninth Circuit Court of Appeals, and the California Supreme Court.

Mr. Clapp began his career with the trial firm of Herron & Herron in 1982 and remained with that firm for 26 years. Thereafter, he spent a year with the firm of Kumin Sommers before opening his own practice. In 2012, he became "of counsel" to Aiman-Smith & Marcy.

Throughout his career, Mr. Clapp has always fought for those who work for a living. He has litigated all aspects of the employment relationship, and his cases have included wrongful or discriminatory discharges, the failure to pay wages due (e.g., overtime, prevailing wages), substandard working conditions (e.g., meal periods), and the failure to pay earned pensions (ERISA). He has tried numerous cases and has prosecuted numerous appeals in both in state and federal courts. He was lead counsel for two published appellate victories: *George v. California Unemployment Insurance Appeals Board* (2009) 179 Cal.App.4th 1475 (public employee's retaliation lawsuit survives claim and issue preclusion defenses), and *Walker v. Berkeley Housing Authority*, 951 F.2d 182 (9th Cir. 1991) (biased decision-maker violates public employee's Due Process rights).

## REPRESENTATIVE CASES FOR AIMAN-SMITH & MARCY

A representative list of significant class action and representative action cases in which the attorneys at Aiman-Smith & Marcy have served as lead counsel or co-class counsel includes:

*Bean v. Hugo Boss Retail, Inc.,* U.S. District Court, Northern District of California, Case No. 3:13-cv-05921-RS

*Benton, et al. v. Telecom Network Specialists, Inc.,* Los Angeles County Superior Court, Case No. BC354230, published as (2013) 220 Cal.App.4th 701 (established important principles for class certification of wage and hour cases).

*Booker, et al. v. Tanintco, Inc.,* Los Angeles County Superior Court, Case No. BC349267

*Bojorquez v. Abercrombie & Fitch Stores, et al.,* U.S. District Court, Southern District of Ohio, Case No. 2:16-cv-00551-MHW-TPK (nationwide FLSA case)

*Bradley, et al. v. Networkers International*, *LLC,* San Diego County Superior Court, Case No. GIC 862417, published as (2012) 211 Cal.App.4th 1129 (established important principles for class certification of wage and hour cases).

*Brawner v. Bank of America,* U.S. District Court, Northern District of California, Case No. 3:2014cv02702

*Brown v. Abercrombie & Fitch Co*., U.S. District Court, Northern District of California, Case No.: 4:13-CV-05205 YGR (62,000 person class certified over opposition, 2014 U.S. Dist. LEXIS 19414, N.D. Cal., February 14, 2014)

*Cosio v. International Performing Arts Academy, LLC, et al.,* San Francisco Superior Court Case No. CGC-16-551337

*Cruz v. Goodman Networks, Inc.,* U.S. District Court, Northern District of California, Case No. 4:2010cv03820.

*Ezeokoli v. Uber Technologies, Inc.,* Alameda County Superior Court Case No. RG-14747166

*Flournoy, et al. v. 3S Network, Inc.,* Contra Costa County Superior Court, Case No. C09-00113

*Green, et al. v. Presidio International, Inc. dba A/X Armani Exchange,* San Francisco

Superior Court, Case No. CGC 13-536365

*Hernandez, et al. v. FocusMicro, Inc.,* U.S. District Court, Northern District of California, Case No. CV 11-05621 EDL

*Hurtado, et al. v. Lowe's HIW*, U.S. District Court, Northern  District of California, Case No. CV-11-1996

*Holmes, et al. v. Big Five Sporting Goods*, Los Angeles County Superior Court, Case No. JCCP4667

*Jerominski v. Walgreen Co.,* consolidated as *In re Walgreen Co. Wage and Hour Class Action,* U.S. District Court, Central District of California, Case No. 11-cv-07664-PSG (FFMx) ($23 million settlement)

*Jones v. Armanino LLP,* Alameda County Superior Court, Case No. RG 13-68105

*Kulvicki, et al. v. Pick-N-Pull Auto Dismantlers*, Alameda County Superior Court, Case No. RG11560441

*Maldonado, et al. v. ME Cal, Inc.,* San Francisco County Superior Court, Case No. CGC-11-5109000

*Mauldin v. Rolling Frito-Lay Sales, LP, et al.,* Alameda County Superior Court Case No. RG 16811677

*Mendes, et al. v. B-4 Partners, LLC, et al.,* Alameda County Superior Court, Case No. RG11603095, consolidated with *Noble v. Greenberg Traurig, LLP,* Alameda County Superior Court, Case No. RG11593201 ($83 million settlement)

*Milton v. Best Buy Stores, L.P.,* U. S. District Court, Central District of California, Case No. CV11-6913, consolidated as *Gass, et al. v. Best Buy Stores, L.P.,* U.S. District Court, Central District of California, Case No. CV 11-01507 SJO (JCGx)

*Milton v. Guess?, Inc., et al.,* Los Angeles County Superior Court, Case No. Case No. BC580216, consolidated as *Guess Outlet Stores Pricing Cases,* JCCP No. 4883

*Ortiz v. CVS Caremark Corporation, et al.,* U.S. District Court, Northern District of California, Case No. CV 12-05859 EDL ($12.75 million settlement)

*Price, et al. v. EXI Parsons Telecom,* Los Angeles County Superior Court, Case No. BC351252

*Robinson, et al. v. Defender Security Company*, Alameda County Superior Court, Case No. RG10505016

*Saberi, et al. v. Bridgestone Firestone Retail & Commercial Operations,* Alameda County Superior Court. Case No. RG08406555 ($14 million settlement)

*Smith, et al. v. S.Com, Inc.,* San Francisco County Superior Court, Case No. CGC-02-412968

*Westman, et al. v. Rogers Family Funeral Homes,* Contra Costa County Superior Court, Case No. C 98-03165

*Williams v. Bank of America, N.A.,* U.S. District Court, Central District of California, Case No. SACV 15-01597 AG (KESx)

*Zimmelman Jewelry v. CrossCheck,* Sonoma County Superior Court, Case No. SCV 229654