IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALMA BOJORQUEZ, JAKE VALLANTE, MATTHEW ALLAN and BRIELLE BRATTON, individually, and on behalf of all others similarly situated, | : : : : : | Case No. 2:16-cv-00551 |
| | : | [PROPOSED] FINAL ORDER OF APPROVAL AND JUDGMENT REGARDING CLASS AND COLLECTIVE ACTION SETTLEMENT |
| Plaintiffs, | : : : : | |
| vs. | : : | Judge Watson |
| ABERCROMBIE & FITCH CO.; ABERCROMBIE & FITCH STORES, INC.; and DOES 1 through 10, inclusive, | : : : : | Magistrate Judge Elizabeth Preston Deavers |
| Defendants. | : : | |

*and Related Case*

| | | |
|---|---|---|
| ALEXANDER BROWN and ARIK SILVA, individually, and on behalf of all others similarly situated, | : : : : | Case No. 2:17-cv-01093 |
| | : | [PROPOSED] FINAL ORDER OF APPROVAL AND JUDGMENT REGARDING CLASS AND COLLECTIVE ACTION SETTLEMENT |
| Plaintiffs, | : : : : | |
| vs. | : : | Judge Watson |
| ABERCROMBIE & FITCH CO.; ABERCROMBIE & FITCH STORES, INC.; and DOES 1 through 10, inclusive, | : : : : | Magistrate Judge Elizabeth Preston Deavers |
| Defendants. | : : : | |

**[PROPOSED] FINAL ORDER OF APPROVAL AND JUDGMENT REGARDING**

**CLASS AND COLLECTIVE ACTION SETTLEMENT**

WHEREAS, on February 16, 2018, this Court granted preliminary approval of the Settlement reached between the parties in the above captioned matters;

WHEREAS, on September 12, 2018, this Court held a final approval hearing to

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:17-cv-01093
[Proposed] Order Granting Final Approval of Class and Collective Action Settlement
Page 1

determine whether to give the Settlement final approval;

NOW, THEREFORE, based on the parties' submissions, and Good Cause appearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Final Order of Approval and Judgment incorporates by reference the Settlement Agreement ("Settlement") reached by the Parties in the above-captioned actions. Unless otherwise stated, the capitalized terms used herein shall have the meanings given them in the Settlement.

2. The Court grants final approval of the Parties' Settlement.

3. Pursuant to Fed. R. Civ. P., Rule 23(a) and 23 (b)(3), and for settlement purposes only, a class is certified of the following persons, excluding persons who timely opted out of the Settlement per its terms:

> All persons employed by Abercrombie as non-exempt, hourly, non-management employees at an Abercrombie & Fitch, Abercrombie Kids, Hollister, and/or Gilly Hicks store in New York, Florida, Massachusetts, or California during all or part of the applicable "Class Period" for the state in which the individual was employed as set forth below:
>
> > in New York, for any time period between December 15, 2009, and February 16, 2018;
> >
> > in Florida, for any time period between December 15, 2010, and February 16, 2018;
> >
> > in Massachusetts, for any time period between December 15, 2012, and February 16, 2018; and
> >
> > in California, between September 16, 2009, and February 16, 2018.

4. Pursuant to 29 U.S.C. section 216(b), and for settlement purposes only, a collective action is certified of persons who meet the following description and who joined this

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:17-cv-01093
[Proposed] Order Granting Final Approval of Class and Collective Action Settlement
Page 2

action either by submitting a joinder form or who went to the Settlement website (retailclothingsettlement.com ) and selected items and, thereby, made a claim for recovery under the Settlement:

> All persons employed by Abercrombie in the United States as non-exempt, hourly, non-management employees at any Abercrombie & Fitch, Abercrombie Kids, Hollister, and/or Gilly Hicks store at any time between March 24, 2014, and February 16, 2018, excluding those individuals who worked for Abercrombie exclusively at a store within the State of California during that time period.

5. Persons within the definitions set forth above in paragraphs 3 and 4 of this Final Order of Approval and Judgment are referred to herein as Settlement Members.

6. The Court has jurisdiction over the subject matter of this action, the Class Representatives, Defendants and the Settlement Members.

7. Class Counsel and the Class Representatives have adequately represented the Settlement Class.

8. The Notice Packet and related materials provided to the Class and Collective Members were fair, reasonable, adequate and sufficient, and provided the best practicable notice of the Settlement and its terms, and fully complied with the requirements of Fed. R. of Civ. Proc., Rule 23 and 29 U.S.C. section 216(b).

9. The terms of the Settlement were entered in good faith, and are the product of arms-length negotiations by experienced counsel who have done a meaningful investigation of the claims at issue in these actions.

10. The terms of the Settlement are fair, reasonable, adequate and in the best interest of each of the Parties and the Settlement Members. The Settlement reflects a fair resolution of a bona fide dispute concerning wages and other compensation alleged to be owing. No person has objected to the terms of this Settlement.

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:17-cv-01093
[Proposed] Order Granting Final Approval of Class and Collective Action Settlement
Page 3

11.     The terms of this Final Order of Approval and Judgment are binding on all Settlement Members, and shall have res judicata effect on all such persons.

12.     Each Settlement Member gives the following release:

I hereby fully, forever, irrevocably, and unconditionally release and discharge Abercrombie & Fitch Co. ("AFC") or Abercrombie & Fitch Stores, Inc. ("AFSI") (jointly "Abercrombie"), their affiliates, subsidiaries, parent companies, predecessors, successors, divisions, joint ventures and assigns,  and each of these entities present or past officers, directors, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, personal or legal representatives, assigns, and all persons acting by, through, under, or in concert with them (collectively each of these including AFC and AFSI is referred to hereinafter as the "Released Parties"), from any wage and hour claims under the laws of the States in which I worked during the Class Period or Collective Period as an employee for AFC or AFSI, for unreimbursed business expenses or forced patronage (and if I worked at a store in California, also claims for unauthorized rest periods or rest period premiums), as well as any claims for overtime compensation, unpaid minimum wage, inaccurate wage statement, deductions from pay and waiting time penalties based on such expense or patronage claims (and, for California workers, rest periods), and for the time periods I worked during the Class Period or Collective Period as an employee for AFC or AFSI, including claims for liquidated damages or penalties, as well as any claims made in any pleading in the Action (these pleadings are found at retailclothingsettlement.com) or which reasonably flow from the facts

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:17-cv-01093
[Proposed] Order Granting Final Approval of Class and Collective Action Settlement
Page 4

alleged in such pleadings. This Release includes such claims whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time I sign this Form that accrued during the Class Period or Collective Period. I also hereby release and discharge the Released Parties from any and all claims, obligations, demands, actions, rights, causes of action, and liabilities, arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, related to any minimum wage and overtime claim based on allegations of for unreimbursed business expenses or forced patronage, whether known or unknown, contingent or vested, whether anticipated or unanticipated, including such claims that I did not know or suspect to exist in my favor up to the time this I sign this Form that accrued during the Class Period or Collective Period while I was an employee for AFC or AFSI.

13. As set forth in the Settlement, each Class Representative gives a general release.

14. Class Representatives and Settlement Members are precluded from instituting, commencing, or continuing to prosecute, directly or indirectly, as an individual or collectively, representatively, derivatively, or on behalf of himself, herself, itself, or in any other capacity of any kind whatsoever, any action in this Court, any other state court, or any arbitration or mediation proceeding or any other similar proceeding, against any Released Party, as defined in the Settlement Agreement, that asserts any claims that are Released Claims or other claims released herein under the terms of the Settlement.

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:17-cv-01093
[Proposed] Order Granting Final Approval of Class and Collective Action Settlement
Page 5

15. Incentive compensation is approved in the amount of $_____ each to Plaintiffs Alexander Brown and Arik Silva, and in the amount of $_____ each to Plaintiffs Jake Vallante, Matthew Allan, and Brielle Bratton.

16. Claims administration fees are approved in the amount of $500,000 to be paid to Dahl Administration, LLC.

17. The sum of $37,500 is approved to be paid to the State of California for its 75% share of the $50,000 of the settlement fund allocated for settlement of the Private Attorney General Act ("PAGA") claims (Cal. Labor Code §2699(i)).

18. Class Counsel's attorney fees are approved in the sum of $_____.

19. Class Counsel's Litigation Costs are approved in the amount of $_____.

20. This document shall constitute a judgment for purposes of Rule 59 of the Federal Rules of Civil Procedure. This Judgment makes no finding of liability as to any Party.

21. The Court shall have exclusive and continuing jurisdiction over this matter for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement and this Judgment.

IT IS SO ORDERED.

Date: _____        _____
                                   Michael H. Watson, Judge
                                   United States District Court

*Bojorquez, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:16-cv-00551;
*Brown, et al. v. Abercrombie & Fitch Co., et al.*, case number 2:17-cv-01093
[Proposed] Order Granting Final Approval of Class and Collective Action Settlement
Page 6